UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH<br><br>On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>   v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant. | Civil Action No.: 15-737 (FJS) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT

Defendant District of Columbia's motion for reassignment [Document # 7] should be denied because Palmer v. District of Columbia, 9-1482 (FJS) ("Palmer") was "still pending on the merits in the District Court" when plaintiff Ms. Maggie Smith filed this case on 5/15/2015 [Document # 1]. Therefore, this case is "related" to Palmer under the plain meaning of the text of LCvR 40.5(a)(3), LCvR 40.5(b)(3), and LCvR 40.5(c)(1) ("related case rule[1]").

---

[1] Generally speaking, the "related case rule" authorizes the assignment of a new or "later-numbered" case to the judge to whom the oldest or "earliest" related case is already assigned. See LCvR 40.5(a)(3), LCvR 40.5(b)(3), and LCvR 40.5(c)(1). It is an exception to the general rule of case assignment which requires that newly filed cases be randomly assigned. United States v. Volvo Constr. Equip. Ab, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) citing Tripp v. Exec. Office of President, 196 F.R.D. 201, 202 (D.D.C. 2000) (three-judge calendar committee).

Page 1

A careful reading of the related case rule shows that the District's motion fails because the District disregards the key fact that Ms. Smith filed her complaint while Palmer was "still pending on the merits." LCvR 40.5(a)(3), LCvR 40.5(b)(3), and LCvR 40.5(c)(1).

An analysis of the purpose of the related case rule – to promote judicial efficiency – supports this reading of the rule. The rule the District in effect proposes - the new or "later-numbered" case should go back on the "wheel" for reassignment when the oldest or "earliest" related case closes – has no support in the text of the rule, the case law, or the purpose of the rule.

# DICUSSION

1. This case is related to Palmer under local civil rule 40.5

A careful reading of the text of the related case rule shows that it applies as of the **time of filing**. LCvR 40.5(b)(2) reads in pertinent part: "**At the time of filing any civil**, including miscellaneous, **action**, the plaintiff or his attorney shall indicate, on a form to be provided by the Clerk, the name, docket number and relationship of **any related case pending** in this court or in any other United States Court." (emphasis added). Similarly, LCvR 40.5(a)(3) reads in pertinent part: "Civil, including miscellaneous, cases are deemed related **when the earliest is still pending on the merits in the District Court** …" (emphasis added). Finally, LCvR 40.5(c)(1) reads in pertinent part: "Where the existence of a related case in this court is noted **at the time** the indictment is returned or **the complaint is filed…**"(emphasis added).

The case law also supports this reading. United States v. Volvo Constr. Equip. Ab, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). Judge Lamberth formulated the related case rule in Volvo Court – a case the District cited – as "[w]here the existence of a related case in this court is noted **at the time**

**. . . the complaint is filed**, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned.")(emphasis added).

> a. **Ms. Smith' case is "related" to Palmer because Ms. Smith filed her complaint when Palmer was "still pending on the merits"**

Ms. Smith filed her complaint on 5/15/15. [Smith, Document # 1]. At that time, the Palmer plaintiffs' motions for contempt and for a permanent injunction were still pending on the merits. As the District states in its motion, Palmer remained pending on the merits at least until the Court issued its order (the "5/18/2015 Order") denying the Palmer plaintiffs' motions for contempt and for a permanent injunction. District's Memorandum, ¶ 6 *citing* Palmer Docket [Document # 92].

But, what the District's Memorandum fails to state is that the Palmer Court's 5/18/2015 Order was not docketed until 5/18/2015, three days after Ms. Smith filed her complaint. Therefore, Ms. Smith filed her Notice of Related cases as was required by LCvR 40.5(b)(2) and this case remains related to Palmer under LCvR 40.5(a)(3) and LCvR 40.5(c)(1).

The purpose of the related case rule – to promote judicial efficiency by assigning a new case with a fact pattern the judge in the "old" case has already learnt – supports this reading of the text of the rule. Volvo Constr. Equip. Ab, 922 F. Supp. 2d at 68. This purpose has even greater force where, as here, the earlier filed case is nearing completion and the Judge in the earlier filed case has been presiding over the earlier filed case for a long time because then the Judge in the earlier filed case has the greatest familiarity with the case.

> b. **The District's motion disregards the key fact that Ms. Smith filed her complaint when Palmer was "still pending on the merits"**

The District's motion fails to disclose the key fact that Ms. Smith filed her complaint when Palmer was "still pending on the merits."

Thus, the main case the District cites, Boyd v. Farrin, does not support the District's motion. Boyd v. Farrin is distinguishable from this case because in Boyd the plaintiffs filed[2] their "new" case almost a year after the "older" case, in In re Black Farmers, had closed. Here, Ms. Smith filed her case before Palmer closed. Moreover, in Boyd the Court held that the "related case" designation would not apply anyway because the two cases did not "involve common issues of fact" under LCvR 40.5(a)(3)(ii). 2012 U.S. Dist. LEXIS 174656, *5. In contrast, here, the District does not challenge Ms. Smith's designation of the cases as "involve[ing] common issues of fact" under LCvR 40.5(a)(3)(ii). [Document # 1-4] ¶ 1(b).

The rule the District proposes - the new or "later-numbered" case should go back on the "wheel" for reassignment when the oldest or "earliest" related case closes – has no support in the text of the rule, the case law, or the purpose of the rule.

**CONCLUSION**

Therefore, the District's motion should be denied because Palmer was "still pending on the merits in the District Court" when Ms. Smith filed this case on 5/15/2015.

---

[2] The Boyd plaintiffs filed their case on 11/21/2012. But, the earlier case, In re Black Farmers, had already been closed more than a year earlier, on 10/27/2011, when the Court in In re Black Farmers entered an Order and Judgment granting final approval to the parties' settlement agreement and dismissing the case. Boyd v. Farrin, 2012 U.S. Dist. LEXIS 174656, *3.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Ms. Smith on behalf of herself and the putative class members<br><br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC  20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | Respectfully submitted,<br><br>/s/ Joseph A. Scrofano<br>JOSEPH A. SCROFANO<br>D.C. Bar # 994083<br><br>Counsel for Ms. Smith on behalf of herself and the putative class members<br><br>406 5th Street NW<br>Suite 100<br>Washington, DC 20001<br>Phone (202) 870-0889<br>Email jas@scrofanolaw.com |