UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, et al.<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>   v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant. | Civil Action No.: 15-737 (RCL) |

PLAINTIFFS' MOTION FOR CLASS ACTION TREATMENT

Maggie Smith, Gerard Cassagnol, and Frederick Rouse (the "Named Plaintiff") hereby respectfully move this Court pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) to enter an order certifying the class defined in this motion, appointing them as named plaintiffs, and appointing William Claiborne and Lynn E. Cunningham as class counsel and for other relief requested herein. In the alternative, if the Court finds that one or more of the classes does not meet the requirements for certification under Fed. R. Civ. P. 23(b)(3), plaintiffs move the Court to certify "issue classes" for liability on the common questions under Rule 23(c)(4). *See* In re Johnson, 760 F.3d at 75.

Plaintiffs do request a hearing on this motion.

**BACKGROUND**

Maggie Smith, Gerard Cassagnol, and Frederick Rouse (sometimes the "Named Plaintiffs"), were injured during the class period because the District, by enforcing its unconstitutional gun registration laws, caused them and the other members of the Classes to be arrested, prosecuted, or arrested and prosecuted in the District of Columbia Superior Court for violations of those unconstitutional gun laws in violation of their Second and Fifth Amendment rights. The class period for these two claims runs from three years before the date of the filing of the original complaint until the day after the Mayor signed (10/9/2014) the First Emergency Legislation which enacted certain changes to the District's gun registration scheme (the "2d Amendment Class Period"). These two classes cover every person who was arrested for or was being subjected to a prosecution under the District's pre-<u>Palmer</u> gun registration regime at any time during the 2d Amendment Class Period. The Non-resident Class is limited to persons who were non-residents of the District when arrested.

Moreover, Maggie Smith, Gerard Cassagnol, and Frederick Rouse and the other members of the Right to Return Class were injured and continue to be injured during the class period up through the present because the District seized their handguns and ammunition and either destroyed them or refuses to give them back without notice and a hearing in which the District would be compelled to establish their right to retain the guns and ammunition or to return the guns and ammunition to their owners. The class period for this claim runs from three years before the date of the filing of the original complaint until the day the District stops its practice of seizing and retaining guns from persons or until the claim is settled (the "Right to Return Class Period") or otherwise over. The class covers every person from whom the District seized and retained guns or from whom the District seized guns and did not offer a procedure whereby the owner could appoint an agent for sale.

## CONSENT SOUGHT BUT NOT OBTAINED

Plaintiffs sought consent from defendant per LCvR 7(m) but defendant did not consent to the relief sought herein.

## MOTION TIMELY FILED

This motion is timely filed because it is within the time set by the Court in its Order docketed on 9/1/15. [Document # 18].

## MOTION BASED ON PLAINTIFF'S ORIGINAL COMPLAINT

This motion is based on Named Plaintiffs' First Amended Complaint filed on 9/15/15. [22]. But, the class definitions proposed herein differ in some respects from the definitions pled in the First Amended Complaint.

For example, the class definition for the Right to Return Class as pled in the First Amended Complaint, ¶ 148, ends on 10/10/2014. But, as discussed in the accompanying memorandum of points and authorities, Named Plaintiffs move the Court to certify the class with an end date until either defendant changes its current policy or the case is over.

Moreover, the definition as pled in the First Amended Complaint, ¶ 148, limited class members to persons whose guns were confiscated as a result of being arrested pursuant to the District's unconstitutional gun registration regime. The proposed definition covers guns confiscated from anyone.

Named Plaintiffs base these changes on an analysis of the District's statutory basis for seizing and retaining handguns as "dangerous articles," D.C. Code § 22-4517(b), and Henderson

<u>v. United States</u>, 135 S.Ct. 1780, 1783 (2015) (holding that Section §922(g) does not bar a transfer of a felon's guns to a sales agent unless it would allow the felon to later control the guns because a person convicted of the offense still retains an ownership interest in the guns). Named Plaintiffs discuss this authority in detail in the accompanying memorandum of points and authorities and in their Opposition to defendant's motion to dismiss [Document # 23] which they will file on 11/19/2015 per the Court's order docketed 10/16/15 [Document # 25].

It is well within the Court's authority to redefine a class definition pled in a complaint. <u>McKinney v. United States Postal Serv.</u>, 2013 U.S. Dist. LEXIS 6246, *28 (D.D.C. Jan. 16, 2013) *citing See* 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1759 at 130-31 (3d ed. 2005) ("[I]f plaintiff's definition of the class is found to be unacceptable, the court may construe the complaint or redefine the class to bring it within the scope of Rule 23."), and ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 8:12, at 200 (4th ed. 2002) ("When a class definition is not acceptable, judicial discretion can be utilized to save the lawsuit from dismissal.").

<u>CLASS CERTIFICATION</u>

Maggie Smith, Gerard Cassagnol, and Frederick Rouse move this Court pursuant to Fed. R. Civ. P. 23(a) and 23(b) (2) to certify the following classes:

<u>Second Amendment Class</u>: Each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until 10/10/2014; (ii) was arrested and/or subjected to prosecution in the District of Columbia for a violation of D.C. Code § 7-2502.01 ("UF"), D.C. Code § 7-2506.01 ("UA"), or D.C. Code § 22-4504(a) ("CPWL" or "CP") prior to amendment of the District's gun registration regime by

the First Emergency Legislation; (iii) for carrying a pistol outside their home or place of business.

<u>Nonresident Class</u>: Each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until 10/10/2014; (ii) was arrested and/or subjected to prosecution in the District of Columbia for violation of any of the District's gun registration laws, including but not limited to; (iii) while carrying a pistol outside their home or place of business; and (iv) while a nonresident of the District of Columbia at the time of the arrest or prosecution.

<u>Right to Return Class</u>: Each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is over or the District changes its policy and practice of confiscating and retaining handguns; (ii) was the owner of handguns or ammunition that was seized by the District or its agents; (iii) which the District still retains or has destroyed or otherwise disposed of without giving the owner notice and a hearing at which the owner could challenge the retention or destruction or appoint an agent to receive and to sell the gun or the District could establish its right to destroy or retain the property.

## <u>CERTIFICATION OF "ISSUE CLASSES" FOR LIABILITY UNDER RULE 23(C)(4)</u>

Alternatively, if the Court finds that one or more of the classes does not meet the requirements for certification under Fed. R. Civ. P. 23(b)(3), plaintiffs move the Court to certify "issue classes" for liability on the common questions under Rule 23(c)(4). *See* <u>In re Johnson</u>, 760 F.3d at 75.

## NAMED PLAINTIFF AND CLASS COUNSEL

Maggie Smith, Gerard Cassagnol, and Frederick Rouse also respectfully move the Court to name them as the Named Plaintiffs and to appoint William Claiborne and Joseph A. Scrofano as Class Counsel.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for plaintiffs on behalf of themselves and the putative class members<br><br>2020 Pennsylvania Ave., N.W<br>Suite 395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | /s/ Joseph A. Scrofano<br>JOSEPH A. SCROFANO<br>D.C. Bar # 994083<br><br>Counsel for plaintiffs on behalf of themselves and the putative class members<br><br>406 5th Street NW<br>Suite 100<br>Washington, DC 20001<br>Phone (202) 870-0889<br>Email jas@scrofanolaw.com |