UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant | Civil Action No: 15-00737(RCL) |

## AFFIDAVIT OF WILLIAM CLAIBORNE IN SUPPORT OF MOTION FOR CLASS ACTION TREATMENT

1.  My name is William Claiborne. I represent and I am counsel for the named plaintiffs and the putative classes in this case, Smith v. District of Columbia, 15-00737(RCL).

2.  This affidavit is in support of plaintiffs' motion for class action treatment.

### Training And Experience

3.  I am an attorney licensed to practice in the State of Georgia (admitted to bar in 1988; inactive) and the District of Columbia (admitted to bar in 1995). I am a sole practitioner and my address is 2020 Pennsylvania Ave, NW, Washington, DC 20006, phone 202/824-0700.

4.  In 1984 I received a B.A. in Greek and Latin from St. Louis University, St. Louis, Missouri (Phi Beta Kappa). I graduated magna cum laude from the University of Georgia Law School in 1987.

1

5.      I clerked for Justice George T. Smith of the Supreme Court of Georgia for one summer after my first year of Law School, and I clerked for about one year for Justice Albert Rendlen of the Missouri Supreme Court after graduation from law school (1987-1988).

6.      From 1988 to 1990 I was an associate in corporate and international banking at Shaw, Pittman (now Pillsbury Winthrop Shaw Pittman) in Washington, D.C. From 1994 I practiced in Taipei, Taiwan in the offices of Ding Mao Song. The majority of the practice involved representing Taiwan governmental entities such as Taiwan Power (the island's only utility) and DORTS (an agency responsible for constructing and operating a mass transit light rail system) in contract disputes with U.S. and European vendors. The practice was directly relevant to litigation because it involved evaluating claims and preparing them for arbitration subject to New York law.

7.      In 1994/1995 I was an associate at Skadden, Arps in the New York/ Beijing offices representing lenders in project finance transactions and representing independent power producers in establishing plants in Mainland China. The practice involved drafting and negotiating documents for the financing of power plants. The practice was directly relevant to complex federal litigation because a typical financing document involved 20-30 parties and 150-160 exhibits.

8.      I am on the CJA panel for the District of Columbia Court of Appeals. I was on the CJA panel for the Superior Court of the District of Columbia from about 1996 until about 2005. In 1998 I attended a two week trial college at the National Criminal Defense College through Mercer Law School in Macon Georgia.

9.      I have tried over 35 bench and jury trials over the past 15 years.

10.     Recent CLE classes I have attended include:

**2015**

November 9, 2015, Changes to the Federal Rules of Civil Procedure Effective December 1, 2015, 2 CLE credit hours

November 7, 2015, 2015 Annual Elizabeth Kent Appellate Review, District of Columbia Association of Criminal Defense Lawyers, 6 CLE credit hours

October 7, 2015, Dealing With Annoying and Sometimes Abusive Discover Tactics, District of Columbia Bar, 2 CLE credit hours

October 23, 2015, Appellate Advocacy 2015, District of Columbia Bar, 6.5 CLE credit hours

2015 Deborah T. Creek Criminal Practice Institute Summer Training Program

- ➢ 07/28/2015: Appellate Court Round-Up
- ➢ 07/09/2015: Miranda and the Youthful Offender
- ➢ 07/07/2015: Cross-Examination: Documents and Evidence Issues

June 11, 2015: Police Officers Use of Force in Inner-City Neighborhoods and the Fallout in These Communities, DC Bar Criminal Section

March 11, 2015: Evidentiary motions, SCTLA CLE

February 25, 2015: <u>Crawford</u> and Confrontation, SCTLA CLE

**2014**

December 17, 2014: Appellate perspectives on objections (how to make and preserve them, how the Appeals Court views various objections), with DCCA Judge John Fisher, SCTLA CLE

December 10, 2014: How to Handle a Criminal Case in the D.C. Superior Court, Wednesday, DC Bar Criminal Section

March 23, 2014, 2014: Annual Rights of Spring Equal Justice for All: Dealing with the Special Needs of Clients, Sponsored by District of Columbia Association of Criminal Defense Lawyers (DCACDL)

March 27, 2014: Metadata: What You Need to Know, National Security, Privacy, Commerce, and the Fourth Amendment, Sponsored by the DC Bar, Criminal Law and Individual Rights Section

June 12, 2014: Update on the New District of Columbia Forensic Lab, Sponsored by District of Columbia Association of Criminal Defense Lawyers (DCACDL)

11.     Since 1995 I have been in private practice in the District of Columbia representing

plaintiffs in civil rights and personal injury cases and defendants in criminal cases. My practice over

the last 5-6 years is devoted mainly to complex federal civil rights litigation and class actions.

