UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al.**<br><br><br>Defendant. | Civil Action No.: 15-737 (RCL) |

### AMENDED AND RESTATED MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Maggie Smith, Gerard Cassagnol, and Frederick Rouse hereby respectfully move this Court for leave to amend their First Amended Complaint (docket # 22) and to file their Second Amended Complaint. Plaintiffs file as attachments hereto a clean copy of the proposed Second Amended Complaint for filing, and also a copy redlined to show changes from the First Amended Complaint [22] for the convenience of the Court and the defendant.

**I.  Procedural Posture of the Case.**

Plaintiffs Maggie Smith, Gerard Cassagnol, and Frederick Rouse filed their original complaint on 5/15/2015.

Plaintiffs' first Amended Complaint (filed by right) was docketed on 9/15/2015 (docket # 22). The District filed a motion to dismiss and the motion is fully briefed and pending. The District of Columbia filed its motion to dismiss on 10/02/2015 (docket # 23). Plaintiffs filed their opposition on 11/20/2015 (docket # 22) and the District filed its reply on 12/07/2015 (docket # 29).

Plaintiffs believe that the District's pending motion to dismiss the First Amended Complaint should be denied as moot if the Court grants this motion. Cheeks v. Fort Myer Constr. Corp., 216 F. Supp. 3d 146, 150 (D.D.C. 2016).

Plaintiffs timely filed their motion [26] for class action treatment on 11/16/2015. On 9/30/2016 this Court dismissed the motion without prejudice to renewal after liability has been determined. [39].

II.     Consent Sought But Not Obtained.

Plaintiffs provided opposing counsel with a draft of the proposed complaint for their review and pursuant to LCvR 7(m) Plaintiffs sought the consent of Defendant to the relief sought herein but Defendant does not consent.

III.    Proposed Amendments.

Plaintiffs propose adding or amending allegations in the proposed Second Amended Complaint for the following main reasons.

Plaintiffs' proposed Second Amended Complaint makes changes based on facts plaintiffs' counsel have learned since beginning their investigation of the case.

First, Plaintiffs' proposed Second Amended Complaint adds certain claims based on facts pled in the original and the pending First Amended Complaint.

Second, the proposed Second Amended Complaint adds a new plaintiff, Mr. Delontay Davis, who is the named plaintiff in claims relating to seizures of vehicles based on alleged violations of the District's unconstitutional gun control regime. Mr. Davis is needed as a named plaintiff for claims relating to vehicles. Fed. R. Civ. P. 24(b)(1)(B) provides an independent reason to add him because he "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B) ("[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law

or fact."). Memorandum Opinion, Mojica v. Securus Techs., Inc., No. 5:14-CV-5258 (W.D. Ark. November 29, 2016)[169](attached); Shields v. Washington Bancorporation, 1992 U.S. Dist. LEXIS 4177, *4 (D.D.C. Apr. 7, 1992).

Third, and finally, the proposed Second Amended Complaint states with "greater precision" the factual allegations in support of Maggie Smith, Gerard Cassagnol, and Frederick Rouse's claims by correcting certain allegations, adding certain allegations, and clarifying others. Navarro, 220 F.R.D. at 106 (D.D.C. 2004)(granting unopposed motion to amend complaint that states damages with greater precision against two defendants).

## IV. Justice Requires Granting Leave to Amend the Complaint.

### 1. *Applicable law; "leave shall be freely given when justice so requires."*

Rule 15 provides:
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. Proc. 15(a)(2).

The text of the rule itself provides that "leave shall be freely given when justice so requires." Brink v. Cont'l Ins. Co., 787 F.3d 1120, 1128 (D.C. Cir. 2015) citing Fed.R.Civ.P. 15(a). The Supreme Court has emphasized that an amendment should be granted unless there is a specific, significant reason for denial:

In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given.
Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

>    *2.    No Scheduling Order has been entered in this case so Rule 16 does not apply to this motion.*

The Court has not yet entered a Scheduling Order with a deadline for amending complaints and other pleadings so the more stringent Rule 16 "good cause" standard has does not apply to this motion, assuming for the sake of argument that the rule that the entry of a deadline to amend pleadings to the Scheduling Order adds to the "when justice so requires" standard of Fed. R. Civ. Proc. 15(a) (2) a preliminary "good cause" requirement even applies in this Circuit. *See e.g.,* Wallace v. Alliedbarton Sec. Servs., LLC, 309 F.R.D. 49, 50 (D.D.C. 2015)(since plaintiff sought to amend her complaint after the Court-ordered deadline for filing amended pleadings, the more stringent Rule 16 "good cause" standard governs the Court's evaluation of plaintiff's motion to amend).

