# Defendant's Exhibit No. 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KATORA BROWN, et al.<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>　　　　　　　　Defendant | Civil Action No: 13-569 (CRC) |

### Delontay Davis' Responses to the District's First Set of Interrogatories

### Plaintiffs Objection to Defendant's Instructions

　　　Plaintiffs object to defendants' instructions because neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 authorizes parties to make up their own instructions. Each Plaintiff's responses are governed by the Rules.

### Interrogatory # 1.

State your full name (including any former names or aliases), date of birth, residential address(es) since age 18, specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized. In addition, provide your driver's license number, identifying the jurisdiction where you are licensed to drive, both now and at the time of the events alleged in the Second Amended Complaint.

### Objection: .

### Response:

**Name:** Delontay Samuel Davis

**DOB:**

April 13, 1991

Current address:

16404 Steerage Circle Woodbridge VA 22192 November 2015 till present with exception of time spent in work release
Work release February 2016 to September 2016 (Prince William County Jail)

12625 Ducliena Place, Woodbridge, VA 22192 about (I think but I am not positive) summer 2014 till November 2015

2940 Marsala Court, Woodbridge, VA 22092 // 2009 to about (I think but I am not positive) summer 2014

Virgina DL (since before the District took my car); I lost my wallet with my license in it when I was in work release and I have applied for a replacement

**DL address 2940 Marsala Court, Woodbridge, VA 22092**

**Address specifying your address during the events alleged in the Second Amended Complaint and whether you provided that address to the Metropolitan Police Department (MPD) when your vehicle and/or currency was seized:**

12625 Ducliena Place, Woodbridge, VA 22192 February 2014 till November 2015

**Provided the Police my address at time vehicle seized:** Yes I informed the police at the time the car was seized.

**Driver's license number:**
VA A61381135

**I had Virginia tags on car**

**Interrogatory # 2.**

**Identify each person, other than a person intended to be called as an expert witness or your attorneys, having knowledge or information relating to the allegations listed below, as set forth in the Second Amended Complaint, and stated the knowledge of each person identified.**

  i.  a post seizure hearing is required for the District to retain seized vehicles pending civil forfeiture proceedings (Claim 3- *Simms* Class);

**Objection:** .

**Response:** This is a legal issue. The police seized my car after arresting me for carrying a pistol outside the home, unlawful possession of ammunition, and possession of unregistered firearm, and these laws were unconstitutional. Also, the police had no reason to stop me because someone in the car ahead of me had the gun.

  ii.  The District did not undertake reasonable efforts to provide notice of the intent to forfeit to owners of vehicles and currency (Claim 5- No Forfeiture Notice Class).

CarlAtkinson, Ishekebba Beckford, Kim Brown, Nickoya Hoyte, Kelly Hughes, Steven May, Romona Person, Dorian Urquart, Shanita Washington, Tanisha Williams, Jarrett Acey, Julius Gordon, Marilyn Langly, Terrence Thomas, Shane Lucas, Chiquata Steele, Gregory Stewart,

  iii.  the District did not undertake reasonable efforts to return owners' vehicles and currency when the District no longer asserted a claim to that property (Claim 7 – Right to Return Class);

**Objection:** .

**Response:** CarlAtkinson, Ishekebba Beckford, Kim Brown, Nickoya Hoyte, Kelly Hughes, Steven May, Romona Person, Dorian Urquart, Shanita Washington, Tanisha Williams, Jarrett Acey, Julius Gordon, Marilyn Langly, Terrence Thomas, Shane Lucas, Chiquata Steele, Gregory Stewart, Lorenzo Johnson, Takia Jenkins, Muslimah Taylor

In my case I had a lawyer pressing the District for my car but it took a court order to get my car back after a submitted my paperwork to the Property Clerk on about 4/22/2014.

  iv.  The District did not notify owners of vehicles and currency of an available pre-forfeiture notice hearing (claim 10 - Memphis Light Class); and

**Objection:** .

**Response:**

I believe I did receive notice.

  v.  that the District dissuaded owners of vehicles and currency from filing bond waivers and did not issue waivers to indigent bond waivers applicants (Claim 14 – Penal Bond Class)

**Objection:** .

**Response:** CarlAtkinson, Ishekebba Beckford, Kim Brown, Nickoya Hoyte, Kelly Hughes, Steven May, Romona Person, Dorian Urquart, Shanita Washington, Tanisha Williams, Jarrett Acey, Julius Gordon, Marilyn Langly, Terrence Thomas, Shane Lucas, Chiquata Steele, Gregory Stewart, Lorenzo Johnson, Takia Jenkins, Muslimah Taylor.

