UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Civil Case No. 15-737 |

## ORDER

Almost a year before this suit was filed, law enforcement arrested and prosecuted plaintiff Maggie Smith for carrying a handgun in the District of Columbia without a D.C. license. When this court invalidated the law she allegedly violated, the D.C. Attorney General charged her under two different statutes criminalizing noncompliance with D.C's gun and ammunition registration scheme. After the D.C. Attorney General eventually dropped those charges, Smith filed this suit under 42 U.S.C. § 1983 alleging her arrest and prosecutions violated the Second and Fifth Amendments.

Four months later, Smith exercised her right to amend her complaint, adding two named plaintiffs and a new Fifth Amendment claim. Pending before the Court is defendant's motion to dismiss that amended complaint [ECF No. 23].

Also pending before the Court is plaintiffs' motion for leave to amend the amended complaint [ECF No. 43]. In addition to updating their factual allegations, plaintiffs seek to add another named plaintiff and to expand and reorganize their claims. Defendant opposes leave by arguing that the proposed amendment unduly expands the litigation's scope, that the amendment

1

would cause undue delay, that the proposed amendment results in impermissible claim splitting in light of another case pending in this court, and that the proposed amendment is futile.

Federal Rule of Civil Procedure 15(a)(2) directs this Court to "freely give leave" to amend "when justice so requires." Circuit precedent further instructs this Court to deny leave only if amendment would cause undue delay or undue prejudice, if movants seek leave to amend in bad faith, if movants repeatedly failed to cure prior deficiencies, or if amendment would be futile. *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999).

Simply put, there is no justification for denying plaintiffs' motion. Some delay or prejudice is inevitable when granting leave to amend. Yet here, neither is undue: plaintiffs' motion comes well before discovery and trial, and although plaintiffs' proposed amendments expand the scope of the litigation, their new claims remain closely connected to the claims raised in their first amended complaint. Nor is the Court prepared to conclude the proposed claims are futile. Defendant admits it "has not had an opportunity to fully investigate plaintiffs' new proposed claims." (Def.'s Opp'n Pls.' Mot. Leave Am. 1st Am. Compl. 21, ECF No. 44.) And although defendant makes a claim splitting argument for some of the proposed claims against the proposed new plaintiff, it is not obvious how that argument defeats all the new plaintiff's claims, let alone all new claims for all plaintiffs.

Accordingly, the Court **GRANTS** plaintiffs' motion for leave to amend their first amended complaint [ECF No. 43], and directs the clerk to file plaintiffs' proposed second amended complaint, attached as exhibit 1 to that motion, as of today's date. The Court **DENIES AS MOOT** defendant's motion to dismiss the first amended complaint [ECF No. 23]. The Court **GRANTS NUNC PRO TUNC** defendant's consent motion for extension of time [ECF No. 40], and plaintiffs' consent motion for extension of time [ECF No. 45].

It is **SO ORDERED**.

Date: September 17, 2018

Royce C. Lamberth
United States District Judge