UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, et al.,<br>Plaintiffs,<br>v.<br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No.:  15-737 (RCL) |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The several opinions in Christensen v. Park City supports Plaintiffs' positions that: (1) a § 1983 Monell Fourth Amendment claim lies against a municipality when it enacts and enforces an unconstitutional municipal ordinance by directing its police officers to arrest people for violating the ordinance even though the individual arresting officers have qualified immunity for relying on the statute when it's still "on the books;" and (2) each constitutional claim in a complaint must be evaluated separately. See Christensen v. Park City Mun. Corp., 554 F.3d 1271, 1274 (10th Cir. 2009). See F.R.A.P. 28(j).

In Christensen v. Park City plaintiff was arrested and jailed for three days before making bail for violating municipal ordinances criminalizing sales of artwork on public property which turned out to violate the First Amendment as applied to plaintiff. 554 F.3d at 1274. After the charges were dismissed, plaintiff filed suit in federal court against the individual arresting officers and the City bringing three separate constitutional claims under § 1983 claiming the arrest and detention violated his First Amendment, Fourth Amendment, and Fourteenth Amendment Equal Protection rights. Id. The district court dismissed the complaint against the individual arresting officers on vagueness grounds, and it granted the individual arresting officers qualified immunity.

Page 1

554 F.3d at 1274. The district court also dismissed an amended complaint against the City holding the amended complaint failed to state claims against Park City because "[plaintiff's] allegations do not allege enough facts to show a claim of a municipal policy or custom . . . that is 'plausible on its face.'" *Id.* at 1275.

The Tenth Circuit affirmed the grant of qualified immunity to the individual arresting officers because the right asserted by Mr. Christensen was not clearly established without deciding whether the individual arresting officers actually violated his rights. 554 F.3d at 1278 *relying on* Pearson v. Callahan, 129 S. Ct. 808 (2009). Without citing to DeFillippo, but citing to *inter alia* Grossman v. City of Portland, 33 F.3d 1200, 1209-10 (9th Cir. 1994), the court held a "law enforcement officer's "reli[ance] on a state statute, regulation, or official policy [still on the books] that explicitly sanctioned the conduct in question" may absolve the officer from knowing that his conduct was unlawful." 554 F.3d at 1278.

On the City's liability the court's starting point was the principle that the defense of qualified immunity is not available to a municipality. Christensen, 554 F.3d at 1278. The court held that the complaint stated a claim against the City because a municipality can be liable when enforcement of its policies causes a constitutional deprivation, and the complaint alleged that the cause of plaintiff's arrest was the City's municipal policy. *Id.* at 1279. The court reasoned, "Officer Stokes's [the arresting officer's] participation is not a separate and intervening cause such that the municipality is absolved of responsibility for its ordinance. If it turns out that the relevant ordinances are unconstitutional, whether on their face or as applied to Mr. Christensen, the liability falls on the city, not on the officers personally." 554 F.3d at 1279. The court clarified that the injury to plaintiff was caused by a straightforward enforcement of the ordinances, and not by any additional discretionary actions by the officers. 554 F.3d at 1280.

The court remanded so the district court could reach the merits of plaintiff's constitutional claims. 554 F.3d at 1280.

On remand the district court held that plaintiff stated First Amendment, Fourth Amendment, and Fourteenth Amendment claims against the City for the same conduct, the arrests and detention. *See* Christensen v. Park City Mun. Corp., 2011 U.S. Dist. LEXIS 22166, at *3 (D. Utah Mar. 4, 2011)(deciding city's motion for judgment as a matter of law and plaintiff's motion for summary judgment). The case was tried on these three claims. *Id.* In ruling on the City's motion for judgment as a matter of law at the close of the evidence, the court separately evaluated each of plaintiff's three theories and it held that plaintiff had presented a legally sufficient evidentiary basis with respect to his as applied § 1983 claims based on violations of his rights under the First and 4th Amendment, but not on his Equal Protection claim. *Id.* The jury found that the City violated Mr. Christensen's First and Fourth Amendment rights and awarded him nominal damages of $1.00. Christensen v. Park City Mun. Corp., 462 F. App'x 831, 833 (10th Cir. 2012)(unpublished but persuasive).

The court of appeals affirmed the verdict as to liability and damages. 462 F. App'x at 835-36.

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Named plaintiffs

717 D Street, N.W., Suite 300
Washington, DC 20004
Phone 202/824-0700
Email clairbornelaw@gmail.com