UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAGGIE SMITH, *et al.*, )
)
    *Plaintiffs*, )
)
v. ) Case No. 1:15-cv-737-RCL
)
DISTRICT OF COLUMBIA, )
)
    *Defendant*. )
)

## MEMORANDUM OPINION AND ORDER

On May 16, 2019, this Court dismissed Claims 2, 4, 5, 7, 8, 9, and 10 of the Complaint filed by plaintiffs Maggie Smith, Gerard Cassagnol, Frederick Rouse, and Delontay Davis against the District of Columbia.[1] In a Motion to Reconsider (ECF No. 69) that the District accurately describes as "a welter of duplicative and confusing arguments," (ECF No. 72 at 1), plaintiffs now ask this Court to reconsider its dismissal of Claims 1, 2, 3, and 4. For the reasons set forth below, the Court denies plaintiffs' Motion to Reconsider in its entirety.

## LEGAL STANDARD

Although courts have great discretion in determining whether "justice requires" reconsideration of a previous order, courts cannot grant motions to reconsider unless there is "good reason" for doing so, "such as new information, a misunderstanding, or a clear error." *Doe v. Exxon Mobil Corp.*, 2019 U.S. Dist. LEXIS 92715 at *11 (citing *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). For example, reconsideration may be warranted if the court has "patently misunderstood a party" or "has made an error not of reasoning but of

---

[1] The Court's Memorandum Opinion (ECF No. 59 at 1-7) thoroughly explains the factual background and plaintiffs' ten claims, so there is no need to repeat that information here.

1

apprehension." *Feld v. Fireman's Fund Ins. Co.*, 263 F. Supp. 3d 74, 77 (D.D.C. 2017) (quoting *Cobell*, 224 F.R.D. 266, 272 (D.D.C. 2004)). Reconsideration may also be warranted if "a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

The party moving for reconsideration has a fairly high burden to meet, as she or he must demonstrate that there are "new facts or clear errors of law which compel the court to change its prior position." *National Ctr. for Mfg. Scis. v. Dep't of Defense*, 199 F.3d 507, 511 (D.C. Cir. 2000). The movant must also show that "injustice will result if reconsideration is refused." *Coulibaly v. Tillerson*, 278 F. Supp. 3d 294, 302 (D.D.C. 2017) (quoting *Isse v. Am. Univ.*, 554 F. Supp. 2d 25, 29 (D.D.C. 2008)). A motion for reconsideration is not the appropriate forum in which to "reargue facts and theories upon which a court has already ruled" or to "present[] theories or arguments that could have been advanced earlier." *Shvartser v. Lekser*, 330 F. Supp. 3d 356, 360 (D.D.C. 2018). A court should not grant reconsideration "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Associated Mortgage Bankers Inc. v. Carson*, 281 F. Supp. 3d 5, 7 (D.D.C. 2017) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*, 598 F. Supp. 2d 57, 59 (D.D.C. 2009).

## ANALYSIS

Plaintiffs have asked for reconsideration of Claims 1, 2, 3, and 4. As explained below, reconsideration is denied as to all claims.

2

**I. The Court Denies Plaintiffs' Motion for Reconsideration of Claims 1 and 3.**

Nearly half of plaintiffs' Motion for Reconsideration exclusively pertains to Claims 1 and 3. Why plaintiffs are seeking reconsideration of those two claims is beyond all comprehension, as the Court did not dismiss either Claim 1 or Claim 3. The Court can thus easily dispose of any request to reconsider those claims. Because the Court ruled in plaintiffs' favor as to Claims 1 and 3, plaintiffs have absolutely no basis for asking the Court to reconsider those claims. Therefore, Claims 1 and 3 will not be discussed further.

