# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 15-737 (RCL) |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant the District of Columbia (the District), answers plaintiffs' Second Amended Complaint (Complaint) as follows:

## DEFENSES

The District asserts and preserves the defenses listed below based on information currently available. The District reserves the right to withdraw these defenses or assert additional defenses as additional information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to allege facts to establish municipal liability under 42 U.S.C. § 1983.

### THIRD DEFENSE

The District acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FOURTH DEFENSE

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

### FIFTH DEFENSE

Attorney's fees and costs are not recoverable against the District in this case.

### SIXTH DEFENSE

Plaintiffs' claims against the District of Columbia are barred by sovereign immunity.

### SEVENTH DEFENSE

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### EIGHTH DEFENSE

The doctrines of waiver, estoppel, unclean hands and laches equitably bar plaintiffs from seeking the relief sought in the Complaint.

## NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the equitable and declaratory relief requested by plaintiffs exceeds the scope of their claims. In the alternative, plaintiffs are not entitled to any relief from this Court because of their own actions or inactions.

## TENTH DEFENSE

Plaintiffs' claims are barred by the Court's May 16, 2019 Order [60].

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by illegality.

## TWELFTH DEFENSE

Plaintiffs' claims fail to meet the requirements for class certification under Federal Rule of Civil Procedure 23.

## <u>ANSWER TO PLAINTIFFS' COMPLAINT</u>[1]

The District asserts that any allegation not specifically admitted in this Answer is denied and responds to the individually-numbered paragraphs of plaintiffs' Complaint as follows:

## CLASS ACTION

## SECOND AMENDED COMPLAINT AND JURY DEMAND

### (§ 1983 Civil Rights Claims)

---

[1] The headings included below correspond to the headings in the Complaint and are provided to assist the Court in reviewing the Answer. All allegations in the headings—express or implied—are denied.

## Introduction

1.      The allegations in paragraph 1 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the allegations are denied.

2.      The allegations in paragraph 2 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the allegations are denied.

3.      The allegations in paragraph 3 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the allegations are denied.

4.      The allegations in paragraph 4 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

## Jurisdiction and Venue

5.      The allegations in paragraph 5 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

6.      The allegations in paragraph 6 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

## Parties

7.      The allegations in paragraph 7 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

8.     The allegations in paragraph 8 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

9.     The allegations in paragraph 9 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are admitted.

## Factual Allegations

## Summary of the District's gun control regime and how it affected ordinary people like Named Plaintiffs and the other class members

10.     The allegations in paragraph 10 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

11.     The allegations in paragraph 11 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

12.     The allegations in paragraph 12 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are admitted.

13.     The allegations in paragraph 13 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

14.     The allegations in paragraph 14 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

15.     The allegations in paragraph 15 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

16.     The allegations in paragraph 16 of the Complaint purport to characterize

the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

17.     The allegations in paragraph 17 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

18.     The allegations in paragraph 18 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

19.     The allegations in paragraph 19 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

20.     The allegations in paragraph 20 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

21.     The District admits the allegations in the first sentence of paragraph 21 of the Complaint. The District lacks sufficient knowledge and information to answer the allegations in the second and third sentences of paragraph 21.

22.     The allegations in paragraph 22 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

23.     The allegations in paragraph 23 of the Complaint contain legal conclusions. The referenced court decision is the best evidence of its content, and the

District denies all other characterizations.

24.     The allegations in paragraph 24 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District admits only that "the District continued to arrest and prosecute citizens for carrying unregistered and unlicensed pistols and unregistered ammunition outside the home … and to seize and detain their guns, ammunition, and vehicles."

25.     The allegations in paragraph 25 of the Complaint contain legal conclusions. To the extent a response is required, the referenced law is the best evidence of its contents, and the District denies all other characterizations.

26.     The allegations in paragraph 26 of the Complaint contain legal conclusions. To the extent a response is required, the referenced court decision is the best evidence of its contents, and the District denies all other characterizations.

**Ms. Smith, Mr. Cassagnol, Mr. Rouse, and Mr. Davis' cases typify the type of law abiding citizen who ran afoul of the District's unconstitutional handgun laws**

27.     The allegations in paragraph 27 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District denies the allegations.

