# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | **Civil Action No: 15-737 (RCL)** |

## PLAINTIFFS' THIRD CONSENT MOTION TO AMEND THE SCHEDULING ORDER

Plaintiffs hereby move this Court to amend the Scheduling Order [88] pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.4(b) by extending each of the current deadlines for three weeks so that fact discovery on liability closes on December 1, 2020, and the summary judgment deadlines are also extended by three weeks each. The current deadline for the close of fact discovery set forth in the amended Scheduling Order [88] is November 10, 2020.

**Consent Sought and Obtained**

Defendant does consent to the modification proposed herein. LCvR 7(m).

**The Law Supports Granting Plaintiffs' Motion**

1. **Plaintiffs need a three week extension because counsel for the District is out of the office for two weeks.**

Plaintiffs ask for the extension because counsel for the District assigned to the case left the office for a two week absence on September 28, 2020 and will not return until October 13, 2020. It will take an additional week to get back on track and schedule Rule 30(b)(6) depositions.

Plaintiffs' counsel and their discovery counsel, Mr. Borden, were engaged in on-going negotiations with the District's counsel regarding Plaintiffs' first set of document production

requests, especially MPD database discovery.[1]

Plaintiffs' counsel have sent a deficiency letter to Mr. Saindon regarding Plaintiffs' second set of discovery requests especially regarding criminal history records of class members.

Plaintiffs were also propounding deposition notices including Rule 30(b)(6) deposition notices.

Furthermore, the novel coronavirus, SARS-CoV-2, continues to impact the case and the parties' ability to conduct discovery and obtain information.

Plaintiffs appreciate that this is the third request for an extension but Plaintiffs believe it is warranted.

**2.  Plaintiffs have been diligent in pursuing discovery.**

A party may move to extend discovery under Rule 16(b), and Local Rule 16.4(b) allows the Court to modify a scheduling order at any time when it finds good cause to do so. *See* LCvR 16.4(b) ("The court may modify the scheduling order at any time upon a showing of good cause."). The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline. *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 136 (D.D.C. 2012).

Discovery in this case involves not only typical electronic and hard copy material, but also two large and complex databases, the MPD booking database and CourtView, the Superior Court docketing system.

Plaintiffs have been diligent in propounding and following up their discovery requests. Plaintiffs have propounded three sets of discovery requests.

The first set dealt with basic database discovery from the MPD database and CourtView for

---

[1] Plaintiffs have retained an expert in this field, Bennett Borden, Chief Data Scientist and Chair, Information Governance and eDiscovery Group, and his firm, Faegre Drinker Biddle & Reath LLP, to handle the complex electronic discovery issues and to help Plaintiffs analyze and present the electronic discovery and related discovery.

class members and their charges and the disposition of their charges. Plaintiffs have been trying for months to get complete responses and a statement of withheld data (fields in the databases from which records were withheld) and have sent several deficiency letters. Plaintiffs were in the final stage of negotiations when the assigned AAG went on vacation without notice to Plaintiffs.

Plaintiffs second set of discovery requests asked for follow up items and data about the criminal history of class members. Plaintiffs are attempting to discuss the issues with opposing counsel.

Plaintiffs have propounded deposition notices and have agreed to hold off on the depositions until the week after the assigned AAG returns to the office.

Plaintiffs have also made a request for a narrowly targeted data run from JACCS the Department of Corrections database – to identify which class members were held pretrial on their weapons charges and for how long. Plaintiffs are negotiating with the District about the District's responses.

### 3. Plaintiffs' proposed modifications to the Scheduling Order.

The current deadline for the close of fact discovery is November 10, 2020. Plaintiffs move this Court to modify the scheduling order deadlines by extending each of the current deadlines for three weeks so that fact discovery on liability closes on December 1, 2020 and the summary judgment deadlines are also extended by three weeks each.

**Conclusion**

Respectfully submitted,

| | |
|---|---|
| /s/William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Named Plaintiffs<br>717 D Street, N.W.<br>#300 | |

3

| | |
|---|---|
| Washington, DC 20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |