UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH**, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No: 15-737 (RCL)** |

**PLAINTIFFS' FOURTH CONSENT MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiffs hereby move this Court to amend the Scheduling Order [90] pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.4(b) by extending each of the current deadlines for three weeks so that fact discovery on liability closes on December 22, 2020 and the summary judgment deadlines are also extended by about three weeks each. The current deadline for the close of fact discovery set forth in the amended Scheduling Order [90] is December 1, 2020.

**Consent Sought and Obtained**

Defendant does consent to the modification proposed herein. LCvR 7(m).

**The Law Supports Granting Plaintiffs' Motion**

**1. Plaintiffs need a three week extension to finish depositions.**

Plaintiffs ask for the extension because Plaintiffs' counsel need additional time to finish depositions including their Rule 30(b)(6) depositions.

Plaintiffs' counsel and their discovery counsel, Mr. Borden, are conducting depositions to understand certain aspects of the District's systems and booking processes in order to resolve certain discovery issues without having to resort to litigation.[1] For example Plaintiffs' counsel are

---

[1] Plaintiffs have retained an expert in this field, Bennett Borden, Chief Data Scientist and Chair, Information Governance and eDiscovery Group, and his firm, Faegre Drinker Biddle & Reath LLP, to handle the complex electronic

3

exploring the extend to which the District's ESI experts can conduct bulk searches in WALES and other data sources available to the District to obtain criminal history information on potential class members. Plaintiffs' counsel are also exploring access to CSOSA dat through modules in CourtView versus the need for a subpoena directed to CSOSA.

Plaintiffs' counsel believe that this brief extension will ultimately be a time-saver by avoiding litigation.

Plaintiffs appreciate that this is the fourt request for an extension but it is a brief one and Plaintiffs believe it is warranted.

### 2. Plaintiffs have been diligent in pursuing discovery.

A party may move to extend discovery under Rule 16(b), and Local Rule 16.4(b) allows the Court to modify a scheduling order at any time when it finds good cause to do so. *See* LCvR 16.4(b) ("The court may modify the scheduling order at any time upon a showing of good cause."). The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline. *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 136 (D.D.C. 2012).

Discovery in this case involves not only typical electronic and hard copy material, but also two large and complex databases, the MPD booking database and CourtView, the Superior Court docketing system.

Plaintiffs have been diligent in propounding and following up their discovery requests. Plaintiffs have propounded three sets of discovery requests.

The first set dealt with basic database discovery from the MPD database and CourtView for class members and their charges and the disposition of their charges. Plaintiffs have been trying for months to get complete responses and a statement of withheld data (fields in the databases from

---

discovery issues and to help Plaintiffs analyze and present the electronic discovery and related discovery.

which records were withheld) and have sent several deficiency letters.

Plaintiffs second set of discovery requests asked for follow up items and data about the criminal history of class members. Plaintiffs are attempting to discuss the issues with opposing counsel.

Plaintiffs have propounded deposition notices and have agreed to hold off on the depositions until the week after the assigned AAG returns to the office.

Plaintiffs have also made a request for a narrowly targeted data run from JACCS the Department of Corrections database – to identify which class members were held pretrial on their weapons charges and for how long. Plaintiffs are negotiating with the District about the District's responses.

The parties are conducting depositions now and have depositions scheduled through December 1, 2020.

### 3. Plaintiffs' proposed modifications to the Scheduling Order.

The current deadline for the close of fact discovery is December 1, 2020. Plaintiffs move this Court to modify the scheduling order deadlines by extending each of the current deadlines for three weeks so that fact discovery on liability closes on December 22, 2020 and the summary judgment deadlines are also extended by about three weeks each. Plaintiffs ask for the summary judgment deadlines to be extended by "about" three weeks so each deadline falls on a business day of the week.

Respectfully submitted,

| /s/William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Named Plaintiffs<br>717 D Street, N.W.<br>#300 | |

3

| | |
|---|---|
| Washington, DC 20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |