UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 15-737 (RCL) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF DOCUMENT PRODUCTION REQUESTS AND
INTERROGATORIES**

Defendants (collectively, the District) respond to Plaintiffs' First Set of Document Production Requests and Interrogatories as follows:

GENERAL OBJECTIONS

These General Objections are continuing objections and assertions of privilege and are incorporated by reference into every response. That some of these General Objections are not restated in response to a particular Request or Interrogatory does not waive the assertion and application of the General Objections. The District's objections and responses shall prejudice no objection or assertion of privilege it may later assert in any context. The District responds to this discovery subject to the accompanying objections, without waiving and expressly preserving all objections.

**Pls.'s Ex. 1A, p. 1
DC #1 docpro responses
Smith v. DC, 15-737 (RCL)**

1. The District objects to the Requests and Interrogatories and accompanying instructions, including definitions, to the extent that they seek to impose obligations greater than those required by the Federal Rules of Civil Procedure or assign to words and phrases meanings other than those generally understood or used in common parlance.

2. The District objects to the Requests and Interrogatories to the extent that they are vague, ambiguous, not reasonably related to the claims in this case, or otherwise vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information that is immaterial, irrelevant, or otherwise inadmissible. The District's responses will be limited to the Class Period unless otherwise noted.

3. The District objects to the Requests and Interrogatories to the extent they seek information privileged from disclosure under the attorney-client privilege, the deliberative process privilege, Privacy Act, District of Columbia Municipal Regulations, personnel rules or regulations, the attorney work-product doctrine, and any other applicable privilege or similar protection. Inadvertent production of any privileged information does not constitute a waiver of such privilege or any other grounds for objecting to the Requests or Interrogatories.

4. The District objects to the Requests and Interrogatories as unduly burdensome and redundant to the extent that they seek information already in plaintiffs' possession or available from publicly accessible sources.

**Pls.'s Ex. 1A, p. 2**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

2

5. In responding to the Requests and Interrogatories, the District retains and preserves all objections to the materiality and relevance of the information provided.

6. In responding to the Requests and Interrogatories, the District does not concede or admit any premise, proposition, or characterizations in any Request or Interrogatory or any pleading in this or any other matter.

7. In seeking the disclosures sought in the Requests and Interrogatories, plaintiffs are understood to waive all privileges, protections, or claims regarding or relating to the subject of the disclosure.

8. The District's responses are accurate to the best of its knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The District reserves the right to supplement or amend its responses and reserves the right to rely on subsequently discovered documents or information.

9. The District reserves the right to object to the use of its responses to the Requests or Interrogatories in any proceedings other than this case.

10. The District objects to these Requests and Interrogatories insofar as they seek confidential information concerning third parties and reserves the right to withhold or redact such information as necessary to maintain such confidentiality.

11. Every response is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the

**Pls.'s Ex. 1A, p. 3**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

3

response. The explicit reference to a General Objection or making a specific objection in response to a particular discovery request is not intended to constitute a waiver of General Objections not specifically referred to in that response.

RESPONSES

REQUEST FOR PRODUCTION NO. 1:

All Documents including metadata referring to every person (resident and non-resident alike) who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period.

Response: The District objects to this request because it is overbroad and unduly burdensome, as all documents including metadata that refer to each identified person includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce, as the Parties have discussed, documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class Period, or those arrested for such laws before the start of the Class Period but still detained and/or prosecuted after the start of the Class Period.

REQUEST FOR PRODUCTION NO. 2:

All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration defining or otherwise relating to any District law governing firearms or ammunition in effect in the District of Columbia during the Class Period.

**Pls.'s Ex. 1A, p. 4**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

4

**Response:** The District objects to this request because it is overbroad and unduly burdensome, as all documents referring or related to each identified topic includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce documents identifying Metropolitan Police Department (MPD) general orders, rules, regulations, policies, procedures, and practices relating to District law governing firearms and ammunition during the Class Period.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration defining or otherwise relating to any District law governing seizure of firearms or ammunition in effect in the District of Columbia during the Class Period.

**Response:** The District objects to this request because it is overbroad and unduly burdensome, as all documents referring or related to each identified topic includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. In addition, this Request is duplicative of Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

All records from all fields (including metadata) from any MPD booking database referring to every person (resident and non-resident alike) who: (1) was arrested for any alleged violation of any provision of the District's laws (including

Pls.'s Ex. 1A, p. 5
DC #1 docpro responses
Smith v. DC, 15-737 (RCL)

5

any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period.

**Response:** The District objects to this request because it is overbroad and unduly burdensome, as all documents including metadata that refer to each identified person includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. In addition, this Request is duplicative of Request for Production No. 1. ==Subject to the General Objections, the District will produce documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class Period, including those arrested for such laws before the start of the Class Period but still detained and/or prosecuted after the start of the Class Period.==

**REQUEST FOR PRODUCTION NO. 5:**

Every Document relating to input or maintenance of data into **MPD booking database** by MPD staff and MPD contractors and others including training materials and operator's manuals including the most recent version of the **MPD booking database**.

**Response:** The District objects to this request because it calls for the production of privileged and proprietary documents. In addition, this Request is overbroad and unduly burdensome, as all documents relating to input or maintenance of data into MPD databases are irrelevant to the allegations in the

Pls.'s Ex. 1A, p. 6
DC #1 docpro responses
Smith v. DC, 15-737 (RCL)

6

Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 6:**

For each database from which the District provides records please provide "screenshots" showing the field name visible to a user viewing records in the database.

