CONFIDENTIAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 15-737 (RCL) |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendants (collectively, the District) object and respond to Plaintiffs' Second Set of Interrogatories and Document Production Requests as follows:

### GENERAL OBJECTIONS

These General Objections are continuing objections and assertions of privilege and are incorporated by reference into every response that follows. That some of these General Objections are not restated in response to a particular Request or Interrogatory does not waive the assertion and application of the General Objections. The District's objections and responses shall prejudice no objection or assertion of privilege it may later assert in any context. The District responds to this discovery subject to the accompanying objections, without waiving and expressly preserving all objections.

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

1.      The District objects to the Interrogatories and Requests and accompanying instructions, including definitions, to the extent that they seek to impose obligations greater than those required by the Federal Rules of Civil Procedure or assign to words and phrases meanings other than those generally understood or used in common parlance.

2.      The District objects to the Interrogatories and Requests to the extent that they are vague, ambiguous, not reasonably related to the claims in this case, or otherwise vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information that is immaterial, irrelevant, or otherwise inadmissible. The District's responses will be limited to the Class Period unless otherwise noted.

3.      The District objects to the Interrogatories and Requests to the extent they seek information privileged from disclosure under the attorney-client privilege, the deliberative process privilege, Privacy Act, District of Columbia Municipal Regulations, personnel rules or regulations, the attorney work-product doctrine, and any other applicable privilege or similar protection. Inadvertent production of any privileged information does not constitute a waiver of such privilege or any other grounds for objecting to the Requests or Interrogatories.

4.      The District objects to the Interrogatories and Requests as unduly burdensome and redundant to the extent that they seek information already in plaintiffs' possession or available from publicly accessible sources.

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

2

CONFIDENTIAL

5. In responding to the Requests and Interrogatories, the District retains and preserves all objections to the materiality and relevance of the information provided.

6. In responding to the Requests and Interrogatories, the District does not concede or admit any premise, proposition, or characterizations in any Request or Interrogatory or any pleading in this or any other matter.

7. In seeking the disclosures sought in the Requests and Interrogatories, plaintiffs are understood to waive all privileges, protections, or claims regarding or relating to the subject of the disclosure.

8. The District's responses are accurate to the best of its knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The District reserves the right to supplement or amend its responses and reserves the right to rely on subsequently discovered documents or information.

9. The District reserves the right to object to the use of its responses to the Requests or Interrogatories in any proceedings other than this case.

10. The District objects to these Interrogatories and Requests insofar as they seek confidential information concerning third parties and reserves the right to withhold or redact such information as necessary to maintain such confidentiality.

11. Every response is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

3

CONFIDENTIAL

response. The explicit reference to a General Objection or making a specific objection in response to a particular discovery request is not intended to constitute a waiver of General Objections not specifically referred to in that response.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY, SECOND SET, NO. 1:** Describe in detail all factual bases of each defense, affirmative or otherwise, that the District is asserting in this action data.

**Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because it seeks factual narratives of the defenses to be asserted. The Interrogatory is also premature because, similar to a contention interrogatory, the District is not required to answer until discovery is mature, has concluded, or even later. Subject to and without waiving these objections, the factual bases of the District's defenses may be found in the District's dispositive briefing.

**INTERROGATORY, SECOND SET, NO. 2:** Please identify each person to whom the District issued a license to carry a pistol outside the home during the period from 2010 to November 2014.

**Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because it seeks documents irrelevant to the allegations in the Complaint. There was no concealed-carry licensing regime in place for District residents until October 2014, and the time period between October and November 2014 is outside of the scope of the class action. Because it is irrelevant to the allegations in the Complaint, the request is not proportional to the needs of this case. In addition, the District objects to providing personally identifying information sought by this Interrogatory. Persons issued a license to carry a pistol outside the

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

4

home have a reasonable expectation of privacy in their identity, which is not outweighed by any significant public interest or diminished by the protective order in this case. Furthermore, the names of persons issued a license to carry a pistol outside the home are not segregable in a way that avoids revealing personally identifying details.

