UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 15-737 (RCL) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF DOCUMENT PRODUCTION REQUESTS**

Defendants (collectively, the District) respond to Plaintiffs' Third Set of Document Production Requests:

**GENERAL OBJECTIONS**

These General Objections are continuing objections and assertions of privilege and are incorporated by reference into every response. That some of these General Objections are not restated in response to a particular Request does not waive the assertion and application of the General Objections. The District's objections and responses shall prejudice no objection or assertion of privilege it may later assert in any context. The District responds to this discovery subject to the accompanying objections, without waiving and expressly preserving all objections.

1.　The District objects to the Requests and accompanying instructions, including definitions, to the extent that they seek to impose obligations greater than

**Pls.'s Ex. 1B, p. 1
DC #3 docpro responses
Smith v. DC, 15-737 (RCL)**

those required by the Federal Rules of Civil Procedure or assign to words and phrases meanings other than those generally understood or used in common parlance.

2. The District objects to the Requests to the extent that they are vague, ambiguous, not reasonably related to the claims in this case, or otherwise vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information that is immaterial, irrelevant, or otherwise inadmissible. The District's responses will be limited to the Class Period unless otherwise noted.

3. The District objects to the Requests to the extent they seek information privileged from disclosure under the attorney-client privilege, the deliberative process privilege, Privacy Act, District of Columbia Municipal Regulations, personnel rules or regulations, the attorney work-product doctrine, and any other applicable privilege or similar protection. Inadvertent production of any privileged information does not constitute a waiver of such privilege or any other grounds for objecting to the Requests.

4. The District objects to the Requests as unduly burdensome and redundant to the extent that they seek information already in plaintiffs' possession or available from publicly accessible sources.

5. In responding to the Requests, the District retains and preserves all objections to the materiality and relevance of the information provided.

**Pls.'s Ex. 1B, p. 2**
**DC #3 docpro responses**
**Smith v. DC, 15-737 (RCL)**

2

6. In responding to the Requests, the District does not concede or admit any premise, proposition, or characterizations in any Request or any pleading in this or any other matter.

7. In seeking the disclosures sought in the Requests, plaintiffs are understood to waive all privileges, protections, or claims regarding or relating to the subject of the disclosure.

8. The District's responses are accurate to the best of its knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The District reserves the right to supplement or amend its responses and reserves the right to rely on subsequently discovered documents or information.

9. The District reserves the right to object to the use of its responses to the Requests in any proceedings other than this case.

10. The District objects to these Requests insofar as they seek confidential information concerning third parties and reserves the right to withhold or redact such information as necessary to maintain such confidentiality.

11. Every response is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or making a specific objection in response to a particular discovery request is not intended to constitute a waiver of General Objections not specifically referred to in that response.

**Pls.'s Ex. 1B, p. 3**
**DC #3 docpro responses**
**Smith v. DC, 15-737 (RCL)**

RESPONSES

REQUEST FOR PRODUCTION NO. 1:

==All records from each field in the District of Columbia Department of Corrections' JACCS database needed to ascertain whether and when and for how long any member of the Class defined above was committed to the District of Columbia Department of Corrections custody in connection with any weapons charge on which they were arrested or prosecuted during any part of the Class Period including==: (1) all records with any biographical and identifying data such as name, date of birth, social security number, address, phone number, PDID, DCDC, (2) all records relating to commitment date, release date, cases held on any commitment during the Class Period including but not limited to weapons cases, (3) all records relating to any charge other than weapons charges they were committed on or held on during any commitment during the Class Period; This request includes but is not limited to all records in the following fields: COMDATE [Commitment] Date, COMITAU Committing Authority, DISDATE Discharge Date, CASENUM, CHD Charge ID, charge disposition, records from the detainer table, all populated notes fields; This request includes but is not limited to a data dictionary listing for each field the table, programmer name and data entry name and all code tables needed to interpret any data provided.

**Response:** The District objects to this request because it is overbroad and unduly burdensome, as all documents including records relating to any charge other than weapons charges includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce documents identifying whether, when, and for how long each Class Member was committed to the District of Columbia Department of Corrections in connection with any weapons charge.

REQUEST FOR PRODUCTION NO. 2:

For each Named Plaintiff produce their complete institutional file from the District of Columbia Department of Corrections including but not limited to the file of "jacket" maintained for them by the Records Office and any health care records in the possession, custody or control of the Department of Corrections.

**Pls.'s Ex. 1B, p. 4**
**DC #3 docpro responses**
**Smith v. DC, 15-737 (RCL)**

4

**Response:** The District objects to this request because it is overbroad and unduly burdensome, as the complete institutional file of Named Plaintiffs includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, the request is not proportional to the needs of this case. Subject to the General Objections, the District will produce the JACCS Audit Report, Transfer History, PaperClip File, and Medical Record for Gerard "Rob" Cassagnol and Delontay Davis, and the JACCS Audit Report and Transfer History for Frederick Rouse. DOC has no responsive records for Maggie Smith. The District will supplement this response regarding "jackets" once it has compiled those documents.

Dated:  October 28, 2020.           FOR THE OBJECTIONS:

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Chief, Equity Section

*/s/ Brendan Heath*
BRENDAN HEATH [1619960]
Assistant Attorney General
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 442-9880
Email: brendan.heath@dc.gov

*Counsel for Defendants*

**Pls.'s Ex. 1B, p. 5**
**DC #3 docpro responses**
**Smith v. DC, 15-737 (RCL)**

## CERTIFICATE OF SERVICE

I certify that, on October 28, 2020, a copy of the foregoing was served by electronic mail (by consent per Fed. R. Civ. P. 5(b)(2)(E)) on:

William Claiborne, Esq.
717 D Street, NW
#395
Washington, DC 20004
Phone 202/824-0700
Email: claibornelaw@gmail.com

*Counsel for Plaintiffs*

/s/ Brendan Heath
BRENDAN HEATH [1619960]
Assistant Attorney General

**Pls.'s Ex. 1B, p. 6**
**DC #3 docpro responses**
**Smith v. DC, 15-737 (RCL)**

6