William Claiborne
Attorney at Law
717 D Street N.W., Ste 300
Washington, DC 20004-2815
Phone 202/824-0700
Email claibornelaw@gmail.com

September 22, 2020

Andrew J. Saindon
Senior Assistant Attorney General
400 Sixth Street, N.W. Suite 10100
Washington, D.C. 20001
Phone: (202) 724-6643
Email: andy.saindon@dc.gov

     Re: *Smith v. Government of the District of Columbia* (RCL); discovery
  issues on District's responses to Plaintiffs' Second set of discovery requests

Dear Andy:

Below are Plaintiffs' comments on the District's responses to Plaintiffs' Second set of discovery requests. The District's objections are not well-founded and the District's responses need supplementing. We propose some techniques the District could use to respond to the requests, especially the requests for criminal history records. Mr. Bennett and his team are available if you need help formulating queries or other database issues.

> **INTERROGATORY, SECOND SET, NO. 1**: Describe in detail all factual bases of each defense, affirmative or otherwise, that the District is asserting in this action data.
>
> **Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because it seeks factual narratives of the defenses to be asserted. The Interrogatory is also premature because, similar to a contention interrogatory, the District is not required to answer until discovery is mature, has concluded, or even later. Subject to and without waiving these objections, the factual bases of the District's defenses may be found in the District's dispositive briefing.

**REQUEST FOR PRODUCTION NO. 1**: All documents which relate, reflect, or refer to the grounds of, and substance of, each defense, affirmative or otherwise, that the District is asserting in this action.

**Pls.'s Ex. 22, p. 1**     Page 1
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

**Response:** The District objects to this Request as overly broad and unduly burdensome, as all documents, including metadata, that refer to each identified person includes documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review. Therefore, this Request is not proportional to the needs of this case. Subject to and without waiving the foregoing or the General Objections, the District will produce, as the Parties have discussed, documents identifying every person arrested for alleged violations of the District's laws governing firearms or ammunition during the Class Period, or those arrested for such laws before the start of the Class Period but still detained and/or prosecuted after the start of the Class Period.

**Plaintiffs' Comment:**

We discuss the Interrogatory and Request together because they both deal with the same subject.

As to the Interrogatory, please provide at least the material or principle facts of each defense. *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000).

Plaintiffs need the response to the Interrogatory before the District's dispositive briefing and Plaintiffs are entitled to it. *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 18-19 (D.D.C. 2017).

As to the Request, the District has never said the District needs further discovery responses to answer the document production requests or ever said any of Plaintiffs' discovery requests were lacking, so the contention interrogatory objection is not well founded because discovery for the District has matured, and we are near the end of the discovery period. *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 19 (D.D.C. 2017). Moreover, just saying the requests are burdensome or non-proportional does not carry the District's burden of showing the Request is objectionable. The District asserted affirmative defenses in its answer so there is nothing objectionable about asking the District to produce documents the District will rely on for those defenses.

**INTERROGATORY, SECOND SET, NO. 4:** Please identify each person who provides services for maintaining and operating each database used to store information about persons included in any of the class definitions.

> **Response:** Subject to the General Objections, the District responds as follows: The D.C. Superior Court's CourtView database is maintained and operated by Ron Berry, Chief Technology Officer & Senior Associate Director of IT; Subhash Paul, Production Support Manager; Jose Kallumkal, Database Administrator; Guru Kalburgi, Database Administrator; Komal Tewtia, Database Administrator; and Moitry Chakravorty, Database Administrator. These persons should only be contacted via counsel for the District.

**Plaintiffs' Comment:**

Why should these persons only be contacted via counsel for the District? Is the District authorized to accept deposition notices for these people and is it committing to doing so? If not please provide all emails, phone numbers, and home and work addresses.

**Pls.'s Ex. 22, p. 2**  
**Pls.'s Deficiency lttr - criminal history**  
**Smith v. DC, 15-737 (RCL)**

Page 2

### Interrogatory and Document Production Request For Criminal History Records

We discuss the interrogatory and the document production request for criminal history records together because they both deal with the same subject. We address the District's specific objections (set out in bold) below:

One question I have is how is Bates number DC_ M Smith – 008671 – CONFIDENTIAL.xlsx responsive to part A of this Interrogatory: the Excel spreadsheet since Bates number DC_ M Smith – 008671 is limited to arrestees who were prosecuted in Superior Court and Part A covers all persons who were arrested governing firearms or ammunition during the Class Period whether or not charged?

