UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 15-737 (RCL) |

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO
AMEND SECOND AMENDED COMPLAINT

INTRODUCTION

Plaintiffs seek leave to amend their Second Amended Complaint [50] and to file their Third Amended Complaint, which adds Kimberly Buffaloe and Carl Atkinson as named plaintiffs. Plaintiffs' motion, however, does not explain or justify their undue delay in seeking to add these plaintiffs. Plaintiffs had notice of the identities of Ms. Buffaloe and Mr. Atkinson for almost a year prior to the filing of this motion. Because plaintiffs fail to offer any explanation for their undue delay, the motion for leave to amend should be denied.

BACKGROUND

Plaintiffs commenced this lawsuit almost six years ago, on May 18, 2015. *See* Compl. [1]. After the District of Columbia (the District) moved to dismiss, plaintiffs filed an amended complaint. *See* Am. Compl. [22] (September 15, 2015). Again, the District moved to dismiss, *see* Def.'s Mot. [23] and plaintiffs sought leave to again

amend their complaint. *See* Plaintiffs' Am. and Restated Mot. for Leave to Amend First Am. Compl. and to File Second Am. Compl. [43].

The District opposed, arguing among other things that the proposed Second Amended Complaint (SAC) would impermissibly expand the scope of the factual allegations and add unrelated claims. *See* Def.'s Opp. [44] at 1. The Court granted plaintiffs' motion and the SAC became operative. Order (Sept. 18, 2018) [48]. After additional briefing, the Court granted in part the District's motion to dismiss the SAC, dismissing all claims but Counts 1, 3 and 6. May 16, 2019 Order [59] (*Smith v. District of Columbia*, 387 F. Supp. 3d 8, 33 (D.D.C. 2019)). Plaintiffs moved to reconsider, but their motion was denied. *See* Nov. 27, 2019 Mem. Op. and Order [76].

The Parties negotiated a protective order and then proceeded into discovery, with fact discovery on liability and class issues initially set to close on May 26, 2020. *See* Order (Dec. 26, 2019) [80]. Shortly after the issuance of the first scheduling order, plaintiffs propounded their first set of document production requests and interrogatories (copy attached as Exhibit 1). Those requests, generally, sought documents and information on potential class members, *i.e.*, persons "arrested for any alleged violation of any provision of the District's laws (including any statute or regulation or other type of law) governing firearms or ammunition during the Class Period ... ." Ex. 1 at 3.

The District provided responses and documents, *see* Exs. 2 (Defendants' Responses and Objections to Plaintiffs' First Set of Document Production Requests and Interrogatories) (Feb. 11, 2020), 3 (Smith Maggie PROD001 Index.pdf), including

a spreadsheet entitled "ClassAction_Firearm_Ammunation_Reports" (*sic*) from the Metropolitan Police Department, which included the names of potential class members, including Ms. Buffaloe and Mr. Atkinson. Ex. 4 (redacted excerpt of ClassAction_Firearm_Ammunation_Reports) at 1, 2.

Plaintiffs sought additional extensions of discovery with the District's consent. *See* Order (Aug. 25, 2020) [88] (fact discovery to close November 10, 2020); Order (Oct. 7, 2020) [90] (fact discovery to close December 1, 2020); Order (Nov. 16, 2020) [92] (fact discovery to close December 22, 2020). The District also sought and received (with opposing counsel's consent) an extension of the scheduling order. *See* Order (Dec. 11, 2020) [94] (fact discovery to close January 22, 2021). On January 15, 2021, with the District's consent, plaintiffs sought to amend the scheduling order by an additional 30 days. *See* Pls.' Mot. to Amend [99].

On November 7, 2020, plaintiffs first advised the District's counsel of their intent to seek leave to add Ms. Buffaloe as a named plaintiff. Ex.5 (email from W. Claiborne to A. Saindon). Plaintiffs' pending motion seeks to add two named plaintiffs—Kimberly Buffaloe and Carl Atkinson—to serve as putative class representatives. *See* Pls.' Mot. at 3; *id.* at 8 ("All named plaintiffs belong to both classes.").[1]

---

[1] Although plaintiffs' motion references "both" classes, the putative Third Amended Complaint refers to three classes—the Second Amendment Arrest Class, the "Nonresident Class Arrest Class," and the Fourth Amendment Handguns and Ammunition Retention Class. *See* [95-1] at ¶¶ 307–09.

