UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, et al.<br><br>Plaintiffs,<br><br>    v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant. | Civil Action No: 15-737 (RCL) |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs' Motion for Leave to Amend [95] ("Pls.'s Mot.") should be granted because the District failed to carry its burden of establishing a reason for denying leave to amend in its Opposition [101]("Def.'s Opp'n"). *See Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008)( party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend).

Two preliminary issues

Plaintiffs address two preliminary issues in the District's Opposition before responding to the District's "arguments."

First, the District expressly conceded the absence of bad faith or dilatory motive. Def.'s Opp'n, p. 4. The District limits its express objections to what it calls "the unexplained and undue delay in adding two new plaintiffs at this late date and the potential effect on discovery and the briefing schedule going forward." *Id.* The District waived objections based on the other *Foman* factors such as futility of amendment by not raising them. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Atchinson v. District of Columbia*, 73 F.3d 418, 427 (1996).

Page 1

Second, the Parties expressly and knowingly agreed in the Meet & Confer Statement that "that Federal Rule of Civil Procedure 15 should govern any amendment of the pleadings." Meet and Confer Statement [78], p. 6, ¶ 2. The Parties did not "inadvertently fail[] to include a deadline in their proposed scheduling order for amending the pleadings" as the District implies. In fact, the provision was in the first draft of the statement the District sent to Plaintiffs. Plaintiffs' counsel and the District typically do not propose a deadline for amending the pleadings in their Meet and Confer Statements and their proposed Scheduling Orders.

Moreover, *Valle v. Karagounis* and the language from it Defendant quotes have no bearing on this motion because *Valle v. Karagounis* is distinguishable. *Valle v. Karagounis*, 2020 WL 4039306, *2, (D.D.C. July 16, 2020). The only issue in *Valle v. Karagounis* was whether the movant had discussed the proposed amended complaint with the non-movant before filing. *Id.* at *9. Nothing in "that analysis shows" anything about Plaintiffs' motion because Judge Nichols did not reach the merits.

### Plaintiffs' motion should be granted because the District does not establish prejudice or futility or any other reason to deny the motion

None of the District's arguments hold water.

First, the District's contention that Plaintiffs did not "provide[] actual notice regarding Ms. Buffaloe 60 days before the close of discovery and six weeks before the filing of the motion[,]" overlooks the facts that the District did not provide the address data Plaintiffs' counsel needed to identify residents and locate potential class members until August 31, 2020. Pls.'s Ex. # 1. Plaintiffs were looking for resident Named plaintiffs so they could not begin to identify Named plaintiffs and try to find them without the address data. At any rate, the District had ample time to depose Ms. Buffaloe and they still do. At any rate, by waiving any objection based on dilatory the District

waived any objection based on the mere passage of time. *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959).

So, the District's contention that "[P]laintiffs waited for almost nine months after learning the identities of Ms. Buffaloe and Mr. Atkinson before they notified the District of their intent to amend the complaint" is not a complete statement and what is omitted obscures some crucial facts.

To be sure, the District did produce a data export from the MPD arrest database with data about potential class members on February 11, 2021, and the data export did include data about Ms. Buffaloe's arrest in it. But, that data export did not include residence and address information. Pls.'s Ex. 1 (Grabowski Decl.). Without address data Plaintiffs' counsel were unable to determine which persons in the data export were residents and which were non-residents. And as a practical matter Plaintiffs' counsel unable to contact potential Named Plaintiffs. Plaintiffs could not simply go downtown to the Courthouse and look up address for persons in in the data export in CourtView because the Superior Court courthouse has been effectively closed due to the Covid-19 pandemic. Images (with address information) in Superior Court felony cases are not available online at the Court's website.

In fact, the District did not produce a data export with residence and addresses until August 31, 2020.  Pls.'s Ex. # 1. As a result, Plaintiffs could not identify residents and learn their addresses and begin the process of screening them and contacting them and learning their suitability as class representatives and Named Plaintiffs until after that date. Moreover, as with Ms. Buffaloe, many persons had changed their addresses by that point.

Therefore, a meaningful calculation of "delay" in terms of this motion is 67 days. That is, the District produced the data export with address data on August 31, 2020. Plaintiffs then analyzed the data to locate residence and addresses, updated the addresses, reached and communicated with potential new plaintiffs, selected candidates, and then notified the District of

Ms. Buffaloe by name and residency on November, 7, 2020. And any brief period between Plaintiffs' notifying the District of their intent to amend and Plaintiffs' actually filing the motion for leave to amend is insignificant because the District was on notice of the name of the prospective **Named Plaintiff** and Plaintiffs provided discovery responses for her. Order granting leave to amend [208], pp. 1-2 (docketed 1/20/2011), *Barnes v. District of Columbia*, 06-315 (D.D.C.) (RCL).

Moreover, viewing the date of production accurately, if the District had produced address data about people in the data export back on February 11, 2021, Plaintiffs likely could have screened the potential class members and notified the District by April 17, 2020. So the District is actually responsible for any delay between April 17, 2020 and November 7, 2020. *See Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1981) (reversing a denial of leave to amend a complaint and noting that the plaintiffs' "substantial delay" was "insignificant relative to the five-year inability of the FBI to locate the same wiretaps") (*quoted in Atchinson v. District of Columbia*, 73 F.3d 418, 426 (1996)).

As to changes to the summary judgment briefing schedule moving forward if the operative complaint changes, Plaintiffs did state that they did not expect the amendment to affect the schedule if granted. Nor did the District articulate any changes to the schedule. All the District mentioned was "potentially requiring further discovery by the District regarding the newly-added plaintiffs." The District had ample opportunity to depose Ms. Buffaloe and Mr. Atkinson and it refused to take the opportunity.

At the end of the day whether to grant Plaintiffs' motion boils down to whether the District has articulated any prejudice from granting Plaintiffs' motion. *Atchinson*, 73 F.3d at 427 (1996)(focusing on prejudice rather than mere passage of time).

The answer is no, as explained in Plaintiffs Motion [95]. Order [208], p. 2 (docketed 1/20/2011), *Barnes v. District of Columbia*, 06-315 (D.D.C.) (RCL)(noting no delay where require amendment would not require the District to engage in additional discovery, plaintiffs had already submitted signed interrogatory responses from the proposed new plaintiff, and the District had advance notice of the proposed amendment); *see e.g., Heller v. District of Columbia*, 290 F.R.D. 1, 5 (D.D.C. 2013)(Court denied motion for leave to amend to add an abandoned claim and new plaintiffs with standing to bring the new claim because Government had planned and prepared for litigation throughout the discovery period on the assumption that that claim had been abandoned for lack of a plaintiff with standing).

## Conclusion

For the reasons stated above and in Plaintiffs' Motion for Leave to Amend the Complaint the motion should be granted.

Respectfully submitted,

| | |
|---|---|
| /s/William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Named Plaintiffs<br>717 D Street, N.W.<br>#300<br>Washington, DC 20004<br>Phone 202/824-0700<br>Email clairbornelaw@gmail.com | |