UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, et al.,<br><br>Plaintiffs,<br><br>   v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No: 15-737 (RCL) |

DECLARATION OF TODD GRABOWSKY FOR SUMMARY JUDGMENT

ARRESTS

Summary of voluminous records

**Named Plaintiffs Table of Cobalt Charges and Other Data**

1.  The following table is a list of the Named Plaintiffs and the list of MPD charged offenses of each Named Plaintiff shown in the data exports from Cobalt with the offense descriptor used in Cobalt.

| Named Plaintiffs | Date of Arrest | MPD offense charged | MPD offense descriptors used in Cobalt [1] | Date Case Presented in Superior Court | Date U.S. Case Dismissed |
|---|---|---|---|---|---|
| Maggie Smith | June 29, 2014 | CPWL | Carrying A Pistol | June 30, 2014 | April 21, 2015 |
| Rob Cassagnol | October 9, 2013 | CPWL and UA | Carry Pistol W/o Lic-outside Home/busines Possession Of Unregistered Ammunition Possession Of Unregistered Firearm | October 10, 2013 | July 29, 2014 |
| Frederick Rouse | August 30, 2014 | UA and UF | Possession Of Unregistered Ammunition Possession Of Unregistered Firearm | September 1, 2014 | April 22, 2015 (case prose-cuted by OAG) |
| Delontay Davis | March 23, 2014 | CPWL/ felon-in-possession & UA | Carry Pistol W/o Lic-prior Fel/cpowl Possession Of Unregistered Ammunition | March 24, 2014 | January 16, 2015 |
| Kimberly Buffaloe | July 21, 2012 | National Firearms Act, UF | Carrying A Pistol National Firearms Act | July 21, 2012 | March 19, 2013 |
| Carl Atkinson | January 28, 2014 | UA & UF | Possession Of Unregistered Ammunition Possession Of Unregistered Firearm | January 29, 2014 | April 28, 2014 |

---

[1] "MPD offense charged" is the screen name of the offense that the data entry person sees on the screen; "MPD offense descriptors used in Cobalt" is the programmer name in the data export.

2. The unique descriptors and coding of offenses used to identify the felon-in-possession offenses and the other offenses were provided to me by Plaintiffs' counsel.

3. There are about 4,500 unique arrests in the data exports from Cobalt. About 2,872 of the arrests on gun charges have either one or some combination of the following three offenses CPWL/ UF/ UA. One reason for difference in the numbers between arrests and CPWL/ UF/ UA offenses is (according to Plaintiffs' counsel) the MPD sometimes used a different descriptor for the CPWL/ UF/ UA offense, *e.g.*, Possession of a Prohibited Weapon.

4. Of the arrests, about 172 of them have some version of a felon-in-possession ("FIP") offense as an MPD charge in Cobalt.

5. Other MPD charges on MPD charged arrests include:

   a) Unlawful Discharge Of A Firearm: 22

   b) Presence In A Motor Vehicle Containing A Firearm: 33

   c) Unlawful Transportation OF A Firearm: 8

   d) National Firearms Act: 55

   e) Carry Pistol W/o License-gun Free Zone: 11

   f) Fugitive from Justice: 34

   g) CPO with Relinquish Gun Order: 0

   h) Intrafamily Offense: 0

   i) Possession of a Prohibited Weapon: 486

   j) Possession of a Large Capacity Ammunition Feeding Device: 0

6. Some arrestees were charged with more than one of the offenses listed above.

7. There are 92 arrests that have both FIP and CPWL/UA/UF offenses.

8. This summary of voluminous data is based on how offenses were coded by Plaintiffs' counsel and the numbers are not exact because I counted the offenses as they appear in the Cobalt and CourtView data exports and, according to Plaintiffs' counsel, there is some inconsistency in how the MPD charges gun offenses.

