Defendant's Exhibit No. 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH<br>On behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>    v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No.: 15-737 (RCL) |

PLAINTIFF'S RESPONSES TO DISTRICT'S INTERROGATORIES

Kimberly Buffaloe

**Interrogatory 1:**

>Please fully identify yourself by stating your name, address, date of birth, marital status, and home address for the last 10 years. If you have been known by any other name or alias, please state the name or names in full. If you are or have been married, please identify your spouse or ex-spouse's name, date of birth, and date of your marriage, separation or divorce.

**Objection:**

This objection is "overbroad" with respect to the request for "home address[es] for the last 10 years."

**Response:**

Name: Kimberly Michelle Buffaloe
Alias: N/A
Address: 5182 Clacton Avenue, Suitland, MD 20746
Marital status: Single
Former marriage:

**Interrogatory 2:**

> Identify each person you expect to call as an expert witness, and state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, the educational background and degrees held by such witness, a list of all published work by the witness, any membership in any professional societies or organizations and the identification number of such witness, any courts in which the witness was qualified as an expert and the name of such court and the caption of the action, and attach to your answers any written report made by the expert concerning findings and opinions relating to this lawsuit.

**Objection:**

Since the Scheduling Order does not set the time for expert discovery the deadlines in Rule 26(a)(2) apply.

The mandatory disclosure provisions do not preclude the parties from making further traditional discovery requests about similar information. Therefore, a party may propound interrogatories to seek out additional information about another party's expert witnesses who will testify at trial. However, the interrogatories may not be served at a time that will require response is advance of the time set for expert discovery by the court or by Rule 26(a)(2) (see § 33.41[6]).

7 Moore's Federal Practice - Civil § 33.71 (2019)

Plaintiffs are unable to respond to this interrogatory now because discovery is ongoing.

Absent "specific, plausible grounds for believing that securing early answers" will make discovery more efficient, and because compelling such answers at this time may cause Plaintiffs to inappropriately lock themselves into specific theories, thereby artificially narrowing the issues at hand, responses to these specific interrogatories are not due yet.

Response:
None this time

Interrogatory 3:

> Please state the actual wording or substance of any statements, written or oral, made by any individual, concerning the incidents described in the Complaint, and identify any written documents in your possession related to or evidencing such statement(s). For each statement identified, please also identify the person who made any such statement.

**Objection:**

Ms. Buffaloe objects on the basis of the attorney client privilege and the work product doctrine to the extent requests statements made by, to, or between attorneys and persons such as investigators and paralegals entitled to assert the attorneys' privileges and clients.

The phrase "any individual, concerning the incidents described in the Complaint" is overbroad because it is not clear whether "incidents" refers to any "happening" or to the MPD's arrest of Ms. Buffaloe. Therefore, in answering these interrogatories Ms. Buffaloe construes the phrase, "any individual, concerning the incidents described in the Complaint" to refer to his arrest by the District's MPD.

The phrase "any statements" concerning the incidents described in the Complaint" is overbroad so Plaintiff will provide the principal statements.

This interrogatory is objectionable as a "blockbuster interrogatory" because it calls for a narrative of plaintiffs' entire case. Nieman v. Hale, 2013 U.S. Dist. LEXIS 180397, at *29-30 (N.D. Tex. Dec. 26, 2013) citing Grynberg v. Total S.A., Inc., No. 3-cv-1280, 2006 U.S. Dist. LEXIS 28854, 2006 WL 1186836, at *5-*7 (D. Colo. May 3, 2006). Plaintiffs identify each person having discoverable information that supports a principal or material position plaintiffs have taken or intend to take in this action to the extent disclosing it at this point does not prejudice plaintiffs for the reasons disclosed below, and plaintiffs state the subject matter of the information possessed by that person to plaintiffs' knowledge.

Moreover, as to timing, this interrogatory is a contention interrogatory and does not have to be answered until discovery is mature or over or even later.

**Response:**

Ms. Buffaloe did not make any statements to the District other than at the arrest scene she tried to tell the police officers repeatedly that she was not the person they were looking for but they would not listen to her or my family and best friend who were with her prior to her being in the car with her boyfriend. She also told the officers at the time of arrest the gun was not hers and that it belonged to the driver.