12.     I am licensed in the following courts:

District of Columbia Superior Court and Court of Appeals (1995); member in good standing;

District of Columbia District Court (1996); member in good standing;

District of Columbia Circuit Court of Appeals (2004); member in good standing;

Fourth Circuit Court of Appeals 2013; member in good standing;

Superior Court of Georgia (1988); member in good standing (inactive);

Northern District of Georgia District Court (2004); member in good standing (inactive).

Academic

13.     I delivered two sections (overdetentions and strip searches) at the Annual Litigation Under § 42 U.S.C. 1983 Skills Seminar on December 9, 2005 in Atlanta, Georgia sponsored by the Institute of Continuing Legal Education in Georgia. Participants who attend the whole seminar received CLE credits and I received CLE credits for the written materials I presented.

Foreign languages

Mandarin Chinese (fluent in spoken language)

Italian (conversational fluency)

Experience litigating complex federal cases including civil rights cases

**Pending:**

Brown v. District of Columbia, 15-cv-01380 (KBJ) (class action challenging constitutionality of District of Columbia's panhandling statute under 1st Amendment);

Lewis v. District of Columbia, 15-352 (RBW) (class action challenging District of Columbia Superior Court's practice of detaining arrestee's for Gerstein "perfections" after a judicial finding of no probable cause and DOC's practice of holding such arrestees in DC Jail and strip-searching them after finding of no probable cause instead of holding them in Central Cellblock without strip-searches);

4

Agnew v. District of Columbia, 15- 340 (ABJ) (class action challenging District of Columbia "incommoding" statue because it is vague, lacks an intent element, and is applied unfairly);

Brown v. District of Columbia, 13-cv-00569 (CRC) (class action challenging aspects of District of Columbia's civil forfeiture scheme);

Kincaid v. District of Columbia, 15-838 (JDB) (this class action challenges MPD's former and present policy of arresting people without probable cause and funneling them into the "post and forfeit" procedure where they have to pay a fine without even a minimal hearing, such as the hearings provided for people who receive parking tickets, to determine culpability);

Tachebele, et al., v. District of Columbia, 12-1806 (RJL)(class action challenging District of Columbia's practice of overcharging people who "post and forfeit" without making refunds available; settlement preliminarily approved; final approval hearing set for 12/21/2015);

**No longer pending:**

Barnes v. District of Columbia, 06-315 (D.D.C)(RCL)(like its predecessor the Bynum case, this case challenged the DOC's policies and practices of holding inmates past their release dates and subjecting them to strip-searches after a judge had ordered their release; parties reached settlement in principle)(case settled for $6.4 million);

Bynum v. District of Columbia, 02-956 (RCL) (plaintiffs challenged DC Jail's practice of holding inmates past their release dates and DC Jail's practice of returning court returns entitled to release by virtue of their court appearances to DC Jail solely for out-processing and subjecting them to blanket strip and visual body cavity searches before releasing them)(case settled for $12 million and important injunctive relief);

Johnson v. District of Columbia, 02-2364 (RMC), dismissal affirmed on appeal (plaintiffs challenged District of Columbia Superior Court's and Superior Court Marshals' practice of strip searching all women arrestees taken to Superior Court for presentment; defendants stopped practice; plaintiffs have appeal from District Court's grant of summary judgment to defendants denied, petition for en banc review denied);

Scott v. District of Columbia, 14-817 (GK) (this case challenged MPD's then current policy of arresting people without probable cause and funneling them into the "post and forfeit" procedure and forcing them to choose between "post and forfeiting" $35 for disorderly conduct or spending the night in jail rather than offering them citation or simply releasing them as arrested without probable cause; filed as class action; District of Columbia's motion to dismiss granted);

Fox v. District of Columbia, et al., 10-2118 (ABJ) (this case challenged MPD's then current policy of arresting people without probable cause and funneling them into the "post and forfeit" procedure and forcing them to choose between "post and forfeiting" $35 for disorderly conduct or spending the night in jail rather than offering them citation or simply releasing them as arrested without probable cause; filed as class action; District of Columbia's motion to dismiss granted; case settled);

Jones v. Murphy, 05-1287 (CCB)(D. Md)(plaintiffs challenged Baltimore Booking Center's policy and practice of strip-searching all arrestees; dismissal affirmed on appeal; named plaintiffs settled);

<u>Powell v. Barret</u>, 04-1100 (RWS), petition for writ of certiorari denied, <u>sub nominee Matkin, et al. v. Barrett</u>, 13-108, denied (plaintiffs challenged Fulton County Jail's policy and practice of strip-searching all arrestees and over-detentions).

I, William Claiborne, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on 11/16/2015 in the District of Columbia.

        ___/s/ William Claiborne
        WILLIAM CLAIBORNE
        D.C. Bar # 446579
        2020 Pennsylvania Ave., NW
        Suite 395
        Washington, DC 20006
        Phone 202/824-0700
        Email claibornelaw@gmail.com