>    *3.    No sufficient reason to deny the Plaintiff's motion for leave to amend.*

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Cheeks, 216 F. Supp. 3d at 152. None of these reasons is present in this case, so the motion should be granted.

First, there is no undue delay, bad faith or dilatory motive present here.

Moreover, there have been developments in the law in other areas which affect Plaintiffs' claims.

For example, the Superior Court issued its opinion in Manuel v. City of Joliet on March 21, 2017, almost two years after the date the First Amended Complaint was docketed (9/15/2015). The Supreme Court held that an unlawful "pretrial detention can violate the Fourth Amendment

4

not only when it precedes, but also when it follows, the start of legal process in a criminal case." Manuel v. City of Joliet, 137 S. Ct. 911, 913 (2017).

Other cases have clarified property owners' rights when the police seize their cars in connection with investigations into alleged offenses. See e.g., Avila v. Dailey, 2017 U.S. Dist. LEXIS 47596 (D.D.C. Mar. 30, 2017).

Courts usually discuss "prejudice" as a component of the analysis of "undue delay." PCH Mut. Ins. Co. v. Cas. & Sur., Inc., 271 F.R.D. 4, 7 (D.D.C. 2010). Here, there is no prejudice from delay because there is no delay, and there is no other prejudice.

Plaintiffs do concede that the granting the motion will cause some initial delay in re-briefing the motion to dismiss but plaintiffs believe that this short initial delay will be outweighed in the long run by obviating the need for additional amendments.

There is no history of "repeated failure to cure deficiencies by amendments previously allowed." The First Amended Complaint was filed by right. There has been no ruling on the First Amended Complaint. This is the first proposed amendment requiring consent of the defendant or leave of Court.

Finally, the proposed amendments are not futile as the brief discussion below shows. Plaintiffs will provide all their arguments should the District contend that the proposed amendments are futile or should the District move to dismiss the Second Amended Complaint.

**Claims 1 and 2 (2d Amendment Arrest Claim and 4th Amendment Arrest Claim).** Plaintiffs restate Claim 1 to eliminate allegations relating to liability for wrongfully prosecuting plaintiffs pursuant to an unconstitutional statute.

Claim 1 is based on the 2d Amendment and as restated it also clarifies that the District is liable for detaining people as well as arresting them on the basis of an unconstitutional statute. During the Class Period virtually every person arrested in the District for violation of one of the District's gun

control laws (*e.g.*, CPWL, CP, UF, UA, defined below) was detained at least until their presentment in Superior Court. Proposed Second Amended Complaint, ¶ 16. Many were also preventively detained pursuant to D.C. Code § 23-1322(b) in the DC Jail or CTF for four nights. *Id.* at 17. As part of the detention at the DC Jail or CTF they were subjected to a humiliating strip-search during the intake process at the DC Jail. *Id.* at 18.

In Claim 2 Plaintiffs also add an arrest/ detention claim based on the 4th Amendment. The Supreme Court held that a plaintiff can state an unlawful pretrial detention claim under the 4th Amendment even for detention that occurs after a judicial officer has ordered pretrial detention. Manuel, 137 S. Ct. at 913. Plaintiffs were arrested and detained without probable cause because the District's gun control regime pursuant to which they were arrested was unconstitutional during the Class Period. Palmer, 59 F. Supp. 3d at 181-83.

**Claim 3 (Nonresident Arrest Claim).** Plaintiffs restate Claim 3 to eliminate allegations relating to liability for wrongfully prosecuting plaintiffs pursuant to an unconstitutional statute. Claim 3 as restated also clarifies that the District is liable for detaining people as well as arresting them on the basis of an unconstitutional statute.

**Claims 4 and 5 (Second and Fourth Amendment Seizure Class).** Claims 4 and 5 are new claims based on the 2d Amendment and the 4th Amendment respectively. The District's gun control regime was unconstitutional during the Class Period so any seizures of property pursuant to it for any period of time were also unconstitutional. Palmer, 59 F. Supp. 3d at 181-83.