In my case I had a lawyer pressing the District for my car so I did not have this problem.

**Supplemental response:**

Plaintiffs construed this question as asking for all persons with knowledge of the listed topics and a summary of what they knew. The interrogatory is broad to the extent it is a "blockbuster" interrogatory asking for a narrative of plaintiffs' case. Plaintiffs are only required to provide the primary or main facts or the topic someone knows.

But, the District wants plaintiffs to consider this interrogatory as directed to the personal knowledge of the individual named plaintiffs regarding the facts and circumstances relating to each individual named plaintiffs' claims. Construing the interrogatory this way, this interrogatory is burdensome and is not proportional given that the information is equally available to both parties in the form of sworn affidavits.

Construing the interrogatory this way, Mr. Davis has already supplemented this response to the extent of her knowledge under Rule 26(e) by providing a sworn affidavit detailing the facts and circumstances of her claims.

Mr. Davis has also provided information relating to the this interrogatory below in her responses to interrogatories ## 6,7,8,9,10.11, and 13. Interrogatory# 2 is duplicative of interrogatories ## 6,7,8,9,10.11, and 13.

Mr. Davis also produced the police reports as a supplemental response pursuant to Rule 26(e).

3.

**Identify each person you expect to call as an expert witnesses state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions:**

**Objection:** .

**Response:**

Will provide in accordance with Scheduling Order.

4.

Identify any oral or written communications between Plaintiff and the District (or any person, agent or representative purporting to act on its behalf) relating claims in Interrogatory Number 2 above, as alleged in Plaintiffs' Second Amended Complaint. Describe the content of each communication, including the date and provide each person's full name, address, phone number and position or title:

**Objection:** .

**Response:**

The car was held at least from March 23, 2014 to on or around the end of May, 2014.

My lawyer Joseph Scrofano negotiated the return of my car with the OAG and the MPD.

The District provided a notice of intent to administratively forfeit property as described below.

On about April 22. 2014 (the date on the forms) I filled out some forms provided by the District and I took them to Blue Plains and I gave them to the Property Clerk including the documents styled "Notice Regarding Preliminary Release," "Notice to Retrieve Vehicle, "Information on Property Forfeiture," Application for waiver of Bond," and "Property Claim Form."

Mr. Scrofano filed a Rule 41(g) motion for the return of my car on 5/9/2014.

Judge Lee granted a property return motion on May 14, 2014.

AAG Maureen Daniel made Mr. Scrofano an offer of $2,000.00 for the OAG not to file a Libel for the vehicle around June-July of 2014.

After the Palmer decision came out on July 29, 2014, the OAG gave up on trying to forfeit Mr. Dennis' vehicle.

5.

Identify any oral and written communications between Plaintiffs and anyone other than the District (or any person, agent or representative purporting to act on its behalf) relating to the claims in Interrogatory Number 2 above, as alleged in Plaintiff's Second Amended Complaint. Describe the content of each communication, including the date, and provide each person's full name, address and telephone number, position and or title:

**Objection:** .

**Response:**

My lawyer Joseph Scrofano negotiated the return of my car with the OAG and the MPD.

6.

Describe all steps taken to challenge seizure and seizure and retention of your vehicle, including (but not limited to): (1) filing a motion under Super. Ct. Crim R. 41 (g) for return of property in D.C. Superior Court; (2) seeking relief from an administrative forfeiture by filing a petition for remission or mitigation with the Mayor as set forth in D.C. Code § 48-904.02(d)(3)(F); (3) contacting the MPD Property Clerk to obtain information on the seizure and assert an innocent owner status, if applicable; or (4) contacting the Office of the Attorney General for the District of Columbia regarding any pending administrative forfeiture proceeding relating to your vehicle. If you took no action, tell us why:

Objection:  .

Response:

Please see the responses to interrogatory numbers four and five.