**II. The Court Denies Plaintiffs' Motion for Reconsideration of Claim 2.**

The Court also denies reconsideration of Claim 2. In Claim 2, plaintiffs alleged that the District violated their Fourth Amendment rights by arresting and detaining them. Plaintiffs argue that the Court's finding of probable cause and its implications for their claims was overbroad. In making this argument, however, plaintiffs concede that Claim 2 "would have been clearer" if they argued "that their arrests were supported by probable case as to the officers, but that the District's policy still violated their Fourth Amendment rights because the arrests violated Plaintiffs' 'constitutional rights' even though the officers were entitled to qualified immunity." ECF No. 69 at 33-34. The issue with this concession is that a motion for reconsideration cannot be used to "reargue facts and theories upon which a court already ruled," nor can it be used "as a vehicle for presenting theories or arguments that could have been advanced earlier." *Coulibaly*, 278 F. Supp. 3d at 301.

Additionally, plaintiffs' arguments regarding Claim 2 are substantively incorrect. Looking first at plaintiffs' arguments about the *DeFillippo* rule, that rule is applicable to the Fourth Amendment claims. The Supreme Court has held that the Fourth Amendment is not violated when an arrest is made pursuant to a then-valid law and supported by probable cause.

Although the Supreme Court was ruling on a claim against an individual arresting officer, the rule also applies to claims against the government because proof of a predicate constitutional violation is the first element of any municipal liability claim under 42 U.S.C. § 1983. Therefore, if it was reasonable (as it was in this case) for the police officer who made the arrest to suspect that the arrestee had violated the law, then as a matter of law, there can be no Fourth Amendment violation.

Turning to plaintiffs' arguments about *Gerstein* and *McLaughlin*, those cases involved post-arrest delays in process—they had nothing to do with issues of qualified immunity or ultimate liability as plaintiffs seem to argue. *See Gerstein v. Pugh*, 420 U.S. 103 (1975); *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). It is therefore immaterial for the purposes of the Fourth Amendment whether plaintiffs are suing the District or the individual officers, as plaintiffs would have received post-arrest process in satisfaction of *Gerstein* and *McLaughlin* in either scenario. In fact, plaintiffs did receive adequate post-arrest process in this case. Therefore, the Court will not reconsider its prior dismissal of Claim 2.

### III. The Court Denies Plaintiffs' Motion for Reconsideration of Claim 4.

The Court also denies reconsideration of Claim 4. In Claim 4, plaintiffs alleged that the seizure of handguns (under D.C. Code § 22-4517) and the vehicles used to transport them (under D.C. Code § 7-2507.06(a)) violated the Second Amendment. Dismissal of Claim 4 was correct because challenges to the improper seizure or retention of property are properly addressed through the Fourth Amendment, not the Second Amendment. Plaintiffs' argument about continued seizure of their property is addressed through Claim 6, which the Court did not dismiss. Additionally, even without the ability to proceed under a Fourth Amendment claim, Claim 4 would still fail because a deprivation of firearms does not violate the Second

Amendment if the owner has not been foreclosed from legally acquiring other firearms. *See Rodgers v. Knight*, 781 F.3d 932, 941-42 (8th Cir. 2015) ("[E]ven the *unlawful* retention of specific firearms does not violate the Second Amendment, because the seizure of one firearm does not prohibit the owner from retaining or acquiring other firearms."). Therefore, the Court will not reconsider its previous dismissal of Claim 4.

### IV. The Court Disregards Plaintiffs' Notice of Supplemental Authority.

In addition to asking for reconsideration of Claims 1-4, plaintiffs also submitted a Notice of Supplemental Authority (ECF No. 71). In that Notice of Supplemental Authority, plaintiffs cite *Christensen v. Park City Mun. Corp.* for the proposition that a § 1983 plaintiff can state a Fourth Amendment claim against a municipality even after the individual municipal employee co-defendants are dismissed on qualified immunity grounds. 554 F.3d 1271 (10th Cir. 2009). Plaintiffs, however, have not sued any individual officers, so qualified immunity is irrelevant in this case. The Court will thus disregard plaintiffs' Notice of Supplemental Authority.

### CONCLUSION

Based on the foregoing, the Court **DENIES** plaintiffs' Motion to Reconsider Claims 1, 2, 3, and 4.

It is so **ORDERED**.

Date: 11/27/19

Royce C. Lamberth
United States District Court Judge