28.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 28 of the Complaint.

29.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 29 of the Complaint.

30.     The allegations in paragraph 30 of the Complaint purport to characterize

the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District admits only that plaintiff Smith "brought along her pistol with her when she traveled to the District[.]"

31.     The District admits that on June 29, 2014, plaintiff Smith was stopped while driving in the District and, when asked if there any weapons in the vehicle, said that there was a 380 in her purse. The District denies the remaining allegations in paragraph 31 of the Complaint.

32.     The District admits only that the arresting officer charged plaintiff Smith with carrying a pistol without a license. The referenced statutory provisions are the best evidence of their contents and the District denies all other characterizations.

33.     The allegations in paragraph 33 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District admits only that plaintiff Smith "was subject to prosecution for various felony and misdemeanor gun related offenses, first by" USAO and then by OAG. The allegations in footnote 2 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

34.     The District objects to the allegations in paragraph 34 of the Complaint because the terms "virtually never," "any type of diversion program," and "virtually always" are vague and undefined. To the extent a response is required, the District denies the allegations.

35.     The allegations in paragraph 35 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is

required, the District denies the allegations.

36.     The allegations in paragraph 36 constitute speculation. To the extent a response is required, the allegations are denied.

37.     The allegations in paragraph 37 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the District admits that MPD arrested people for UF and UA and that OAG prosecuted misdemeanor UF and UA cases directly and denies the remaining allegations.

38.     The allegations in the first sentence of paragraph 38 constitute speculation. To the extent a response is required, the allegations are denied. The District lacks sufficient knowledge and information to answer the allegations in the second sentence of paragraph 38.

39.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 39 of the Complaint.

40.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 40 of the Complaint.

41.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 41 of the Complaint.

42.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 42 of the Complaint.

43.     The allegations in paragraph 43 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is

required, the District denies the allegations.

### The mechanics of the District's gun control regime since Heller I

44.     The allegations in paragraph 44 of the Complaint contain legal conclusions. The referenced "gun control regime" is the best evidence of its contents and the District denies all other characterizations.

45.     The allegations in paragraph 45 of the Complaint contain legal conclusions. The referenced provision and court decision are the best evidence of their contents and the District denies all other characterizations.

46.     The allegations in paragraph 46 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

47.     The allegations in paragraph 47 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

48.     The allegations in paragraph 48 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

49.     The allegations in paragraph 49 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

50.     The allegations in paragraph 50 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

51.     The allegations in paragraph 51 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

### Three statutes formed the backbone of the District's unconstitutional gun control regime since Heller I

52.     The allegations in paragraph 52 of the Complaint contain legal conclusions. The referenced statutory provisions are the best evidence of their contents and the District denies all other characterizations.

53.     The allegations in paragraph 53 of the Complaint contain legal conclusions. The referenced statutory provisions are the best evidence of their contents and the District denies all other characterizations.

### The District's unconstitutional gun control regime in response to Heller I

54.     The allegations in paragraph 54 of the Complaint contain legal conclusions. The referenced statutory provisions are the best evidence of their contents and the District denies all other characterizations.

### CPWL and CP

55.     The allegations in paragraph 55 of the Complaint contain legal conclusions. The referenced "gun control regime" is the best evidence of its content and the District denies all other characterizations.

56.     The allegations in paragraph 56 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and the District denies all other characterizations.

57.     The allegations in paragraph 57 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and the District denies all other characterizations.

58.     The allegations in paragraph 58 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and

the District denies all other characterizations.

59.     The allegations in paragraph 59 of the Complaint contain legal conclusions. The referenced statutory provisions are the best evidence of their contents and the District denies all other characterizations.

60.     The allegations in paragraph 60 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

61.     The allegations in paragraph 61 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and the District denies all other characterizations.

## UF and UA

62.     The allegations in paragraph 62 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and the District denies all other characterizations.

63.     The allegations in paragraph 63 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and the District denies all other characterizations.

64.     The allegations in paragraph 64 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and the District denies all other characterizations.