**Response:** The District objects to this request because it is overbroad, unduly burdensome, and duplicative, as the request includes information that will be produced in response to Requests for Production 1, 4, 9, and 11. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class Period, including those arrested for such laws before the start of the Class Period but still detained and/or prosecuted after the start of the Class Period.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide all dropdown menus and each code utilized in any field in **MPD booking database** that utilizes dropdown menus or codes.

**Response:** The District objects to this request because it is overbroad, unduly burdensome, and duplicative, as the request includes information that will be produced in response to Requests for Production 1, 4, and 11. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class

**Pls.'s Ex. 1A, p. 7**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

7

Period, including those arrested for such laws before the start of the Class Period but still detained and/or prosecuted after the start of the Class Period.

REQUEST FOR PRODUCTION NO. 8:

Please provide all dropdown menus and each code utilized in any field in the **CourtView database** that utilizes dropdown menus or codes.

Response: The District objects to this request because it is overbroad, unduly burdensome, and duplicative, as the request includes information that will be produced in response to Request for Production 9. Therefore, the request is not proportional to the needs of this case.

REQUEST FOR PRODUCTION NO. 9:

All records from all fields (including metadata) from any Superior Court docketing database or other database referring to every person (resident and non-resident alike) who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period.

Response: The District objects to this request because it includes documents protected from disclosure by court order. In addition, the Request is overbroad and unduly burdensome insofar as the request includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class Period, including those arrested for such laws before the start of the Class Period but still detained and/or

**Pls.'s Ex. 1A, p. 8**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

8

prosecuted after the start of the Class Period, excepting those records protected from disclosure by court order.

### REQUEST FOR PRODUCTION NO. 10:

Every Document relating to input or maintenance of data into **any Superior Court docketing database by Superior Court** staff or by Superior Court contractors or by any other person including training materials and operator's manuals.

**Response:** The District objects to this request because it calls for the production of privileged and proprietary documents. In addition, this Request is overbroad and unduly burdensome, as all documents relating to input or maintenance of data into any Superior Court docketing database are irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case.

### REQUEST FOR PRODUCTION NO. 11:

All records from all fields (including metadata) from any MPD database used to store information about any firearm or ammunition or other item related to a firearm (such as holsters or scopes) referring to every such firearm or ammunition or other item related to a firearm which was in the possession of the MPD during any part of the Class Period.

**Response:** The District objects to this request because it is overbroad and unduly burdensome, as all records from all fields from any MPD database used to store information about the identified topics includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of

**Pls.'s Ex. 1A, p. 9**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

9

this case. In addition, the Request includes information that will be produced in response to Request for Production 1.

**REQUEST FOR PRODUCTION NO. 12:**

Every Document relating to input of data into any MPD database referring to any firearm or ammunition or other item related to a firearm (such as holsters or scopes) referring to every such item which was in the possession of the MPD during any part of the Class Period including training materials and operator's manuals.

**Response:** The District objects to this request because it calls for the production of privileged and proprietary documents. In addition, this Request is overbroad and unduly burdensome, as all documents relating to input of data into MPD databases are irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:**

Please list by name each field in the **MPD booking database** (regardless how the field is populated and including fields showing the results of calculations) giving both the programmer's field name (the header name on the data export) and the "screen name," that is, the name of the field seen by any user viewing the data.

**Response:** This Interrogatory is overbroad and unduly burdensome because it seeks the identification of "each field" within a database and therefore amounts to a document request. Subject to the General Objections and the foregoing objection, the District will identify responsive business records under Fed. R. Civ. P. 33(d). Fields in the MPD booking database are identified in the following documents:

**Pls.'s Ex. 1A, p. 10**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

10

"MPD Weapon Violations Arrests (May 15 2012 - Oct 10 2014)", "ClassAction_Firearm_Ammunation_Reports", and "AFIS-MPDCRequest".

INTERROGATORY NO. 2:

Please list by name each field in the **CourtView database** (regardless how the field is populated and including fields showing the results of calculations) giving both the programmer's field name (the header name on the data export) and the "screen name," that is, the name of the field seen by any user viewing the data.

Response: This Interrogatory is overbroad and unduly burdensome because it seeks the identification of "each field" within a database and therefore amounts to a document request. Subject to the General Objections and the foregoing objection, the District will identify responsive business records under Fed. R. Civ. P. 33(d). Fields in the CourtView database are identified in the following documents: "D.C. Courts Database Spreadsheet", "D.C. Courts Database Charge and Disposition Spreadsheet", "eAccess DataElementListing", "AKA List", and "CV Public View Screenshots."

| | |
|---|---|
| Dated: February 11, 2020. | FOR THE OBJECTIONS:<br><br>KARL A. RACINE<br>Attorney General for the District of Columbia<br><br>TONI MICHELLE JACKSON<br>Deputy Attorney General<br>Public Interest Division<br><br>*/s/ Fernando Amarillas*<br>FERNANDO AMARILLAS [974858]<br>Chief, Equity Section<br><br>*/s/ Andrew J. Saindon*<br>ANDREW J. SAINDON [456987]<br>Senior Assistant Attorney General |

**Pls.'s Ex. 1A, p. 11**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**

441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 724-6643
Email: andy.saindon@dc.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on February 11, 2020, a copy of the foregoing was served by electronic mail (by consent per Fed. R. Civ. P. 5(b)(2)(E)) on:

William Claiborne, Esq.
D.C. Bar # 446579
717 D Street, NW
#395
Washington, DC 20004
Phone 202/824-0700
Email: claibornelaw@gmail.com

*Counsel for Plaintiffs*

/s/ Andrew J. Saindon
ANDREW J. SAINDON (#456987)
Senior Assistant Attorney General

**Pls.'s Ex. 1A, p. 12**
**DC #1 docpro responses**
**Smith v. DC, 15-737 (RCL)**