**INTERROGATORY, SECOND SET, NO. 3:** Please identify each person who was not a resident of the District to whom the District issued a license to carry a pistol outside the home during the period from 2010 to November 2014 and state the reasons the District issued the license.

 **Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because it seeks documents irrelevant to the allegations in the Complaint. There was no concealed-carry licensing regime in place for non-District residents until October 2014, and the time period between October and November 2014 is outside of the scope of the class action. Because it is irrelevant to the allegations in the Complaint, the request is not proportional to the needs of this case. In addition, the District objects to providing personally identifying information sought by this Interrogatory. Persons issued a license to carry a pistol outside the home have a reasonable expectation of privacy in their identity, which is not outweighed by any significant public interest or diminished by the protective order in this case. Furthermore, the names of persons issued a license to carry a pistol outside the home are not segregable in a way that avoids revealing personally identifying details.

**INTERROGATORY, SECOND SET, NO. 4:** Please identify each person who provides services for maintaining and operating each database used to store information about persons included in any of the class definitions.

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

5

CONFIDENTIAL

**Response:** Subject to the General Objections, the District responds as follows: The D.C. Superior Court's CourtView database is maintained and operated by Ron Berry, Chief Technology Officer & Senior Associate Director of IT; Subhash Paul, Production Support Manager; Jose Kallumkal, Database Administrator; Guru Kalburgi, Database Administrator; Komal Tewtia, Database Administrator; and Moitry Chakravorty, Database Administrator. These persons should only be contacted via counsel for the District.

**INTERROGATORY, SECOND SET, NO. 5:** Please identify any person:

A. who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period; and
B. who was, as of the time of their arrest described above in subparagraph (A), either in D.C or anywhere else in the United States: (1) a drug addict; (2) had ever been convicted of a felony; (3) had ever been convicted of a firearms charge; (4) had ever been convicted of a misdemeanor crime of domestic violence of an intrafamily offense, such as one defined in D.C. Official Code § 16-1001(8); (5) subject to a civil protection order issued in relation to domestic violence and required the person to relinquish possession of any firearms; or (6) had been judged mentally incompetent by a court.

**Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because part B seeks information that is not captured at arrest; the information requested would have to be obtained by individually searching numerous databases, federal and local, for each of the more than 4,500 individuals identified in part A. Moreover, part B is irrelevant, because the information requested relates to the qualifications necessary to register a firearm in the District but there was no concealed-carry licensing regime in place in the District until October 2014. Because

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

6

it is irrelevant to the allegations in the Complaint, the request is not proportional to the needs of this case.

Subject to the General Objections, the District identifies the following responsive business records under Fed. R. Civ. P. 33(d) as responsive to part A of this Interrogatory: the Excel spreadsheet produced in native format beginning with the Bates number DC_ M Smith – 008671 – CONFIDENTIAL.xlsx.

**INTERROGATORY, SECOND SET, NO. 6:** For each person who was arrested during the Class Period or who was arrested before the class period but whose prosecution continued for any part of the class period Class Period describe each weapon and accessory such as ammunition, scopes and holsters seized from such persons and state the value of each such item, the date it was seized, the date it was returned, and whether it was destroyed if not returned.

**Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because it would require the review and collection of data from potentially thousands of pieces of paper. Subject to the General Objections and the foregoing objection, the District identifies responsive business records under Fed. R. Civ. P. 33(d): beginning with the document Bates-stamped DC_M SMITH - 008675.

**INTERROGATORY, SECOND SET, NO. 7:** Please identify each person who was prosecuted by the District of Columbia Attorney General for weapons charges after the U.S. Attorney for the District of Columbia had initiated charges against that person and then dismissed, and explain why the District of Columbia Attorney General decided to prosecute that person.