### Plaintiffs' general comments

The real issue here is whether under the proportionality analysis the burden of production outweighs the need for the discovery. One major factor weighing in favor of production is that the District has access to the data because it is in the District's "possession, custody, or control" and Plaintiffs do not have the same unlimited access to the data. In fact, the MPD is criminal history record repository to perform centralized recordkeeping functions for criminal history records and services in the District. See 28 CFR § 20.3(f);

This is the District's burden and the District has not carried the burden. For example, the District has not stated whether some or all of the information is available in its database or its other records that can be accessed using search query that will produce records for all class members as opposed to making an single request for each class member. Also, the District is obligated to respond to the extent it can, so if the District can access criminal history records using search criteria that will produce some criminal history records of some class members as opposed to making a single request for each class member the District must do that. For example, there is a lot of criminal history records data in the CourtView and CSOSA databases for people whose cases is referred for prosecution. And the information is available in "images" (PDFs) for at least persons presented in Superior Court on weapons charges. [Ms. Smith's and the other PTSA reports attached here and provided to the District with earlier letter].

Also, the burden has to be analyzed separately for each group of class members, for example, arrestees who were released without being referred for prosecution (whether or not papered), and arrestees who were referred for prosecution (whether or not papered). There are PTSA criminal history reports (and the CSOSA databases they are generated out of) and other compilations of data that have criminal history for class members who were referred for prosecution (whether or not papered). And some people in the MPD arrest database who were not referred for prosecution in this case were probably referred for prosecution in other cases.

Moreover, using queries in its databases the District can probably access some if not all of the data Plaintiffs research. The basic information Plaintiffs need is:

### Convicted of a Felony or Been Judged Mentally Incompetent by a Court

**Pls.'s Ex. 22, p. 3**  Page 3
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

> ➤ Plaintiffs need to know whether any Named Plaintiff or class member of Claim 2 has on or before the date of their arrest in this case either in D.C or anywhere else in the United States ever been convicted of a felony or been judged mentally incompetent by a court.

### Other criminal history data

> ➤ Plaintiffs also need to know whether any Named plaintiff or class member of Claim 2 has on or before the date of their arrest in this case either in D.C or anywhere else in the United States: (1) a drug addict; (2) had ever been convicted of a firearms charge; (3) had ever been convicted of a misdemeanor crime of domestic violence of an intrafamily offense, such as one defined in D.C. Official Code § 16-1001(8) ; (4) subject to a civil protection order issued in relation to domestic violence and required the person to relinquish possession of any firearms.

The District can obtain this data for at least some of the class members using class- wide search terms parameters (instead of making individual requests for each class member by using District databases). For example, the District can search for class members with felony convictions or who have been adjudicated mentally incompetent prior to their arrests in CourtView. The Gun Offender Registry referenced in 20100914 SO_10_12 LES [DC_M SMITH - 000301] will have data on persons convicted of felonies. For class members with felony convictions or who have been adjudicated mentally incompetent prior to their arrests the enquiry can end there.

The District can also make group searches for persons who (2) had ever been convicted of a firearms charge; (3) had ever been convicted of a misdemeanor crime of domestic violence of an intrafamily offense, such as one defined in D.C. Official Code § 16-1001(8); (4) subject to a civil protection order issued in relation to domestic violence and required the person to relinquish possession of any firearms in CourtView and the Gun Offender Registry.

### Burden analysis has to be refined to account for different categories of people

The District estimates that 4,500 people were arrested during the Class Period or otherwise belong to the classes regarding people arrested or prosecuted.  [this number maybe higher because there are 413 names in the CourtView data that were not in the MPD arrest database.] Of these, somewhere around 1,500 of them were referred for prosecution (whether or not papered).

So that leaves about 2,500 arrestees who were not prosecuted by the District in Superior Court. Some number of these arrestees were no paper-ed so that reduces the number further because the files on no-papered arrestees must have criminal history data such as PTSA reports.