## LEGAL STANDARD

In deciding whether to grant leave to file an amended complaint, a court "must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *United States ex. rel. Scott v. Pacific Architects & Engineers (PAE), Inc.*, 327 F.R.D. 17, 19–20 (D.D.C. 2018) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Undue delay "is a sufficient reason for denying leave to amend." *Mowrer v. United States Dep't of Transp.*, 326 F.R.D. 350, 351 (D.D.C. 2018) (quoting *Atchinson*, 73 F.3d at 426). "To determine what is 'undue delay,' the parties' conduct in the litigation and the possibility of resulting prejudice should be considered." *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (citing *Atchinson*, 73 F.3d at 426).

## ARGUMENT

The District does not object to plaintiffs seeking to amend the complaint to delete dismissed claims, nor does the District contend that bad faith or dilatory motives motivate plaintiffs here. The District does, however, object to the unexplained and undue delay in adding two new plaintiffs at this late date and the potential effect on discovery and the briefing schedule going forward.

Plaintiffs assert that because the scheduling order did not include a deadline for amendment of the pleadings, the "more stringent Rule 16 'good cause' standard" does not apply here. Pls.' Mot. at 3. Whether or not that proposition is correct,

plaintiffs miss the point. While the Parties may have inadvertently failed to include a deadline in their proposed scheduling order for amending the pleadings, that failure does not permit "leave to amend in any way Plaintiffs see fit." *Valle v. Karagounis*, 2020 WL 4039306, *2, Civil Action No. 19-03764 (CJN) (D.D.C. July 16, 2020). The Court should still conduct the analysis required under *Foman*. *Id*.

Here, that analysis shows that plaintiffs waited too long to attempt to add additional named plaintiffs without any reason—let alone good cause—for such delay. Plaintiffs assert that they "provided actual notice regarding Ms. Buffaloe 60 days before the close of discovery and six weeks before the filing of the motion[,]" Pls.' Mot. at 15, but that is incorrect. When plaintiffs first notified the District of their intent to add Ms. Buffaloe (November 7, 2020), *see* Ex. 5, the deadline for fact discovery in the governing scheduling order was November 10, 2020 [88]. And while the scheduling order was again extended, *see* [90], [92], and [94], those extensions did not change the fact that plaintiffs waited for almost nine months after learning the identities of Ms. Buffaloe and Mr. Atkinson before they notified the District of their intent to amend the complaint.

This case began almost six years ago and has involved extensive motions practice as plaintiffs' claims evolve and are clarified. Indeed, plaintiffs have already amended their complaint twice in response to the District's dispositive motions. But, again, plaintiffs fail to explain why they waited almost nine months before seeking to amend here. "Courts that have found an undue delay in filing have generally confronted cases in which the movants failed to promptly allege a claim for which

they already possessed evidence." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9 (D.D.C. 2013). Plaintiffs here possessed evidence of the identities of putative class members as of February 2020 but waited until January 2021 to seek leave to add Ms. Buffaloe and Mr. Atkinson as named plaintiffs. Plaintiffs' request should therefore be denied. *See, e.g.*, *Dun v. Transamerica Premier Life Ins. Co.*, Civil Action No. 19-40 (JEB), 2020 WL 4001472, at *6 (D.D.C. July 15, 2020) ("Plaintiffs offer no compelling reason for their protracted, more-than-two-year delay in requesting leave to amend … .") (citing *Heller v. District of Columbia*, 290 F.R.D. 1, 4 (D.D.C. 2013) (denying plaintiffs' motion for leave to amend their complaint because plaintiffs offered "no justification for their tardiness in seeking these amendments" and "[t]his is not a case where facts unearthed during discovery revealed new claims or defects in the pleadings")). *Cf. Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012) (finding undue delay when motion to amend was filed "five years after the initial complaint and after discovery had closed"); *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977) (finding undue delay when complaint had been pending for over three years and the record reflected "no sound reason for the [plaintiffs'] failure to seek amendment earlier").

Similarly, plaintiffs fail to mention the potential change to the summary judgment briefing schedule moving forward if the operative complaint changes at this late stage, potentially requiring further discovery by the District regarding the newly-added plaintiffs. A court may "deny a motion to amend 'where the only result would

be to waste time and judicial resources.'" *Doe v. Bank of Am. Corp.*, 273 F. Supp. 3d 203, 209 (quoting *Ross v. DynCorp.*, 362 F. Supp. 2d 344, 364 n.11 (D.D.C. 2005)).

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' Motion for Leave to Amend Second Amended Complaint.

Dated: January 20, 2021.        Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Chief, Equity Section

*/s/ Andrew J. Saindon*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
BRENDAN HEATH [1619960]
Assistant Attorney General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-6643
(202) 730-1470 (fax)
andy.saindon@dc.gov

*Counsel for Defendant*