### SEIZURES OF GUNS

9. The following table is a list of the Named Plaintiffs and relevant data from the data export from EvidenceOnQue and CourtView docket sheets about the seizure and retention of their guns. Plaintiffs' counsel informed me that all guns seized by the MPD in connection with gun arrests during the Class Period were classified as evidence by the MPD. Plaintiffs' counsel also informed me that the District still has Ms. Smith's gun. The data for whether the Property Clerk still has Ms. Smith's gun is not in EvidenceOnQue.

| Named Plaintiffs | Date U.S. Attorney prosecution over | Date OAG prosecution over | Date returned or still retained by Property Clerk | |
|---|---|---|---|---|
| Maggie Smith | September 29, 2014 | April 21, 2015 | Property Clerk still has[2] | |
| Rob Cassagnol | July 29, 2014 | April 20, 2015 | Property Clerk still has | |
| Frederick or Fredrick Rouse | none | April 22, 2015 | July 28, 2017[3] Released to Mr. Rouse | |
| Delontay Davis | 1/16/2015 | 3/16/2015 | Property Clerk still has | |
| Kimberly | 3/19/2013 | none | none | none |

---

[2] Provided by counsel: District Answer [117] admitting ¶ 143 in the Third Amended Complaint, "[Ms. Smith's] pistol has remained in the custody of the Property Clerk since the date of her arrest."
[3] Date provided by counsel.

| | | | | |
|---|---|---|---|---|
| Buffaloe | | | | |
| Carl Atkinson | 4/28/2014 | none | none | none |

## PROSECUTIONS

10. There were about 1892 total prosecutions during the Class Period (based on all unique case numbers in prosecution data produced by the District).

11. The most common offenses charged in the indictment were:

    a) CPWL/ UF/ UA: 238 (prosecution charge and indictment charge)

    b) Felon-in-possession: 518

    c) Intrafamily offenses: 25

    d) Fugitive from Justice: 0

    e) Presence In A Motor Vehicle Containing A Firearm: 15

    f) Unlawful Transportation Of A Firearm: 0

    g) National Firearms Act: 0

12. Of the 172 arrests charged with a felon-in-possession by the MPD in Cobalt that have arrest numbers,[4] at least 61 of those arrests were prosecuted by the U.S. Attorney. However, of those 61 prosecutions, only 47 of those prosecutions had a felon-in-possession charge.

13. The US Attorney obtained indictments for 472 total FIP cases (the reason this is less than the 518 above is because many of the FIP cases did not have arrest numbers included in the data export, so there is no way to compare those FIP cases against the arrest data).

---

[4] Some arrests in CourtView do not have arrest numbers, so Plaintiffs are not able to match all arrests in Cobalt with prosecutions in CourtView, so the actual number in CourtView may be higher.



14. The U.S. Attorney obtained indictments for felon-in-possession for 425 prosecutions that were not charged by the MPD with FIP.

15. Of the MPD arrests charged in Cobalt as "National Firearms Act," about 20 were identified in CourtView charged as a D.C. Code offense. The others were not prosecuted or could not be identified in CourtView (because some CourtView cases lack arrest numbers for some arrests so some CourtView cases cannot be matched with the corresponding arrests in Cobalt).

I, Todd Grabowsky, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Todd Grabowsky*
Todd Grabowsky
Signed on March 21, 2021 in the District of Columbia.

Pls.'s Ex. 30, p. 6
Smith v. DC, 15-737 (RCL)

| P.D. 360 Rev. 9/85 METROPOLITAN POLICE DEPARTMENT - Washington, D.C. - REQUEST FOR TELETYPE MESSAGE |||||
|---|---|---|---|---|
| 1. REQUEST FOR<br>☐ LOCAL LOOKOUT<br>☐ INTERSTATE TT<br>✓ ADMINISTRATIVE TT<br>☐ DETAIL (See Reverse) | 2. TYPE<br>✓ ORIGINAL<br>☐ EXPEDITE<br>☐ ADDITIONAL<br>☐ CANCEL<br>☐ CORRECTION<br>☐ REPEAT<br>☐ REPLY | 3. COMPLAINT NUMBER || 6. DATE OF REQUEST<br>AUG - 9 2013 |
| ^ | ^ | 4. UNIT NUMBER || 7. REQUESTING ELEMENT<br>Crime Scene Investigations Division |
| ^ | ^ | 5. ✓ NOT FOR THE PRESS || 8. ☐ FLASH TT REQUESTED |
| 9. TO  THE FORCE |||||
| 10. NAME OF WANTED PERSON || 11. WANTED BY || 12. CHARGE |
| 13. COMPLAINANT=S NAME ||| 14. COMPLAINANT=S ADDRESS ||

**15. DESCRIPTION OF WANTED PERSON OR MESSAGE**

With the exception of law enforcement personnel, it is unlawful for citizens to carry a pistol within the District of Columbia. Therefore, when a firearm is found anywhere other than inside of a residence, it was likely carried there unlawfully and discarded. In many instances, weapons are discarded by criminals after they have been used during the commission of a crime. In order to ensure that all such firearms are properly processed, firearms recovered outside of a building/house (e.g., sidewalk, street, park, yard) shall be classified as "Evidence." They **shall not** be classified as "Found Property."