### Interrogatory 4:

> Identify and give the substance of each statement, action, or omission against interest, declaration against interest, or otherwise, whether oral, written, by conduct, silence, acquiescence, or otherwise, which you contend was made by the District. Identify the person making such statement and the place and date when such statement was made.

**Objection:**

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. ... However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." <u>Steil v. Humana Kansas City, Inc.</u>, 197 F.R.D. 445, 447 (D. Kan. 2000)

Also, this interrogatory is premature because it is in the nature of a contention interrogatory. Plaintiff will respond near the close of discovery subject to objections.

**Response:**

I was in the car with my then-boyfriend at the time who had the gun that was found. The police approached saying there was a call about a domestic dispute and a women with a gun.  They asked if they could search the vehicle and my boyfriend allowed them to do so, which is when they found his gun. I was then placed under arrest because they said I fit the description of the person they were looking for. The description was a woman who has 5'10 with shoulder length locs, a black t-shirt, black jeans, and black boots. I had on a long floor length cream sweater with a grey v-neck t shirt underneath, blue jeans, very long braids, black & pink with gold trimming cross body purse, and flip flops. I was able to see the woman they were actually looking for because we were arrested on the same night and placed in police cars at the same time. It was known that this woman was known for getting into domestic disputes. But since I was "around 5'10" and they found a gun in the car I was in, they decided I was the suspect. I tried to tell the police officers repeatedly that I was not the person they were looking for but they would not listen to me or my family and best friend who were with me prior to me being in the car with my boyfriend. During this dispute I was in my house with my family and friends and I could've cleared this entire matter up if anyone would have listened to me. I had even seen one of the officers the day before and he tried to get my number and I told him no. On the following day when I was being arrested, I could tell he knew that I was not the woman they were looking for, but he did not step in to help once.

Interrogatory 5:

Prior to the incidents alleged in the Complaint, state whether you knew anything about the District's gun laws, or whether you attempted to inquire about the legality of carrying a gun into the District, including the substance of your knowledge and any steps taken to inquire.

**Objection:**

not relevant to claims or defenses.

**Response:**

No, I never knew about the gun laws in the district and I never had a reason to inquire about the gun laws because I never planned on owning a gun and I still do not.

### Interrogatory 6:

> Describe in complete detail the history and status of your license or permit to transport, possess, or carry guns in your home state, including any unsuccessful attempts.

**Objection:**

not relevant to claims or defenses.

Plaintiff provides the principal details.

**Response:**

At the time of my arrest I had no interest in obtaining a license or permit to carry and own a gun. I now have a license to purchase in Maryland which I obtained in May 2019. I got my license on my first and only attempt. I have my Handgun Qualification License (HQL).

### Interrogatory 7:

> Describe in complete detail any and all attempts, successful or unsuccessful, to register a gun or obtain a concealed-carry license or permit, in the District of Columbia or any other state or jurisdiction, since the incidents alleged in the Complaint.

**Objection:**

not relevant to claim or defense.

The phrase, "since the incidents alleged in the Complaint" is overbroad because it is not clear whether "incidents" refers to an "happening" or to the MPD's arrest of Ms. Buffaloe. Therefore, in answering these interrogatories Ms. Buffaloe construes the phrase, "since the incidents alleged in the Complaint" to refer to his arrest by the District's MPD.

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. ... However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Ms. Buffaloe provides the principal details.

**Response:**

Since her arrest, Ms. Buffaloe never attempted to register a gun or obtain a license or permit in the District or any other state.

**Interrogatory 8:**

> Describe in complete detail any and all physical, mental, or emotional injuries or medical conditions that you contend you suffered (or continue to suffer) as a result of the allegations contained in your Complaint. Specify whether each injury or condition is permanent in nature, and if so, state the extent of such permanency.

**Objection:**

The phrase, "as a result of the allegations contained in your Complaint" is overbroad because it is not clear whether "the allegations contained in your Complaint" refers to all allegations about any subject or to the MPD's arrest of Ms. Buffaloe. Therefore, in answering these interrogatories Ms. Buffaloe construes the phrase, "the allegations contained in your Complaint" to refer to his arrest by the District's MPD.

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. ... However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Therefore, Ms. Buffaloe provides the "material or principal facts" which support his contentions regarding the requested "injuries or medical conditions."