**Claim 6 (Fourth Amendment Retention of Handguns and Ammunition after the case was over violated the 4th Amendment).** Claim 6 is a new claim based on the 4th Amendment. Even if seizing and retaining handguns and ammunition for use in investigations and prosecutions were constitutional, retaining handguns and ammunition after the case was over and they were no longer needed in the case violated the 4th Amendment because there was no probable cause to support

the continued detention of the handguns and ammunition after that point. Segura v. United States, 468 U.S. 796, 812 (1984) ("[A] seizure reasonable at its inception . . . may become unreasonable as a result of its duration"); United States v. Jacobsen, 466 U.S. 109, 125 (1984)(destroying a quantity of powder converted only a temporary deprivation of possessory interests into a permanent one); Avila v. Dailey, 2017 U.S. Dist. LEXIS 47596, *27-28 (D.D.C. Mar. 30, 2017) (general policy of keeping seized property until the close of criminal proceedings violated Fourth Amendment).

**Claim 7.** Claim 7 is a restatement of plaintiffs' Claim 3 Right to Return claim in the First Amended Complaint. Plaintiffs explained in their Opposition [22] to the District's motion to dismiss why the claim is valid.

**Claim 8 (Retention of Vehicles after they were searched and processed for evidence violated the 4th Amendment).** Claim 8 is a new claim. Even if seizing and retaining vehicles to search them and process them for evidence were constitutional, retaining them after they had been searched and processed for evidence violated the 4th Amendment because there was no probable cause to support the continued detention of the vehicles after that point. Segura v. United States, 468 U.S. 796, 812 (1984) ("[A] seizure reasonable at its inception . . . may become unreasonable as a result of its duration"); Avila v. Dailey, 2017 U.S. Dist. LEXIS 47596, *27-28 (D.D.C. Mar. 30, 2017) (general policy of keeping seized vehicles after they had been searched and processed for evidence violated Fourth Amendment).

**Claims 9 and 10 (Forfeiture Claims based on the 2d Amendment and the 4th Amendment respectively).** Claims 9 and 10are new claims based on the 2d Amendment and the 4th Amendment respectively. The 2d Amendment protects the right to carry common firearms such as a pistol in public. Palmer, 59 F. Supp. 3d at 182-83 (beginning of Class Period to October 2014); Wrenn, 864 F.3d at 657 (from October 2014 going forward until District revises its gun

control regime). Our society is "for good or not, highly dependent on the automobile." Simms v. District of Columbia, 872 F. Supp. 2d 90, 100 (D.D.C. 2012). In this day and age subjecting to civil forfeiture all vehicles used to transport firearms effectively converts the core right to carry pistols outside the home into the right to carry pistols within walking distance of the home; effecting a total ban on carrying pistols outside the home or office in a vehicle amounts to a total ban on carrying outside the home. Forfeitures based on solely on proof that a person possessed a handgun in their car -- which is proof of conduct protected by the Second Amendment -- violates the 2d Amendment. See Herrington v. United States, 6 A.3d 1237, 1243 (D.C. 2010)(conviction based on possession of ammunition, which is conduct protected by the Second Amendment, violates the 2d Amendment). Subjecting such vehicles to forfeiture solely for using them to exercise the core 2d Amendment right to carry pistols outside the home also violates the 4th Amendment because the seizures and forfeitures were without probable cause since the District's forfeiture regime as to transporting firearms is unconstitutional. D.C. Code § 7-2507.06a.

Seizures of vehicles based on an unconstitutional statute lack 4th Amendment.

Owners of vehicles in these classes may also be members of Claim 3 (owners whose vehicles were seized for forfeiture determinations but did not receive prompt post seizure hearings) and some of them may also be members of Claim 5 (lack of notice) in Hoyte v. District of Columbia, 13-567 (CRC). Hoyte v. D.C., 2017 U.S. Dist. LEXIS 117682 (July 27, 2017, D.D.C.)(certifying two classes); Order setting class definitions [159]. However, none of the claims in this case were certified in that case.

V.      Conclusion.

For the reasons stated above, plaintiffs' motion should be granted.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>William Claiborne<br>DC Bar # 446579<br>Counsel for Plaintiffs<br><br>717 D Street, NW<br>Suite 300<br>Washington, DC 20004<br>Phone 202/824-0700<br>Email clairbornelaw@gmail.com | /s/ Joseph A. Scrofano<br>JOSEPH A. SCROFANO<br>D.C. Bar # 994083<br>Counsel for Plaintiff<br><br>406 5th Street NW<br>Suite 100<br>Washington, DC 20001<br>Phone (202) 870-0889<br>Email jas@scrofanolaw.com |