(1) filing a motion under Super. Ct. Crim R. 41 (g) for return of property in D.C. Superior Court;

attorney Joseph Scrofano did fie a Rule 41(g) motion in Superior Court on Mr. Dennis' behalf on 5/9/2014.

(2) contacting the MPD Property Clerk to obtain information on the seizure and assert an innocent owner status, if applicable; or

attorney Joseph Scrofano negotiated with the MPD and the pag on my behalfthe Property Clerk on Mr. Dennis' behalf.

On about April 22. 2014 (the date on the forms) I filled out some forms provided by the District and I took them to Blue Plains and I gave them to the Property Clerk including the documents styled "Notice Regarding Preliminary Release," "Notice to Retrieve Vehicle, "Information on Property Forfeiture," Application for waiver of Bond," and "Property Claim Form."

(3) contacting the Office of the Attorney General for the District of Columbia regarding any pending administrative forfeiture proceeding relating to your vehicle

attorney Joseph Scrofano negotiated with the MPD and the pag on my behalfthe Property Clerk on Mr. Dennis' behalf.

7.

Identify the date on which your vehicle and/or currency was seized by MPD, and provide all details surrounding the seizure. If your vehicle and/or currency has been returned, state all facts and circumstances surrounding the return of property, including the date of the return.

Objection: .

Response:

Date vehicle seized:

March 23, 2014. The MPD took my car because they arrested me for possession of an unregistered handgun in the District of Columbia.

I was in my car at Ibizia nightclub in the District waiting to pull out of the lot after the club closed when several police officers approached my car and said they had a tip that I had a gun. The officers searched the car and found my legal (unloaded) pistol in the armrest and the legal ammunition in the glovebox.

The MPD returned my car after the US Attorney dismissed all charges and the District did not bring any charges after the District conceded that the gun licensing statute was unconstitutional under the Second Amendment.

The District in the meantime tried to make me pay money for the return of my car as described above.

8.

If you contend that the seizure of your vehicle and/or currency was unjustified, state all facts and circumstances support your contention:

Objection: .

Response:

The MPD lacked probable cause to seize Mr. Dennis and his car in the first place.

The seizure of my car was unconstitutional because the districts gun registration scheme at the time was unconstitutional. Moreover, the district failed to give me a prompt post seizure hearing at which I could have contested the seizure and attention of the vehicle. If I had gotten a prompt post seizure hearing I believe I could've persuaded the judge to return my car because the statute was unconstitutional or at least the judge would have allowed me to keep possession of the car pending the outcome of any forfeiture proceedings.

9.

If your vehicle was declared forfeited in a judicial for forfeiture proceeding, state all facts and circumstances surrounding judicial forfeiture and the basis for any contention that you are entitled to assert and defense or challenge to the judicial forfeiture of your vehicle:

Objection:  .

Response:

My vehicle was not declared forfeited and a judicial forfeiture proceeding.

10.

State whether you received a Notice of Intent to Administratively forfeit following the seizure of your vehicle and/or currency, including the date of the Notice, when you received it, and where it was received.  If you received no Notice and you contend that you would have availed yourself of procedure to challenge the seizure had you received notice, and that you would have obtained the property if a post-seizure hearing had been afforded, state all facts and circumstances to support your contention:

Objection:  .

Response:

Date of Notice:

I believe (but I cannot remember) that I received notice of intent to administratively forfeit property at 2940 Marsala Court, Woodbridge, VA 22092 about (I think but I am not positive) April 2014.

11.

From date your vehicle was seized by MPD to the date on which you retrieved your vehicle, state whether you maintained a valid driver's license, vehicle registration and insurance on the vehicle. If so, provide all information in support, including copies of your driver's license, insurance policies, and evidence of vehicle registration during this period:

Objection:  .

I did maintain my license, registration, and insurance.

Response:

12.

State all facts and circumstances supporting contention that MPD conducts a "secret procedure" that allow some individuals (but not everyone) an opportunity to present evidence challenging forfeiture determinations after a Notice of Intent to Administratively Forfeit has been sent. To the extent you participated in any "secret procedure", state all facts and circumstances regarding your involvement in the procedure, including the date, time location, nature of the proceeding, and any resolution. If you claim you were denied the opportunity to participate in any "secret procedure, " state all facts and circumstances to support your contention:

Response:

13.