65.     The allegations in paragraph 65 of the Complaint contain legal conclusions. The referenced statutory provision is the best evidence of its contents and

the District denies all other characterizations.

66.     The allegations in paragraph 66 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

67.     The allegations in paragraph 67 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

68.     The allegations in paragraph 68 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that it "continued to seize and destroy handguns and ammunition belonging to people arrested" and "to retain or destroy the property as contraband" and denies the remaining allegations.

69.     The District need not answer paragraph 69 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

70.     The District need not answer paragraph 70 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

### Palmer v. District of Columbia and the District's response

71.     The allegations in paragraph 71 of the Complaint contain legal conclusions. The referenced court decision and statutory provision are the best evidence of their contents and the District denies all other characterizations.

72.     The allegations in paragraph 72 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

73.     The allegations in paragraph 73 of the Complaint contain legal

conclusions. To the extent a response is required, the allegations are denied.

74.     The allegations in paragraph 74 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

75.     The allegations in paragraph 75 of the contain legal conclusions. To the extent a response is required, the District denies the allegations.

76.     The allegations in paragraph 76 of the Complaint purport to characterize the nature of plaintiffs' action and contain legal conclusions. To the extent a response is required, the allegations are denied.

77.     The allegations in paragraph 77 of the contain legal conclusions. To the extent a response is required, the District denies the allegations.

78.     The allegations in paragraph 78 of the contain legal conclusions. To the extent a response is required, the District denies the allegations.

**The District's "good-reason" law which the Council passed in response to <u>Palmer</u>**

79.     The allegations in paragraph 79 of the Complaint contain legal conclusions. The referenced law is the best evidence of its contents and the District denies all other characterizations.

80.     The allegations in paragraph 80 of the Complaint contain legal conclusions. The referenced law is the best evidence of its contents and the District denies all other characterizations.

81.     The allegations in paragraph 81 of the Complaint contain legal conclusions. The referenced law is the best evidence of its contents and the District denies all other characterizations.

82.     The allegations in paragraph 82 of the Complaint contain legal conclusions. The referenced law is the best evidence of its contents and the District denies all other characterizations.

83.     The allegations in paragraph 83 of the Complaint contain legal conclusions. The referenced law is the best evidence of its contents and the District denies all other characterizations.

84.     The allegations in paragraph 84 of the Complaint contain legal conclusions. The referenced law is the best evidence of its contents and the District denies all other characterizations.

**The District of Columbia Circuit Court of Appeals struck down the District's "good-reason" law in <u>Wrenn v. District of Columbia</u>**

85.     The allegations in paragraph 85 of the Complaint contain legal conclusions. The referenced decision is the best evidence of its contents and the District denies all other characterizations.

86.     The allegations in paragraph 86 of the Complaint contain legal conclusions. To the extent a response is required, the District admits the allegations.

87.     The allegations in paragraph 87 of the Complaint contain legal conclusions. The referenced decision is the best evidence of its contents and the District denies all other characterizations.

88.     The District admits the allegations in paragraph 88 of the Complaint.

89.     The allegations in paragraph 89 of the Complaint contain legal

conclusions. The referenced decisions are the best evidence of their contents and the District denies all other characterizations.

90.    The allegations in paragraph 90 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

## Handguns, Ammunition, and Vehicles seized in connection with violations of the District's unconstitutional gun control regime

91.    The District admits the allegations in paragraph 91 of the Complaint.

## MPD classifies certain vehicles as "evidence" and detains them until the case is over

92.    The District need not answer paragraph 92 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

93.    The District need not answer paragraph 93 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

94.    The District need not answer paragraph 94 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

95.    The District need not answer paragraph 95 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

96.    The District need not answer paragraph 96 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is

required, the allegations are denied.