**Response:** The District objects to this Interrogatory because it seeks information protected by the law enforcement privilege to the extent it requests that the Office of the Attorney General for the District of Columbia (OAG) explain why it pursues particular prosecutions. Subject to this and the General Objections, the District identifies here the persons referenced in this Interrogatory:

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

7

CONFIDENTIAL

| PDID | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | CASE_NO | ARREST AGENCY | ARREST # |
|---|---|---|---|---|---|---|---|
| 515046 | WASHINGTON | ANTHONY | LAMONT | 23-NOV-82 | 2014 CDC 013239 | USPP | 501423779 |
| 542224 | BRYANT | CARL | | 18-OCT-83 | 2013 CDC 002277 | | 101285309 |
| 560305 | SUTTON | AAKEEM | | 02-AUG-89 | 2013 CDC 008977 | MPD | 101312728 |
| 560857 | GOREE | ANGELA | | 30-OCT-83 | 2014 CDC 016380 | MPD | 071425908 |
| 567182 | PERSON | RAHFIEL | S | 21-FEB-85 | 2014 CDC 019125 | MPD | 101421097 |
| 568618 | GRANDSON | DENZEL | R | 11-OCT-92 | 2014 CDC 017088 | MPD | 061421632 |
| 583820 | WHITE | ANDRE | | 22-MAR-91 | 2013 CDC 004778 | MPD | 101307523 |
| 614838 | WALLER | MARQUETTE | | 17-JUN-90 | 2014 CDC 015113 | | 071419174 |
| 614990 | REDD | CHAUNCY | | 16-DEC-87 | 2015 CDC 001174 | MPD | 101408259 |
| 631444 | RODRIGUEZ | BRYAN | | 25-APR-95 | 2014 CDC 020915 | | 041347536 |
| 637737 | WHATLEY | MICHAEL | VICTOR | 01-DEC-90 | 2014 CDC 013686 | | 011306023 |
| 641321 | ALSOTON | TYRONE | | 12-JUN-88 | 2014 CDC 018028 | MPD | 061337353 |
| 661870 | GOOCH | THOMAS | J | 26-JUN-90 | 2015 CDC 001176 | MPD | 101417162 |
| 665838 | FORTUNE | WILFRED | MATTHEW | 15-NOV-89 | 2013 CDC 011083 | | 031321904 |
| 672919 | GEORGE | AARON | | 18-JUL-78 | 2014 CDC 017796 | | 531321577 |
| 673381 | LEFEGED | JOSEPH | | 02-JUN-88 | 2014 CDC 020657 | MPD | 061323831 |
| 676299 | CASSAGNOL | GERARD | R | 04-MAY-65 | 2014 CTF 013231 | MPD | 061338181 |
| 677112 | GREEN | ANTHONY | | 13-JUL-88 | 2014 CDC 017798 | | 011341821 |
| 677737 | SIKLAWI | MOUSTFA | | 12-MAY-80 | 2014 CDC 002966 | | 521344442 |
| 678226 | MLAMBO | BEVN | | 31-AUG-89 | 2014 CDC 001677 | | 031346660 |
| 678552 | FLOYD | DEMETRIUS | | 10-APR-91 | 2014 CDC 015635 | | 071447710 |
| 680321 | KOON | MICHAEL | C | 21-NOV-89 | 2014 CDC 016932 | | 501408286 |
| 680689 | DAVIS | DELONTAY | SAMUEL | 13-APR-91 | 2015 CDC 000614 | | 051409983 |
| 682451 | FOLLIS | MATTHEW | | 19-JAN-72 | 2014 CDC 017418 | USPP | 531418208 |
| 682640 | WAHL | STEVEN | THOMAS | 02-DEC-67 | 2015 CDC 000864 | USS-UNIF | 541419202 |
| 683357 | LAWSON | SEAN | D | 01-SEP-89 | 2014 CDC 016799 | MPD | 011422569 |
| 683377 | SMITH | MAGGIE | CORRINE | 23-FEB-82 | 2014 CDC 016129 | | 021422644 |

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

8

**CONFIDENTIAL**

## VERIFICATION

I declare under penalty of perjury that the foregoing interrogatory responses numbered 4 and 6 are true and correct, based upon my personal knowledge and information provided to me in the course of my official duties.