These two groups can be treated differently because the District must maintain more data about criminal history for the "prosecuted group" than for the "arrested and released group" because the District prosecutes people for FIP etc., and even if the data is not readily accessible in MPD databases must be in CourtView. Moreover, people who are presented at First Appearance have release information collected by PTSA and at some point PTSA will prepare.

The burden analysis has to be refined to account for different categories of people and the information that is available for them and in what format. For example, it seems that every person whose case was referred for prosecution (whether papered or not) was the subject of a criminal

**Pls.'s Ex. 22, p. 4**        Page 4
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

history search for purposes of the prosecution, and the results of the search are in CourtView in the Pre-Trial Services module in ESI format. The Pre-Trial Services module in CourtView has a criminal history function. See Barnes v. District of Columbia, No. 06-315 (D.D.C., 2/28/2013)(RCL)(Superior Court is treated as an agency or body of the District of Columbia for purposes of § 1983 municipal liability), p. 17 [Document # 433]. The District can make batch queries in the CSOSA database or in CourtView.

### This request is not limited to District of Columbia Databases

Moreover, this request is not limited to District of Columbia databases. It also includes databases under the control of other stakeholders in the District's criminal justice system. Under Rule 33 of the Federal Rules of Civil Procedure, a party responding to an interrogatory must "compile information within his control'" and provide "'all information available to him.'" Huthnance v. District of Columbia, 255 F.R.D. 285, 292-93 (D.D.C. 2008) (quoting Alexander v. FBI, 192 F.R.D. 50, 53 (D.D.C. 2000) and Trane Co. v. Klutznick, 87 F.R.D. 473, 476 (W.D.Wis. 1980)); see also Jay E. Greig and Jeffrey S. Kinsler, Handbook of Federal Civil Discovery and Disclosure § 8:17, at 479 (2010) ("A party cannot avoid answering [an interrogatory] by alleging ignorance, if the party can obtain the necessary information through reasonable inquiry . . . [a] party cannot limit its answer to matter within its own knowledge and ignore information readily available to it or under its control . . . . This may require a party to seek information from non-parties in order to answer the interrogatory."); see also Engel v. Town of Roseland, No. 06-CIV-430, 2007 U.S. Dist. LEXIS 73645, 2007 WL 2903196, at *4 (N.D. Ind. Oct. 1, 2007) ("[W]hen a party has a right to obtain a copy of a document, it controls that document and [**39]  must produce it when requested to do so under Rule 34.").

Rule 34 permits a party to request the production of any documents, electronically stored information, or things within the "possession, custody or control" of another party. Fed. R. Civ. P. 34(a)(1). The terms "possession," "custody," or "control" are listed in the disjunctive, and thus only one of these requirements need be met. 7 Moore's Federal Practice - Civil § 34.14 (2020); Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (city and its police officers had control over records of psychological evaluations conducted by physician at police department's request).

"[C]ontrol" is defined not as possession but as legal right to obtain documents on demand, and so the legal right to obtain documents on demand is the test as to whether the production is required under Rule 34. Alexander v. FBI, 194 F.R.D. 299, 301 (D.D.C. 2000).

 Since the District has the right, authority, or practical ability to obtain the documents they are in the "control" of the District for purposes of Rule 34. In re Barnwell Enters., 265 F. Supp. 3d 1, 16 (D.D.C. 2017) (control does not require that party have legal ownership or actual possession of requested documents, but rather the right, authority, or practical ability to obtain them).

The District's objection does not contend that the documents do not exist or that they are not within the "control" of the District. In fact, the objection concedes that the documents exist in federal and local databases that the District has access to.

So this means that data in CSOSA and U.S. Attorney databases is within the control of the District under Rule 34.

**Pls.'s Ex. 22, p. 5**                            Page 5
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

Moreover, the U.S. Attorney database is available to the District not only because it is within the control of the District government but also because Judge Lamberth has ruled in this case in his Memorandum Opinion on the District's motion to dismiss that the District prosecutors prosecute for the District so criminal history within the possession of the District prosecutors is also at least within the control of the District.