All firearms that are recovered in outdoor locations, whether or not an arrest is made, must be classified as "Evidence." The reporting members shall prepare a PD Form 251 and PD Form 252 with the lead charge of "Carrying a Pistol" to document the recovery of the weapon. Examples of this would be, but are not limited to:

➢ An instance where MPD receives a tip of guns secreted in a specific location outside of a premise that are then found by the responding officers.
➢ A gun that is found on the street by responding officers after a call for sounds of gunshots and no suspect is located immediately.
➢ When a responding officer recovers a weapon from an abandoned or non-occupied vehicle on public space.
➢ A weapon recovered in the path of flight of a suspect of a crime, where the pursuing officers cannot definitively assess possession to that suspect.

Weapons recovered during a search warrant of a residence, or when encountered during a call for service in a private residence that are not properly registered, shall also be classified as "Evidence." A PD Form 251/252 shall be completed, and the charge should be "Unregistered Firearm" or other applicable violation of the D.C. Code. Final recovery and processing of the weapon shall be carried out by CSID or NSID personnel as indicated in Teletype TT-04-070-13.

| SENDER-BADGE-ORG. ELM.<br>Keith L. Williams,<br>Commander, CSID | AUTHORIZED BY-BADGE-ORG.ELM.<br>Peter J. Newsham,<br>Assistant Chief of Police, ISB | BUREAU HEAD APPROVAL<br>Cathy L. Lanier<br>Chief of Police |
|---|---|---|

| COMMUNICATIONS DIVISION USE ONLY ||
|---|---|
| REMARKS | DATE AND TIME |
| ^ | FILE |
| ^ | TELETYPE NUMBER<br>TT-08-031-13 |

Distribution:   1- Communications Division           2- Element File Copy
                                                      TT#08-031-13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No.: 15-737 (RCL) |

## Maggie Smith's Declaration FOR SUMMARY JUDGMENT

### Ms. Smith's arrest by the MPD and Prosecutions

1. On June 29, 2014, I was a 34 year-old registered nurse with no criminal record and a resident of North Carolina. I was living in suburban Virginia.

2. I still have never been arrested for any criminal offense other the arrest by the District of Columbia Metropolitan Police ("MPD") for carrying a pistol on June 29, 2014.

3. I was employed as a registered nurse at a local Washington, D.C. hospital.

4. At about 8:00 p.m. on the evening of June 29, 2014 I was pulled over by MPD while I was driving my car in the District of Columbia going to dinner with my friend that was in the car with me.

5. I promptly informed the police that I was carrying a pistol for self-defense as I had been taught in my certification courses in North Carolina, and that I had a lawful permit from my home state of North Carolina to carry a pistol.

6. The MPD arrested me for Carrying a Pistol.

Page 1

7. I was taken to 7D and placed in a two person cell with another individual.

8. I was held there overnight and I was taken to the Marshal's lock up in Superior Court the next morning, and then to the courtroom where they called my case.

### MPD's seizure and retention of Ms. Smith's pistol after her cases were dismissed

9. The MPD officers seized my Bersa 380 worth approximately $400.00 when they arrested me on June 29, 2014.

10. The pistol has remained in the custody of the Property Clerk since the date of my arrest.

11. Despite the fact that all charges against me brought by the U.S. Attorney were dismissed on September 29, 2014, and the charges brought against me by the D.C. Attorney General were dismissed on April 21, 2015, the District government still has not returned my pistol and ammunition to me.

12. Nor did the District ever given me notice and a hearing at which I could challenge the District's retention of my pistol.

13. I am a registered nurse and my arrest put my nursing license in jeopardy. I had to go before a board to explain the arrest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Maggie Smith.

Executed on _____.