**Response:**

Ms. Buffaloe also suffered anxiety and depression as a result of her arrest and confinement in the jail and halfway house for ten days and house arrest for 30 to 60 days and prosecution which lasted from 7/21/2012 to 3/19/2013. she was very distraught while being arrested and while being incarcerated. She lost 20-30 pounds and cried every day that she was there, refusing to eat. She was placed on a suicide watch because of her refusal to eat. While she was going through this situation, her daughter passed away and she had to sit at her funeral with a box on her ankle, answering questions about it, while she was also grieving. Then two weeks later she basically get a "my bad" from the District for putting her through an ordeal that she shouldn't have had to experience.

**Interrogatory 9:**

> Identify all monetary damages that you are seeking in this action by stating each category of damages being sought, the precise amount being sought for each

category, the method by which each amount was calculated, the basis for claiming such an amount, and any evidence or other sources of information on which that category and calculation were based. If you have taken any steps to mitigate these damages, identify and describe all steps you have taken from the date of your injury to the present.

**Objection:**

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. … However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Therefore, Ms. Buffaloe provides the "material or principal facts" which support his contentions regarding the requested "injuries or medical conditions."

**Response:**

Ms. Buffaloe suffered monetary damage as a result of her arrest.
Ms. Buffaloe also suffered the categories of emotional distress detailed in his initial disclosures.
Ms. Buffaloe objects to providing a specific dollar amount pertaining to the amount of their emotional damages as such as left to the sound discretion of the jury.  See Williams v. Trader Pub. Co., 218 F.3d 481, 487 n.3 (5th Cir. 2000) ("[c]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury."); Burrell v. Crown Cent. Petroleum, 177 F.R.D. 376, 386 (D. Tex. 1997) (Calculation of these damages are not susceptible to the type of calculation contemplated by Rule 26(a)(1)).

   a.    Physical pain and suffering of a past, present and future nature
   b.     Emotional pain and suffering of a past, present and future nature;
   c.     [reserved]
   d.     Permanent injuries of a past, present and future nature;
   e.    Loss of enjoyment of life of a past, present and future nature
   f.     Loss of wages of a past, present and future nature;
       a. she **had to build an entire new client list due to having to get a new phone. Old phone had all of her work contacts.**
   g.     Fright, fear, anxiety of a past, present and future nature:
       a. **she now have a great a fear of police arresting her for no reason. she gets very uncomfortable around them.**
   h.     Noneconomic special damages, such as pain and suffering (to be determined by the trier of fact)

   i. Expenses such as lost opportunity costs incurred in locating and retrieving property (to be determined by the trier of fact)
   j. Economic damages such as lost wages and lost business opportunities and loss or damage to professional licenses
   k. Pre- and post-judgment interest;
   l. Statutory and discretionary costs;

    m. Attorney's fees.

### Interrogatory 10:

    If you claim you were absent from or terminated from your employment as a result of the incidents alleged in your Complaint, please state for each such absence or termination, the reason provided for the absence or termination, the dates thereof, and the compensation lost as a result of the absence or termination, including loss of past or future earnings.

**Objection:**

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. … However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Therefore, Ms. Buffaloe provides the "material or principal facts" which support his contentions regarding the requested "injuries or medical conditions."

**Response:**

As a result of her arrest and incarceration and prosecution, Ms. Buffaloe lost money and clients because she could not contact them while in jail and then she had to get a new phone and lost all of her client contacts. Meaning she had to rebuild her client list.
she was self employed doing hair and maintaining clients at the time so she wasn't working in a position that she was on a strict schedule.

### Signatures

    I, Kimberly Buffaloe, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding true and correct to the best of my knowledge and recollection.

Respectfully submitted,

_____
Kimberly Buffaloe

When signed: _____

Where signed _____

Respectfully submitted,

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Plaintiffs and the class
717 D Street, NW
Ste 300
Washington, DC 20004
Phone 202/824-0700
Email claibornelaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day 11/25/2020 a copy of the foregoing responses was emailed to:

Fernando Amarillas
Chief, Equity Section
Public Interest Division
fernando.amarillas@dc.gov


Andy Saindon
Senior Assistant Attorney General
andy.saindon@dc.gov


Brendan Heath
Assistant Attorney General
Brendan.Heath@dc.gov

441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 442-9880

<u>/s/William Claiborne</u>

William Claiborne
717 D Street, NW
Ste 300
Washington, DC 20004
(202) 824-0700
 Email: claibornelaw@gmail.com