State whether you applied for or posted bond in connection with the seizure of your vehicle and/or currency. If you applied for a bond waiver or reduction, provide all information relating to the bond waiver application, including a list of documents submitted to support the application. If you applied for a bond waiver or reduction, and the request was denied by the MPD Property Clerk, identify any steps you took to appeal the determination under the D.C. Administrative Procedure Act, D.C. Code § 2-510(a), or otherwise. If you took no action to appeal the denial of a bond waiver or reduction, tell us why:

Objection:

Response:

I did submit a bond waiver application.

On about April 22. 2014 (the date on the forms) I filled out some forms provided by the District and I took them to Blue Plains and I gave them to the Property Clerk including the documents styled "Notice Regarding Preliminary Release," "Notice to Retrieve Vehicle, "Information on Property Forfeiture," Application for waiver of Bond," and "Property Claim Form."

I do not believe the District ever told me whether it was granting the bond waiver. I think the district returned my car before they ruled on the application.

14.

If you were a defendant in a criminal action within twelve (12) months of the seizure of your vehicle and/or currency, state whether you were found eligible for attorney representation under the Criminal Justice Act, and whether an attorney was appointed to represent you in the criminal matter(s):

**Objection:** .

**Response:**

The district charged and prosecuted me with CP in case number 2014 CF2 005034: District of Columbia v. Delontay Davis, and the CJA office found me CJA eligible and the Superior Court judicial officer appointed an attorney for me.

15.

**Describe all damages you seek in connection with the claims in the Second Amended Complaint. For this interrogatory, the term "damages" includes all compensatory and special damages sought, including economic and non-economic damages. If you claim any non-economic damages, describe the basis for such damages.**

**Objection:** fair market rental value of the car for each day that the District held the car; cost of registering and titling and insuring the car when the District had it *estimated at $100); mental distress caused by the seizure and loss of use of the car; time I spent trying to retrieve my car- I had to make two or three round trips from Woodbridge to Blue Plains to try to get my car back and gas was about $40 each trip[; cost of retaining a lawyer, about $5,000; tuition om class I had to drop because I had no car to get to class, about $5,000; and other expenses incurred in getting the car back.

I cannot go back to school until I pay the past due tuition from the quarter when I had to drop out for lack of transportation because the District took my car.

**Response:**

16.

**Identify every lawsuit, criminal case, administrative claim, or bankruptcy proceeding you are or have been a party to since April 2010, including the case number and jurisdiction where the mater was initiated, the issues involved, and resolution of the matter.**

**Objection:** .

Response:

Case number 2014 CF2 005034: District of Columbia v. Delontay Davis, Washington, DC Superior Court, charged with CP (carrying a pistol) unlawful ammunition and unlicensed pistol

The US Attorney dismissed the case because the District's gun statutes were unconstitutional; the District of Columbia did not pick up the prosecution on the District charges.

Case number: CR15000656-00

Jurisdiction: Prince William County VA

Where matter was initiated: Prince William County VA

Issues involved: PWID CONT SUB SCH I OR II

Resolution of the matter: guilty plea

17.

Identify each person having discoverable information that supports a position you have taken or intend to take in this action, and state the subject matter of the information possessed by that person:

Objection: .

Response:

Please see initial disclosures.

Supplemental objection:

This interrogatory is objectionable as a "blockbuster interrogatory" because it calls for a narrative of plaintiffs' entire case. Nieman v. Hale, 2013 U.S. Dist. LEXIS 180397, at *29-30 (N.D. Tex. Dec. 26, 2013) *citing* Grynberg v. Total S.A., Inc., No. 3-cv-1280, 2006 U.S. Dist. LEXIS 28854, 2006 WL 1186836, at *5-*7 (D. Colo. May 3, 2006). Plaintiffs identify each person having discoverable information that supports a principal or material position plaintiffs have taken or intend to take in this action to the extent disclosing it at this point does not prejudice plaintiffs for the reasons disclosed below, and plaintiffs state the subject matter of the information possessed by that person to plaintiffs' knowledge.

Plaintiffs note that this interrogatory does not ask for "position you have taken or intend to take in this action" but only positions for which there are *witnesses known to plaintiffs* after a reasonable investigation.

Moreover, as to timing, this interrogatory is a contention interrogatory and does not have to be answered until discovery is mature or over or even later. *See* Rule 32(a)(2).