97.     The District need not answer paragraph 97 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

98.     The District need not answer paragraph 98 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

99.     The District need not answer paragraph 99 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

100.    The District need not answer paragraph 100 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

101.    The District need not answer paragraph 101 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

102.    The District need not answer paragraph 102 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

103.    The District need not answer paragraph 103 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

104.    The District need not answer paragraph 104 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

105.    The District need not answer paragraph 105 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

106.    The District need not answer paragraph 106 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

107.    The District need not answer paragraph 107 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

108.    The District need not answer paragraph 108 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

109.    The District need not answer paragraph 109 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

110.    The District need not answer paragraph 110 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

111.    The District need not answer paragraph 111 of the Complaint because it

is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

112.    The District need not answer paragraph 112 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

### Taking and detaining a vehicle for a forfeiture determination

113.    The District need not answer paragraph 113 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

114.    The District need not answer paragraph 114 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

115.    The District need not answer paragraph 115 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

116.    The District need not answer paragraph 116 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

### The importance of vehicles in daily life

117.    The District need not answer paragraph 117 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

118.    The District need not answer paragraph 118 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

119.    The District need not answer paragraph 119 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

120.    The District need not answer paragraph 120 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

### MPD classify and retain guns and ammunition as "evidence"

121.    The allegations in paragraph 121 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

122.    The allegations in paragraph 122 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

123.    The allegations in paragraph 123 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

### An unregistered firearm is contraband and an individual has no right to its return under DC law

124.    The allegations in paragraph 124 of the Complaint contain legal conclusions. The referenced law and court decision are the best evidence of their contents and the District denies all other characterizations.

### Named Plaintiffs' Arrests and Prosecutions

## Maggie Smith

### Ms. Smith's arrest by the MPD

125.    The District admits that "[o]n June 24, 2014, Ms. Maggie Smith, a 34 year-old" was "pulled over by MPD while she was driving her car in the District of Columbia" and denies the remaining allegations in paragraph 125 of the Complaint.

126.    The District admits that police asked Ms. Smith if there were any weapons in the vehicle and she said "Yes, I have a 380 in my purse, and I have a permit" and denies the remaining allegations in paragraph 126 of the Complaint.

127.    The District admits the allegations in paragraph 127 of the Complaint.

128.    The District admits the allegations in paragraph 128 of the Complaint.

### Ms. Smith's prosecution and the dismissal of her case

129.    The District admits the allegations in paragraph 129 of the Complaint.

130.    The District admits the allegations in paragraph 130 of the Complaint.

131.    The District admits the allegations in paragraph 131 of the Complaint.

132.    The District admits the allegations in paragraph 132 of the Complaint.

133.    The District admits that "the US Attorney's Office dismissed the indictment on September 29, 2014" and denies the remainder of the allegations in paragraph 133 of the Complaint.

134.    The allegations in paragraph 134 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that the OAG, by September 12, 2014, had filed a criminal information charging Ms. Smith with violations of D.C. Code §§ 7-2502.01 and 7-2506.01, and denies the remainder of the

allegations.

135.   The District admits the allegations in paragraph 135 of the Complaint.

136.   The District admits the allegations in paragraph 136 of the Complaint.

137.   The District admits the allegations in paragraph 137 of the Complaint.

**MPD's seizure and retention of Ms. Smith's pistol after her cases were dismissed**

138.   The District admits that MPD officers seized Ms. Smith's Bersa 380 when they arrested her on June 29, 2014, and lacks sufficient knowledge or information to answer the remaining allegations in paragraph 138 of the Complaint.

139.   The District admits the allegations in paragraph 139 of the Complaint.

140.   The allegations in paragraph 140 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

141.   The District admits that all charges against Ms. Smith were dismissed on April 21, 2015, and denies the remaining allegations in paragraph 141 of the Complaint.

**Gerard "Rob" Cassagnol**

142.   The District lacks sufficient knowledge and information to answer the allegations in paragraph 142 of the Complaint.

143.   The District lacks sufficient knowledge and information to answer the allegations in paragraph 143 of the Complaint.

144.   The District lacks sufficient knowledge and information to answer the allegations in paragraph 144 of the Complaint.

145.   The District lacks sufficient knowledge and information to answer the allegations in paragraph 145 of the Complaint.

146.    The District admits that at the time of his arrest in the District, Mr. Cassagnol stated that he had a gun in the back seat of his truck and that it was registered, and that the gun was a 9 millimeter handgun, and denies the remaining allegations in paragraph 146 of the Complaint.