DATED: _____

_____
MPD OFFICIAL NAME
MPD Official Title
Metropolitan Police Department

I declare under penalty of perjury that the foregoing interrogatory response number 4 is true and correct, based upon my personal knowledge and information provided to me in the course of my official duties.

DATED: 8/31/2020

_____
YUAN BURNS
Chief Information Officer and
Director, Information Technology Division
Superior Court of the District of Columbia

I declare under penalty of perjury that foregoing interrogatory response number 7 is true and correct, based upon my personal knowledge and information provided to me in the course of my official duties.

DATED: 8/28/2020

_____
PETER SABA
Chief, Criminal Section
Public Safety Division
Office of the Attorney General for the District of Columbia

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

9

## SPECIFIC OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** All documents which relate, reflect, or refer to the grounds of, and substance of, each defense, affirmative or otherwise, that the District is asserting in this action.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as all documents, including metadata, that refer to each identified person includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, this Request is not proportional to the needs of this case. Subject to and without waiving the foregoing or the General Objections, the District will produce, as the Parties have discussed, documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class Period, or those arrested for such laws before the start of the Class Period but still detained and/or prosecuted after the start of the Class Period.

**REQUEST FOR PRODUCTION NO. 2:** All documents which relate, reflect, or refer to each application to the District for a license to carry a pistol outside the home during the period from 2010 to November 2017 including but not limited to the application and the District's response.

**Response:** The District objects to this Request because it calls for the production of personally identifiable information. Persons issued a license to carry a pistol outside the home have a reasonable expectation of privacy in their identity, which is not outweighed by any significant public interest or diminished by the protective order in this case. The District also objects to this Request as it calls for the production of documents protected by the law enforcement privilege to the extent

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)

10

is seeks responses to license applications. In addition, this Request is overly broad, irrelevant, and unduly burdensome because it seeks documents from a period exceeding the allegations in the Complaint. Concealed-carry license application procedures were not instituted until October 2014, so there are no requested records from 2010 through October 2014. Similarly, records from October 2014 to November 2017 are by definition outside of the scope of the class action concerning arrests for illegal possession between May 2012 and October 2014 and would require the expenditure of many hours of labor to gather, and are therefore not proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 3:** All documents which relate, reflect, or refer to any records relating to arrests, prosecutions and criminal convictions for each person who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period.

**Response:** The District objects to this Request as overly broad and unduly burdensome, because it seeks documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. This Request is additionally duplicative of plaintiffs' original Request for Production No. 4, served December 28, 2019. Therefore, this Request is not proportional to the needs of this case.

Dated: August 31, 2020.                    Respectfully submitted,

                                                                                           KARL A. RACINE
                                                                                          Attorney General for the District of Columbia

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses                    11
Smith v. DC, 15-737 (RCL)

CONFIDENTIAL

TONI MICHELLE JACKSON<br>
Deputy Attorney General<br>
Public Interest Division<br>
<br>
<u>/s/ Fernando Amarillas</u><br>
FERNANDO AMARILLAS [974858]<br>
Chief, Equity Section<br>
<br>
<u>/s/ Andrew J. Saindon</u><br>
ANDREW J. SAINDON [456987]<br>
Senior Assistant Attorney General<br>
400 Sixth Street, N.W., Suite 10100<br>
Washington, D.C. 20001<br>
Phone: (202) 724-6643<br>
Email: andy.saindon@dc.gov<br>
<br>
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that, on August 31, 2020, a copy of the foregoing was served by electronic mail (by consent per Fed. R. Civ. P. 5(b)(2)(E)) on:

William Claiborne
717 D Street, NW
#395
Washington, DC 20004
Phone 202/824-0700
Email: claibornelaw@gmail.com

*Counsel for Plaintiffs*

<u>/s/ Andrew J. Saindon</u><br>
ANDREW J. SAINDON (#456987)<br>
Senior Assistant Attorney General

Pls.'s Ex. 1B, p. 1
DC # 2 docpro responses
Smith v. DC, 15-737 (RCL)