Also, Judge Lamberth has ruled that the Superior Court is part of the District for discovery purposes in this case, *Smith v. District of Columbia*, 387 F. Supp. 3d 8, 21 n.11 (D.D.C. 2019)(the District cannot accuse the U.S. Attorney and the D.C. Attorney General of independently injuring plaintiffs by choosing to prosecute them, since they acted on the District's behalf), and in *Barnes* that the Superior Court is part of the District for these purposes. *Barnes v. District of Columbia*, 2013 U.S. Dist. LEXIS 207911, *28 (D.D.C. 2/28/2013)(RCL)(Superior Court is treated as an agency or body of the District of Columbia for purposes of § 1983 municipal liability) [Document # 433] p. 17.

CSOSA is a database of the District on that theory. Also, under CSOSA's governing statutes "[t]he Agency shall carry out its responsibilities on behalf of the court or agency having jurisdiction over the offender being supervised." D.C. Code § 24-133(c). The Attorney General for the District of Columbia shall provide litigation services to the District of Columbia Pretrial Services Agency. D.C. Code § 24-133 (e)(4).

The following is a list of District databases (or databases within the District's "control") from which the District can conduct searches without having to make the searches on an individual basis.

* * * * * * *

**INTERROGATORY, SECOND SET, NO. 5:** Please identify any person: A. who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/or prosecuted after the start of the Class Period;

and B. who was, as of the time of their arrest described above in subparagraph (A), either in D.C or anywhere else in the United States: (1) a drug addict; (2) had ever been convicted of a felony; (3) had ever been convicted of a firearms charge; (4) had ever been convicted of a misdemeanor crime of domestic violence of an intrafamily offense, such as one defined in D.C. Official Code § 16-1001(8) ; (5) subject to a civil protection order issued in relation to domestic violence and required the person to relinquish possession of any firearms; or (6) had been judged mentally incompetent by a court.

> **Response:** The District objects to this Interrogatory as overly broad and unduly burdensome because part B seeks information that is not captured at arrest; the information requested would have to be obtained by individually searching numerous databases, federal and local, for each of the more than 4,500 individuals identified in part A.

Plaintiffs' Comment:

**Pls.'s Ex. 22, p. 6**
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

Page 6

The mere fact that "information that is not captured at arrest" does not absolve the District of the responsibility for responding to the Interrogatory. The District "captured" the information at some point during the engagement with the class members. For example, the MPD ran criminal history checks on arrestees when it made charging decisions and conducted investigations. Moreover, the District runs fingerprints through AFIS ("Automated Fingerprint Identification System") for practically every misdemeanor and felony arrest and some "District" charges especially District charges involving weapons. So then the MPD or the District prosecutors had the data in its possession at some point.

If the District accessed criminal histories of arrestee class members and used it in charging and release decisions and investigations then the District should have preserved the criminal histories. If the District would now have to re-access the criminal history data "by individually searching numerous databases, federal and local, for each of the more than 4,500 individuals identified in part A" because the District did not preserve the criminal history data in an easily retrievable format then, the burdensomeness of many searches to comply with Plaintiffs' requests is caused by the District's inadequate filing and data retention system and processes. If the MPD had the criminal history in its possession and either did not retain it or only retained it in paper or pdf format in files of detectives or special units then the problem is an inadequate filing system problem. *Bayer Corp. v. United States*, 850 F. Supp. 2d 522, 539 (W.D. Pa. 2012)(*quoting Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976)). The District has a duty to produce the records and the District is estopped from asserting its own inadequate filing system as a shield from the burdens of discovering items in the inadequate filing system. *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976)(to allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules); *Costantino v. City of Atl. City*, 152 F. Supp. 3d 311, 327 (D.N.J. 2015)("problem with Atlantic City's burdensome argument is that its burden is its own doing").

The issue is whether the information is available to the District after reasonable investigation or whether the information is within the District's possession, custody or control. The information is currently possessed by MPD or CSOSA / PTSA or the U.S. Attorney or the District of Columbia attorney General's office.

Nor is the mere fact that "the information requested would have to be obtained by individually searching numerous databases, federal and local, for each of the more than 4,500 individuals identified in part A" a reason to not respond. This response establishes that the information is within the "control" of the District under Fed. R. Civ. P. 34 or the information is available to the District after reasonable investigation. The need for individual searches (if that is true) is caused by the District's an inadequate filing system, so the District has a duty to produce the criminal history records and the District is estopped from asserting its own inadequate filing system as a shield from the burdens of discovering items in the inadequate filing system. *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976)(to allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules); *Costantino v. City of Atl. City*, 152 F. Supp. 3d 311, 327 (D.N.J. 2015)("problem with Atlantic City's burdensome argument is that its burden is its own doing").