> **The two most significant considerations with respect to timing of the responses are (1) whether compelling the interrogatories will increase the efficiency of the discovery process; and (2) whether resolving the interrogatories at this time will inappropriately lock Plaintiffs into certain legal positions.** <u>United States v. Educ. Mgmt. LLC</u>, 2013 U.S. Dist. LEXIS 104176, 74-75 (W.D. Pa.)

Because the District has not presented "specific, plausible grounds for believing that securing early answers" will make discovery more efficient and because compelling such answers may cause Plaintiffs to inappropriately lock themselves into specific theories, thereby artificially narrowing the issues at hand, responses to these specific interrogatories are not due yet.

Supplemental response:

Julia Leighton, Tara Mikkilineni, Sonam Henderson, Alec Karakatsanis of the District of Columbia PDS worked with numerous owners of property seized by the District to help them retrieve their money and cars from the District of Columbia and they will have discoverable information about how the District took people's money and cars. Specifics about what they know is not known to plaintiffs except that plaintiffs believe that PDS contacted persons whose cars and money were seized and negotiated on their behalf to get their property back. These people know that the District did not give notice at seizure, provided little or no notice to owners regarding seizure, did not provide prompt post seizure hearings, did not provide notice when the District no longer needed their property, virtually never granted applications for waiver/ reductions of the penal bond, and they know that the forfeiture statute did not provide for mandatory waiver of the penal bond to indigent persons, it was extremely difficult if not impossible for owners to get information about their property or how to get to back.

Sean Day and Henry Escoto brought a lawsuit against the District because the District did not provide adequate notice to persons whose property was taken for civil forfeiture, and that most of the seizures for money were for amounts less than the minimum bond.

Former Attorney General of the District of Columbia Irv Nathan knows that it only takes about two weeks for the District police and prosecutors to process property such as money and cars to extract their evidentiary value. Former Attorney General of the District of Columbia Irv Nathan knows that in most cases the evidentiary value of a vehicle can be extracted from the vehicle in a few days by conducting an inventory search and photographing the vehicle

The District's own City Council recognized the almost insurmountable barriers the District's former asset forfeiture scheme erected between owners and their property during the Class Period once the MPD took it for civil forfeiture.

> [T]he District's forfeiture laws create barriers and hardships that make it nearly impossible for people to challenge in court the decision of the police officer who determined on the scene that their property should be seized. ... As a result, the District routinely accomplishes forfeiture without any adequate basis in law, and any

> person in the District can be thrust into this system based on a decision by an officer that is not reviewed for months -- if it is ever reviewed at all.

Committee Report, p. 7 (emphasis added). Committee Report on Bill 20-48, "Civil Asset Forfeiture Amendment Act of 2014."

The District's prosecutorial staff, and Michael Bruckheimer, Maria Mendoza, Abbe Jolles, and other Superior Court trial lawyers know that vehicles are rarely if ever actually offered or introduced into evidence in proceedings or trials there is no legitimate reason to keep a vehicle throughout the pendency of the prosecution.

The District's prosecutorial staff know that owners have no effective way to get a vehicle back once the MPD seize it for "evidence."

The District's prosecutorial staff know that Rule 41 motion is not available until a case is filed, and probably only for property that is seized illegally, and it is not available at all if civil forfeiture of the property is a possibility.

The District's prosecutorial staff know that when the MPD seize a vehicle for civil forfeiture and also put an evidentiary hold on the vehicle Rule 41 is not available at all because once the District designates a car for civil forfeiture under D.C. Code § 48-905.02(d)(2), those proceedings constitute the exclusive means by which the ownership of forfeitable property is to be determined. Rule 41(g) motions are not an effective remedy in forfeiture seizures because the Superior Court does not have jurisdiction over property seized or held for forfeiture determinations because the property is in the legal custody of the Mayor and not the Property Clerk. Simms v. District of Columbia, et al., 12-701 (EGS), Defendants' Supplemental Filing Pursuant to the Minute Order of June 15, 2012 [Document # 16] p. 2 (Defendants concede Rule 41(g) irrelevant to return of property subject to forfeiture).

The District's prosecutorial staff and the MPD staff handling seized property know that the District did not provide the prompt post seizure hearing required by Simms during the Class Period.