### Mr. Cassagnol's arrest by the MPD

147.    The District admits that, on October 9, 2013, Mr. Cassagnol was found by MPD in a truck marked "Cox Cable" and denies the remaining allegations in paragraph 147 of the Complaint.

148.    The District admits that MPD officers were responding to a radio call for a man with a gun when they approached Mr. Cassagnol, and denies the remaining allegations in paragraph 148 of the Complaint.

149.    The allegations in paragraph 149 of the Complaint contain legal conclusions and factual characterizations. To the extent a response is required, the allegations are denied.

150.    The allegations in paragraph 150 of the Complaint contain legal conclusions and factual characterizations. To the extent a response is required, the allegations are denied.

151.    The District admits that "[t]he officers began to search the truck" and that they "asked Mr. Cassagnol whether he had a gun in the truck" and that he "told the officers that he had his gun in his truck" and that it was registered, and denies the remaining allegations in paragraph 151 of the Complaint.

152.    The District admits that Mr. Cassagnol told officers he had a gun in the

back seat of his truck and denies the remaining allegations in paragraph 152 of the Complaint.

153.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 153 of the Complaint.

154.    The District admits that the officers recovered the pistol and denies the remaining allegations in paragraph 154 of the Complaint.

155.    The District admits that an officer took a photograph of Mr. Cassagnol's work identification card and denies the remaining allegations in paragraph 155 of the Complaint.

156.    The District admits the allegations in paragraph 156 of the Complaint.

157.    The District admits the allegations in paragraph 157 of the Complaint.

### Prosecution by the US Attorney

158.    The District admits the allegations in paragraph 158 of the Complaint.

159.    The District admits the allegations in paragraph 159 of the Complaint.

160.    The District admits the allegations in paragraph 160 of the Complaint.

161.    The District admits the allegations in paragraph 161 of the Complaint.

162.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 162 of the Complaint.

163.    The allegations in paragraph 163 of the Complaint contain legal conclusions. The referenced docket and indictment are the best evidence of their contents and the District denies all other characterizations.

164.    The District admits the allegations in paragraph 164 of the Complaint.

165.    The District admits the allegations in paragraph 165 of the Complaint.

166.    The allegations in paragraph 166 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that, on July 29, 2014, the US Attorney's Office dismissed the indictment against Mr. Cassagnol; the remaining allegations are denied.

### Prosecution by the OAG

167.    The District admits the allegations in paragraph 167 of the Complaint.

168.    The District admits the allegations in paragraph 168 of the Complaint.

169.    The allegations in paragraph 169 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that on August 22, 2014, Mr. Cassagnol's defense attorneys filed a motion to dismiss and that the government opposed the motion. The remaining allegations are denied.

170.    The District admits the allegations in paragraph 170 of the Complaint.

171.    The allegations in paragraph 171 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that on April 20, 2015, the Office of the OAG [*sic*] *nolle'd* the case against Mr. Cassagnol. The remaining allegations are denied.

### Seizure and unlawful retention of Mr. Cassagnol's property by the MPD

172.    The District admits that when the MPD arrested Mr. Cassagnol on October 9, 2013, they also seized from him a 9 millimeter pistol, make KIMBER, model DP51, and some ammunition. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 172 of the Complaint.

173.    The District admits the allegations in paragraph 173 of the Complaint.

174.    The District admits the allegations in paragraph 174 of the Complaint.

175.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 175 of the Complaint.

176.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 176 of the Complaint.

177.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 177 of the Complaint.

178.    The allegations in paragraph 178 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that MPD continues to hold Mr. Cassagnol's pistol and ammunition. The remaining allegations are denied.

179.    The allegations in paragraph 179 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

180.    The allegations in paragraph 180 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that MPD has not returned Mr. Cassagnol's pistol. The remaining allegations are denied.

### Frederick "Cornelius" Rouse

181.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 181 of the Complaint.

182.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 182 of the Complaint.

183.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 183 of the Complaint.

184.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 184 of the Complaint.