**Pls.'s Ex. 22, p. 7**
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

Page 7

Anyway, there are two groups of people in the class in terms of available data: (1) class members who were arrested and released without being referred for prosecution (whether or not papered), and (2) class members who were referred for prosecution (whether or not papered).

We cannot say the total amount of criminal history data the District has about group 1 but surely for each member of group 2 the District through PTSA ran criminal history searches for each one referred for prosecution (whether or not papered). See attached PTSA criminal history reports. This data is in CourtView because CourtView has a PTSA module. The Pre-Trial Services module in CourtView has a criminal history function. The data in CourtView in the Pre-Trial Services module is in ESI format. Even if it is in the possession of CSOSA it is in the "control" of the District because it is in the control of the Superior Court because CSOSA works for the Superior Court by providing it services and data and Judge Lamberth ruled in *Barnes* that the Superior Court is part of the District for these purposes. *Barnes v. District of Columbia*, 2013 U.S. Dist. LEXIS 207911, *28 (D.D.C. 2/28/2013)(RCL)(Superior Court is treated as an agency or body of the District of Columbia for purposes of § 1983 municipal liability) [Document # 433] p. 17.

**REQUEST FOR PRODUCTION NO. 3:** All documents which relate, reflect, or refer to any records relating to arrests, prosecutions and criminal convictions for each person who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period.

> 4. All records from all fields (including metadata) from any MPD booking database referring to every person (resident and non-resident alike) who: (1) was arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period; or (2) who had been arrested for such laws before the start of the Class Period but was still being detained and/ or prosecuted after the start of the Class Period.

**District's Response:**

**Plaintiffs' Comment:**

This Request is additionally duplicative of plaintiffs' original Request for Production No. 4, served December 28, 2019. Therefore, this Request is not proportional to the needs of this case.

> This Request [Document production request #3] is not duplicative of plaintiffs' original Request for Production No. 4. Plaintiffs' original Request for Production No. 4 was limited to "records from all fields (including metadata) *from any MPD booking database*." (emphasis added). Document production request #3 calls for "All documents" without any limitations on the source of the documents. So, current Document production request #3 calls for documents from outside sources under the control of the District such as WALES, and any other local or federal database.

**Pls.'s Ex. 22, p. 8**
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

Page 8

**The District objects to this Request as overly broad and unduly burdensome, because it seeks documents irrelevant to the allegations in the Complaint and would require the expenditure of many hours of labor to gather and review.**

Request No. 3 is not "overly broad [nor] unduly burdensome" because it is limited to information relevant to a claim [Claim 2] or defense [District's defenses to Claim 2] that is proportional to the needs of the case. *Black v. Buffalo Meat Serv., Inc.*, 2016 WL 4363506, at *6 (W.D.N.Y. Aug. 16, 2016)("In effect, the concept of undue burden that has been in Rule 26 for the last thirty plus years has been replaced by proportionality, with the burden as one factor to determine whether the discovery demand is proportionate to the case."). The District has not carried its burden of showing the request is not proportional.

**WALES (or its successor) and NCIC**

The District's objection did not state whether and how much information is in the MPD database. MPD runs the Arrest and Criminal History Section which provides police clearances to the general public. Doubtless the data is in a database and MPD can make batch queries in the database. Contact: Yolanda Murphy, Records Manager, (202) 727-8583 (office), Yolanda.Murphy2@dc.gov

Nor did the District explain why WALES (or its successor) and NCIC can be "group-searched."

**Pretrial Services and CSOSA**

As the attached PTSA reports show that CSOSA ran criminal history reports. The reports look like they were generated out of a computer so CSOSA probably has the data in a database or some other easily searchable format.

In addition to the Pre-Trial Services criminal history reports, CSOSA also provides sentencing information for the Superior Court Judges and Magistrate Judges.

CSOSA also supervises District of Columbia offenders on parole, probation, and supervised release who seek to reside in jurisdictions outside the District of Columbia and the supervision of offenders on parole, probation, and supervised release from jurisdictions outside the District of Columbia who seek to reside in the District of Columbia. the District can select the data that shows the information Plaintiffs need.