Gary Feldon conceded the Hardy release does not affect plaintiffs' other claims (Claims 3, 7. 14) during the hearing on the District's motion to dismiss.

Plaintiffs' Claim Five, their "failure to province notice of forfeiture notice" claim, covers all property seized by the District during the Class Period including cars, currency, and other property such as smartphones and laptops. The Hardy classes covered post hoc notice regarding seizures of currency not transferred to the federal government for equitable sharing. Thus, there is overlap between the Hardy classes and plaintiffs' Claim 5 with respect to currency seized by the District and administratively forfeited by the District and not transferred to the federal government for equitable sharing. Plaintiffs have adjusted their class definition to adjust for the overlap.

The District's prosecutorial staff and the MPD staff handling seized property know that the many of the class member from whom the District seized money for civil forfeiture were certified as CJA eligible.

18.

**If you contend that the District (or anyone acting on its behalf) has made any admissions or declarations against interest which pertain this litigation, describe each admission or declaration against interest, include the identify of any person involved, the date it was made, and identify all documents relating or referring to any admission or declaration against interest:**

**Objection:** .

**Response:**

Please see initial disclosures.

**Supplemental objection:**

This interrogatory is objectionable as a "blockbuster interrogatory" because it calls for a narrative of plaintiffs' entire case. Nieman v. Hale, 2013 U.S. Dist. LEXIS 180397, at *29-30 (N.D. Tex. Dec. 26, 2013) *citing* Grynberg v. Total S.A., Inc., No. 3-cv-1280, 2006 U.S. Dist. LEXIS 28854, 2006 WL 1186836, at *5-*7 (D. Colo. May 3, 2006). Plaintiffs identify each person having discoverable information that supports a principal or material position plaintiffs have taken or intend to take in this action to the extent disclosing it at this point does not prejudice plaintiffs for the reasons disclosed below, and plaintiffs state the subject matter of the information possessed by that person to plaintiffs' knowledge.

Plaintiffs note that this interrogatory does not ask for "position you have taken or intend to take in this action" but only positions for which there are *witnesses known to plaintiffs* after a reasonable investigation.

Moreover, as to timing, this interrogatory is a contention interrogatory and does not have to be answered until discovery is mature or over or even later. *See* Rule 32(a)(2).

> The two most significant considerations with respect to timing of the responses are (1) whether compelling the interrogatories will increase the efficiency of the discovery process; and (2) whether resolving the interrogatories at this time will inappropriately lock Plaintiffs into certain legal positions. United States v. Educ. Mgmt. LLC, 2013 U.S. Dist. LEXIS 104176, 74-75 (W.D. Pa.)

Because the District has not presented "specific, plausible grounds for believing that securing early answers" will make discovery more efficient and because compelling such answers may cause Plaintiffs to inappropriately lock themselves into specific theories, thereby artificially narrowing the issues at hand, responses to these specific interrogatories are not due yet.

**Supplemental response:**

Former Attorney General of the District of Columbia Irv Nathan stated in testimony before the D.C. Council on July 11, 2013 that it only takes about two weeks for the District police and prosecutors to process property such as money and cars to extract their evidentiary value. Statement of Irvin B. Nathan Attorney General for the District of Columbia Before the Committee on the Judiciary and Public Safety Tommy Wells, Chairperson Bill 20-48, the Civil Asset Forfeiture Amendment Act of 2013, p. 5. Video of Mr. Nathan's testimony is available online at http://dc.granicus.com/MediaPlayer.php?view_id=28&clip_id=1872

The District's own City Council recognized the almost insurmountable barriers the District's former asset forfeiture scheme erected between owners and their property during the Class Period once the MPD took it for civil forfeiture.

> [T]he District's forfeiture laws create barriers and hardships that make it nearly impossible for people to challenge in court the decision of the police officer who determined on the scene that their property should be seized. ... As a result, the District routinely accomplishes forfeiture without any adequate basis in law, and any person in the District can be thrust into this system based on a decision by an officer that is not reviewed for months -- if it is ever reviewed at all.

Committee Report, p. 7 (emphasis added). Committee Report on Bill 20-48, "Civil Asset Forfeiture Amendment Act of 2014."