### Mr. Rouse's arrest by the MPD

185.    The District admits that on August 30, 2014, Mr. Rouse was staying in the District of Columbia at the Renaissance Washington, D.C. Downtown Hotel at 999 9th Street, Northwest, and denies the remainder of the allegations in paragraph 185 of the Complaint.

186.    The District admits that hotel cleaning personnel observed pistols and ammunition in Mr. Rouse's room and hotel staff notified MPD about the pistols, and denies the remainder of the allegations in paragraph 186 of the Complaint.

187.    The District admits that the two handguns belonged to Mr. Rouse. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 187 of the Complaint.

188.    The District admits that the pistols were a Glock 33 and a FN Five-Seven and that Mr. Rouse had a TLR2 scope. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 188 of the Complaint.

189.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 189 of the Complaint.

190.    The District admits the allegations in paragraph 190 of the Complaint.

191.    The District admits that Mr. Rouse admitted to the officers that the guns

in the hotel room belonged to him and denies the remaining allegations in paragraph 191 of the Complaint.

192.   The District admits the allegations in paragraph 192 of the Complaint.

**Prosecution of Mr. Rouse by the OAG**

193.   The District admits the allegations in paragraph 193 of the Complaint.

194.   The District admits the allegations in paragraph 194 of the Complaint.

195.   The allegations in paragraph 195 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that on November 26, 2014, Mr. Rouse's defense attorney filed a motion to dismiss and that on December 15, 2014, the Office of the Attorney General for the District of Columbia (OAG) filed an opposition to the defendant's motion to dismiss, and the remaining allegations are denied.

196.   The District admits the allegations in paragraph 196 of the Complaint.

197.   The District admits the allegations in paragraph 197 of the Complaint.

198.   District admits the allegations in paragraph 198 of the Complaint.

199.   The allegations in paragraph 199 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that on April 22, 2014, OAG dismissed the charges against Mr. Rouse. The remaining allegations are denied.

**MPD seized Mr. Rouse's pistols and the Property Clerk retains them**

200.   The District admits the allegations in paragraph 200 of the Complaint.

201.   The District denies the allegations in paragraph 201 of the Complaint. *See*

Complaint paragraph 205 ("The District finally released Mr. Rouse's pistol on July 28, 2017.").

202.    The allegations in paragraph 202 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

203.    The District admits the allegations in paragraph 203 of the Complaint.

204.    The allegations in paragraph 204 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

205.    The District admits that Mr. Rouse's pistol was released on July 28, 2017.

### Delontay Davis

### Mr. Davis's arrest by MPD

206.    The District admits that on March 23, 2014, Mr. Delontay Davis (then a resident of Virginia) was driving a car stopped by MPD in the District of Columbia. The remaining allegations in paragraph 206 of the Complaint are denied.

207.    The District admits the allegations in paragraph 207 of the Complaint.

208.    The District lacks sufficient knowledge and information to answer the allegations in the first sentence of paragraph 208 of the Complaint. The allegations in the second sentence of paragraph 208 contain legal conclusions. To the extent a response is required, the allegations are denied.

209.    The District admits the allegations in paragraph 209 of the Complaint.

210.    The District admits the allegations in paragraph 210 of the Complaint.

### Mr. Davis's detention, prosecution and the dismissal of his case

211.    The District admits the allegations in paragraph 211 of the Complaint.

212.   The District admits the allegations in paragraph 212 of the Complaint.

213.   The District admits the allegations in paragraph 213 of the Complaint.

214.   The District admits the allegations in paragraph 214 of the Complaint.

215.   The District admits that as part of the detention, Mr. Davis was subjected to a strip-search during the intake process at the DC Jail. The remaining allegations in paragraph 215 of the Complaint are denied.

216.   The District admits the allegations in paragraph 216 of the Complaint.

217.   The District admits the allegations in paragraph 217 of the Complaint.

218.   The allegations in paragraph 218 of the Complaint contain legal conclusions. To the extent a response is required, the District admits that on July 28, 2014, Mr. Davis' counsel filed an emergency motion to dismiss the indictment, and denies the remaining allegations.

219.   The District admits the allegations in paragraph 219 of the Complaint.

220.   The District admits that it dismissed the criminal information filed against Mr. Davis after the USAO dismissed Mr. Davis's indictment, but the referenced docket does not reflect that information.