CSOSA supervises adults subject to protection orders and can tell us who was subject to CPOs with gun restrictions at the time of their arrests. This information is also in CourtView.

At the very least PTSA reports are "images" in CourtView and the District can produce the PTSA reports out of CourtView.

**Other sources of criminal history information**

Also, have you tried asking the Gun Recovery Unit? MPD refers weapons cases to detectives and Gun Recovery Unit and they have records on criminal history.

**Pls.'s Ex. 22, p. 9**   Page 9
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

Also, the Gun Offender Registry referenced in 20100914 SO_10_12 LES [DC_M SMITH - 000301] has a list of persons convicted of felonies.

Some of the criminal history records are available in JACCS because the Department of Corrections needs them to make classification decisions.

These are only a few ideas. The District has the obligation to produce records in its possession, custody and control and to conduct a reasonable investigation of people and records in its possession, custody and control.

**Individual searches.**

At the end of the day of the District cannot make group searches it will have to make individual searches or pull images from its databases. The District has the data in its own database or within databases within its control and plaintiffs have no way to access the criminal history records.

Where relevant evidence is in the sole possession of the defendant, discovery is generally proportionate to the needs of the case. *Albritton v. CVS Caremark Corp.*, 2016 WL 3580790, at *4 (W.D. Ky. June 28, 2016)("Here, proportionality favors the Plaintiff. ... It is highly unlikely that Plaintiff could discover similar information from another source or in another manner. Defendants are in the best position to produce these documents."); *Schultz v. Sentinel Ins. Co., Ltd*, 2016 WL 3149686, at *6 (D.S.D. June 3, 2016)("The amended rule also specifies one additional factor to be considered in determining proportionality: the parties' access to relevant information. This factor definitely favors Sentinel, who 'holds all the cards' on the discovery sought by Ms. Schultz.").

This is especially so where the evidence is held by a large corporation with sophisticated access to data that they do not permit outsiders to review. *Labrier v. State Farm Fire & Cas. Co.*, 314 F.R.D. 637, 643 (W.D. Mo. 2016)("LaBrier does not have access to the information she seeks, other than through the discovery, as it is in State Farm's own database and the database of its vendor, Xactware. In terms of resources, LaBrier is an individual, while State Farm is a corporation with a national presence, with sophisticated access to data. As discussed in the preceding section, the burden or expense of the discovery outweighs its likely benefit, particularly in light of State Farm's refusal to permit an outsider to access its computer system or even provide complete lists of its data fields.").

> **INTERROGATORY, SECOND SET, NO.** 6: For each person who was arrested during the Class Period or who was arrested before the class period but whose prosecution continued for any part of the class period Class Period describe each weapon and accessory such as ammunition, scopes and holsters seized from such persons and state the value of each such item, the date it was seized, the date it was returned, and whether it was destroyed if not returned.
>
> **Response:**  The District objects to this Interrogatory as overly broad and unduly burdensome because it would require the review and collection of data from potentially thousands of pieces of paper. Subject to the General Objections and the foregoing objection, the District identifies responsive business records under Fed.

**Pls.'s Ex. 22, p. 10**              Page 10
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**

      R. Civ. P. 33(d): beginning with the document Bates-stamped DC_M SMITH - 008675.

**Plaintiffs' Comment:**

Merely because the District would have to expend time and effort responding to the requests does not make them unduly burdensome or non-proportional. This is a civil rights claim worth a lot of money so the requests are proportional.

The information is in EvidenceOnQ and maybe the other MPD databases so the District could generate a response in an excel spreadsheet out of those databases with the criteria we request.

The option to specify the EvidenceOnQ database as business records under Fed. R. Civ. P. 33(d) is not available to the District here because "the burden of deriving or ascertaining the answer will [NOT] be substantially the same for either party." The Litigation Expenses and the attorney time sheets Plaintiffs' counsel produced in the Hoyte case show how much money and time the Hoyte plaintiffs had to spend extracting usable data points from EvidenceOnQ.

Sincerely yours,


/s/ Chaz Claiborne
William Claiborne

**Pls.'s Ex. 22, p. 11**　　　　　Page 11
**Pls.'s Deficiency lttr - criminal history**
**Smith v. DC, 15-737 (RCL)**