> Presumptions Under current law, "[a]ll moneys, coins and currency found in close proximity to forfeitable controlled substances, forfeitable drug manufacturing or distributing paraphernalia or records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. " This provision "presents one of the greatest sources of potential abuse, and it has enabled police officers to empty the wallets and pockets of each person arrested for minor drug crimes, such as marijuana possession, and to forfeit all of the person's money, whether or not that money has any connection to the marijuana or any other drug."100 As introduced, Bill 20-48 repealed this provision, so that officers would no longer have the ability to seize money simply because it happens to be near a controlled substance. At the public hearing on Bill 20-48, Attorney General Nathan testified that the presumption that money found in close proximity to contraband is forfeitable is "necessary because the person trying to get the money returned will be the one to have the evidence that it was earned legally."101 Attorney General Nathan also stated that "[r]equiring the District to prove a negative- that the money could only have come from an illegal source - will only further undermine the District's ability to bring successful forfeiture claims."102 There is nothing inherently suspicious, however, about carrying even large amounts of cash. A 2011 Federal Deposit Insurance Company study estimates that as many as 31,000 households (1 0.9% of all households) in the District of Columbia are without bank accounts. 103At the public hearing on Bill 20-409, the "Marijuana Possession Decriminalization Amendment Act of 20 14," the Committee heard from "unbanked" residents who routinely carry monthly rent payments or other large payments in cash on their person. 104 These residents should not have their savings confiscated merely because they were found in

> possession of contraband. The committee print provides a presumption that currency in the amount of $1,000 or less is not forfeitable. This presumption, however, can be rebutted with clear and convincing evidence. In instances where the District has clear evidence that currency is connected to a drug distribution or manufacturing, nothing in Bill 20-48 would prevent the District from forfeiting the currency, regardless of the amount. But in cases where the District has no such evidence, police officers should not be emptying the wallets and pockets of residents who have not been convicted of a crime.

Committee Report, p. 20-21.

Once the District designates a car for civil forfeiture under D.C. Code § 48-905.02(d)(2), those proceedings constitute the exclusive means by which the ownership of forfeitable property is to be determined. Rule 41(g) motions are not an effective remedy in forfeiture seizures because the Superior Court does not have jurisdiction over property seized or held for forfeiture determinations because the property is in the legal custody of the Mayor and not the Property Clerk. Simms v. District of Columbia, et al., 12-701 (EGS), Defendants' Supplemental Filing Pursuant to the Minute Order of June 15, 2012 [Document # 16] p. 2 (Defendants concede Rule 41(g) irrelevant to return of property subject to forfeiture).

The District did not provide the prompt post seizure hearing required by Simms during the Class Period. Concession by Fernando Amarillas, at status hearing on 2/2/2016.

Gary Feldon, AAG, conceded the Hardy release does not affect plaintiffs' other claims (Claims 3, 7. 14) during the hearing on the District's [17] motion to dismiss held on 9/11/2014.

AAG Stephen Latour conceded in forfeiture determination reports that the former District of Columbia forfeiture statute [D.C. Code § 48-905.02] did not apply to seizures of money in connection with personal use.

19.

**State the name and address of each person who has been contacted or supplied information in responding to these interrogatories, identifying in your response the particular interrogatories for which each person was contacted or supplied information:**

**Objection:** .

**Supplemented Response:**

Plaintiffs had construed this as a request for the names of persons who assisted in preparing the responses. The following persons were "contacted or supplied information" for interrogatories ## 17 and 18 and Mr. Karakatsanis and Mr. Dennis supplied information for interrogatories ## 17 and 18:

Alec Karakatsanis, Esq.
910 17th Street NW, Fifth Floor
Washington, DC 20006
202-681-2721

Sandy Henderson, Esq.
c/o
The Public Defender Service
for the District of Columbia
633 Indiana Avenue, N.W.
Washington, D.C.  20004

Toll Free: (800) 341-2582
shenderson@pdsdc.org

Sean Day, Esq.
7474 Greenway Center Dr Ste 150
Greenbelt MD 20770-3524
301.220.2270
Sean@DayInCourt.Net


/s/ William Claiborne
William Claiborne

I, Delontay Davis, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding supplemented interrogatory responses are true to the best of my knowledge.

*Delontay Davis*
Delontay Davis
City/ State where signed Woodbridge, VA

Date signed 12/29/2016