**MPD's seizure and retention of Mr. Davis's pistol after his case was dismissed**

221.   The District admits that the MPD officers seized Mr. Davis's Bersa 380 pistol when they arrested him on March 23, 2014. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 221 of the Complaint.

222.   The District admits the allegations in paragraph 222 of the Complaint.

223.   The allegations in paragraph 223 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

224.   The allegations in paragraph 224 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

### MPD's seizure and retention and ultimate release of Mr. Davis's car

225.   The District need not answer paragraph 225 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

226.   The District need not answer paragraph 226 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

227.   The District need not answer paragraph 227 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

228.   The District need not answer paragraph 228 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

229.   The District need not answer paragraph 229 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

230.   The District need not answer paragraph 230 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is

required, the allegations are denied.

231.   The District need not answer paragraph 231 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

232.   The District need not answer paragraph 232 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

233.   The District need not answer paragraph 233 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

234.   The District need not answer paragraph 234 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

235.   The District need not answer paragraph 235 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

236.   The District need not answer paragraph 236 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

237.   The District need not answer paragraph 237 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

238.    The District need not answer paragraph 238 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

239.    The District need not answer paragraph 239 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

240.    The District need not answer paragraph 240 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

241.    The District need not answer paragraph 241 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

242.    The District need not answer paragraph 242 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

243.    The District need not answer paragraph 243 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

244.    The District need not answer paragraph 244 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

**Substantive Allegations for Claims**

## Claim 1

### Second Amendment Arrest/Detention Claim

245.   The District incorporates its responses to paragraphs 1 through 244.

246.   The allegations in paragraph 246 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

247.   The allegations in paragraph 247 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

248.   The allegations in paragraph 248 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

249.   The allegations in paragraph 249 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

250.   The allegations in paragraph 250 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

251.   The allegations in paragraph 251 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

252.   The allegations in paragraph 252 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

253.   The allegations in paragraph 253 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

## Claim 2

### Fourth Amendment Arrest/Detention Claim

254.   The District incorporates its responses to paragraphs 1 through 253.

34

255.    The District need not answer paragraph 255 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

256.    The District need not answer paragraph 256 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

257.    The District need not answer paragraph 257 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

258.    The District need not answer paragraph 258 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

259.    The District need not answer paragraph 259 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

260.    The District need not answer paragraph 260 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

261.    The District need not answer paragraph 261 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

262.    The District need not answer paragraph 262 of the Complaint because it

is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

263.    The District need not answer paragraph 263 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## Claim 3

### Fifth Amendment Right to Travel Nonresident Class Arrest Claim

264.    The District incorporates its responses to paragraphs 1 through 263.

265.    The allegations in paragraph 265 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

266.    The allegations in paragraph 266 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

267.    The allegations in paragraph 267 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

268.    The allegations in paragraph 268 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

269.    The allegations in paragraph 269 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

270.    The allegations in paragraph 270 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

271.    The allegations in paragraph 271 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

## Claim 4

**Seizure and Detention [*sic*] of Handguns and Ammunition and Vehicles on the basis of an unconstitutional gun control regime for any purpose for any length of time violated the 2d Amendment**

272.    The District incorporates its responses to paragraphs 1 through 271.

273.    The District need not answer paragraph 273 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

274.    The District need not answer paragraph 274 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

275.    The District need not answer paragraph 275 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

276.    The District need not answer paragraph 276 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## Claim 5

**Seizure and Retention of Handguns and Ammunition and Vehicles on the basis of unconstitutional gun control regime for any purpose for any length of time violated the 4th Amendment**

277.    The District incorporates its responses to paragraphs 1 through 276.

278.    The District need not answer paragraph 278 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

279.    The District need not answer paragraph 279 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

280.    The District need not answer paragraph 280 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

281.    The District need not answer paragraph 281 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## Claim 6

## Retention of Handguns and Ammunition after the case was over violated the 4th Amendment

282.    The District incorporates its responses to paragraphs 1 through 281.

283.    The allegations in paragraph 283 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

284.    The allegations in paragraph 284 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

285.    The allegations in paragraph 285 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

286.    The allegations in paragraph 286 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

## Claim 7

### Right to Return of Handguns and Ammunition

287.    The District incorporates its responses to paragraphs 1 through 286.

288.    The District need not answer paragraph 288 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

289.    The District need not answer paragraph 289 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

290.    The District need not answer paragraph 290 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

291.    The District need not answer paragraph 291 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

292.    The District need not answer paragraph 292 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

293.    The District need not answer paragraph 293 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is

required, the allegations are denied.

294. The District need not answer paragraph 294 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

295. The District need not answer paragraph 295 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

296. The District need not answer paragraph 296 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## Claim 8

## Retention of Vehicles after they were searched and processed for evidence violated the 4th Amendment

297. The District incorporates its responses to paragraphs 1 through 296.

298. The District need not answer paragraph 298 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

299. The District need not answer paragraph 299 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

300. The District need not answer paragraph 300 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is

required, the allegations are denied.

301.   The District need not answer paragraph 301 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

302.   The District need not answer paragraph 302 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

303.   The District need not answer paragraph 303 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## Claim 9

## Illegal civil forfeiture of vehicles used to transport firearms violates the 2d Amendment

304.   The District incorporates its responses to paragraphs 1 through 303.

305.   The District need not answer paragraph 305 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

306.   The District need not answer paragraph 306 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

307.   The District need not answer paragraph 307 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is

required, the allegations are denied.

308.    The District need not answer paragraph 308 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

309.    The District need not answer paragraph 309 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

310.    The District need not answer paragraph 310 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

311.    The District need not answer paragraph 311 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## Claim 10

## Illegal civil forfeiture of vehicles used to transport firearms violates the 4th Amendment

312.    The District incorporates its responses to paragraphs 1 through 311.

313.    The District need not answer paragraph 313 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

314.    The District need not answer paragraph 314 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is

required, the allegations are denied.

315.    The District need not answer paragraph 315 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

316.    The District need not answer paragraph 316 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

317.    The District need not answer paragraph 317 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

318.    The District need not answer paragraph 318 of the Complaint because it is in support of a claim that was dismissed by the Court. To the extent a response is required, the allegations are denied.

## RULE 23 ALLEGATIONS

319.    The allegations in paragraph 319 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

320.    The allegations in paragraph 320 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

321.    The allegations in paragraph 321 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

322.    The allegations in paragraph 322 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

323. The allegations in paragraph 323 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

324. The allegations in paragraph 324 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

325. The allegations in paragraph 325 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

326. The allegations in paragraph 326 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

327. The allegations in paragraph 327 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

328. The allegations in paragraph 328 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

329. The allegations in paragraph 329 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

330. The allegations in paragraph 330 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

331. The allegations in paragraph 331 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

332. The allegations in paragraph 332 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

333. The allegations in paragraph 333 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

334.    The allegations in paragraph 334 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

335.    The allegations in paragraph 335 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

336.    The allegations in paragraph 336 of the Complaint contain legal conclusions. To the extent a response is required, the allegations are denied.

## CLASS RELIEF DEMANDS

The allegations in the lettered and unlettered paragraphs under the "CLASS RELIEF DEMANDS" and "JURY DEMAND" headings on pages 50 and 51 of the Complaint contain plaintiffs' legal conclusions. To the extent a response is required, the District denies plaintiffs are entitled to the relief sought in the Complaint. The District requests judgment dismissing the Complaint with prejudice and awarding the District the costs of this action, and such additional relief as the Court may deem appropriate.

Dated:  December 24, 2019.                     Respectfully submitted,

                                               KARL A. RACINE
                                               Attorney General for the District of
                                               Columbia

                                               TONI MICHELLE JACKSON
                                               Deputy Attorney General
                                               Public Interest Division

                                               /s/ Fernando Amarillas
                                               FERNANDO AMARILLAS
                                               D.C. Bar No. 974858
                                               Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J. SAINDON
D.C. Bar No. 456987
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor
South
Washington, D.C. 20001
(202) 724-6643
(202) 730-1470 (f)

**Counsel for Defendant**