# Defendant's Exhibit No. 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH**<br>On behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>Defendant. | Civil Action No.: 15-737 (RCL) |

## PLAINTIFF'S RESPONSES TO DISTRICT'S INTERROGATORIES

### Carl Atkinson

**Interrogatory 1:**

Please fully identify yourself by stating your name, address, date of birth, marital status, and home address for the last 10 years. If you have been known by any other name or alias, please state the name or names in full. If you are or have been married, please identify your spouse or ex-spouse's name, date of birth, and date of your marriage, separation or divorce.

**Objection:**

This objection is "overbroad" with respect to the request for "home address[es] for the last 10 years."

**Response:**

Name: Carl Victor Atkinson
Alias: N/A
Address: 4712 Leroy Gorham Drive, Capitol Heights, MD 20743
Marital status: Single
Former marriage: No

**Interrogatory 2:**

>Identify each person you expect to call as an expert witness, and state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, the educational background and degrees held by such witness, a list of all published work by the witness, any membership in any professional societies or organizations and the identification number of such witness, any courts in which the witness was qualified as an expert and the name of such court and the caption of the action, and attach to your answers any written report made by the expert concerning findings and opinions relating to this lawsuit.

**Objection:**

Since the Scheduling Order does not set the time for expert discovery the deadlines in Rule 26(a)(2) apply.

The mandatory disclosure provisions do not preclude the parties from making further traditional discovery requests about similar information. Therefore, a party may propound interrogatories to seek out additional information about another party's expert witnesses who will testify at trial. However, the interrogatories may not be served at a time that will require response is advance of the time set for expert discovery by the court or by Rule 26(a)(2) (see § 33.41[6]).

7 Moore's Federal Practice - Civil § 33.71 (2019)

Plaintiffs are unable to respond to this interrogatory now because discovery is ongoing.

Absent "specific, plausible grounds for believing that securing early answers" will make discovery more efficient, and because compelling such answers at this time may cause Plaintiffs to inappropriately lock themselves into specific theories, thereby artificially narrowing the issues at hand, responses to these specific interrogatories are not due yet.

Response:

Interrogatory 3:

>Please state the actual wording or substance of any statements, written or oral, made by any individual, concerning the incidents described in the Complaint, and identify any written documents in your possession related to or evidencing such statement(s). For each statement identified, please also identify the person who made any such statement.

**Objection:**

Plaintiff objects on the basis of the attorney client privilege and the work product doctrine to the extent requests statements made by, to, or between attorneys and persons such as investigators and paralegals entitled to assert the attorneys' privileges and clients.

The phrase "any individual, concerning the incidents described in the Complaint" is overbroad because it is not clear whether "incidents" refers to any "happening" or to the MPD's arrest of **Plaintiff**. Therefore, in answering these interrogatories **Plaintiff** construes the phrase, "any individual, concerning the incidents described in the Complaint" to refer to his arrest by the District's MPD.

The phrase "any statements" concerning the incidents described in the Complaint" is overbroad so Plaintiff will provide the principal statements.

This interrogatory is objectionable as a "blockbuster interrogatory" because it calls for a narrative of plaintiffs entire case. *Nieman v. Hale*, 2013 U.S. Dist. LEXIS 180397, at *29-30 (N.D. Tex. Dec. 26, 2013) *citing Grynberg v. Total S.A.*, Inc., No. 3-cv-1280, 2006 U.S. Dist. LEXIS 28854, 2006 WL 1186836, at *5-*7 (D. Colo. May 3, 2006). Plaintiffs identify each person having discoverable information that supports a principal or material position plaintiffs have taken or intend to take in this action to the extent disclosing it at this point does not prejudice plaintiffs for the reasons disclosed below, and plaintiffs state the subject matter of the information possessed by that person to plaintiffs knowledge.

Moreover, as to timing, this interrogatory is a contention interrogatory and does not have to be answered until discovery is mature or over or even later.

**Response:**

Unmarked vehicle signed to Mr. Atkinson they wanted him to pull over.

Officers said car smelled like burnt marijuana and they asked if they could search and he said yeah.

Spoke to three different officers. Officer Ferguson and one of the officers gave him information to assist him getting his money & car back.

**Interrogatory 4:**

> Identify and give the substance of each statement, action, or omission against interest, declaration against interest, or otherwise, whether oral, written, by conduct, silence, acquiescence, or otherwise, which you contend was made by the District. Identify the person making such statement and the place and date when such statement was made.
>
> .

**Objection:**

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. ... However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." <u>Steil v. Humana Kansas City, Inc.</u>, 197 F.R.D. 445, 447 (D. Kan. 2000)

Also, this interrogatory is premature because it is in the nature of a contention interrogatory. Plaintiff will respond near the close of discovery subject to objections.

**Response:**

Interrogatory 5:

> Prior to the incidents alleged in the Complaint, state whether you knew anything about the District's gun laws, or whether you attempted to inquire about the legality of carrying a gun into the District, including the substance of your knowledge and any steps taken to inquire.

**Objection:**

not relevant to claims or defenses.

**Response:**

Mr. Atkinson had no prior knowledge of any gun laws in the District and had not attempted to inquire about the legalities of owning and/or carrying a gun in Washington, DC.

Interrogatory 6:

> Describe in complete detail the history and status of your license or permit to transport, possess, or carry guns in your home state, including any unsuccessful attempts.

**Objection:**

not relevant to claims or defenses.

Plaintiff provides the principal details.

**Response:**

Mr. Atkinson has never attempted to start the process of obtaining any licenses or permits for firearms in his home state or any state.

### Interrogatory 7:

> Describe in complete detail any and all attempts, successful or unsuccessful, to register a gun or obtain a concealed-carry license or permit, in the District of Columbia or any other state or jurisdiction, since the incidents alleged in the Complaint.

**Objection:**

not relevant to claim or defense.

The phrase, "since the incidents alleged in the Complaint" is overbroad because it is not clear whether "incidents" refers to an "happening" or to the MPD's arrest of Mr. Atkinson. Therefore, in answering these interrogatories Mr. Atkinson construes the phrase, "since the incidents alleged in the Complaint" to refer to his arrest by the District's MPD.

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. ... However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Mr. Atkinson provides the principal details.

**Response:**

Mr. Atkinson has never made any attempts to register and/or obtain a concealed-carry license or permit, in the District of Columbia or any other state or jurisdiction.

### Interrogatory 8:

> Describe in complete detail any and all physical, mental, or emotional injuries or medical conditions that you contend you suffered (or continue to suffer) as a

result of the allegations contained in your Complaint. Specify whether each injury or condition is permanent in nature, and if so, state the extent of such permanency.

**Objection:**

The phrase, "as a result of the allegations contained in your Complaint" is overbroad because it is not clear whether "the allegations contained in your Complaint" refers to all allegations about any subject or to the MPD's arrest of Mr. Atkinson. Therefore, in answering these interrogatories Mr. Atkinson construes the phrase, "the allegations contained in your Complaint" to refer to his arrest by the District's MPD.

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. ... However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Therefore, Mr. Atkinson provides the "material or principal facts" which support his contentions regarding the requested "injuries or medical conditions."

**Response:**

**Mental**: His anxiety has increased, especially when around police officers. He is always on edge around the police. Also, being locked up in the cage affected his mental and emotional state; felt trapped. After having his car taken, he couldn't go to work or school, which affected his emotional and mental state negative ways.

Interrogatory 9:

> Identify all monetary damages that you are seeking in this action by stating each category of damages being sought, the precise amount being sought for each category, the method by which each amount was calculated, the basis for claiming such an amount, and any evidence or other sources of information on which that category and calculation were based. If you have taken any steps to mitigate these damages, identify and describe all steps you have taken from the date of your injury to the present.

**Objection:**

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. … However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Therefore, Mr. Atkinson provides the

"material or principal facts" which support his contentions regarding the requested "injuries or medical conditions."

**Response:**

Any of the following?
a. Physical pain and suffering of a past, present and future nature
b. Emotional pain and suffering of a past, present and future nature;
   a. Has a great fear of police. Extrememly anxious when around them.
c. Permanent injuries of a past, present and future nature;
d. Loss of enjoyment of life of a past, present and future nature
   a. **Has a hard time freely enjoying himself while in DC without fearing he will be harassed. Hindered his freedom to just live life.**
e. Loss of wages of a past, present and future nature;
   a. **He lost two jobs during this ordeal. One was due to layoffs and with him missing so many days due to a lack of vehicle, he was on the cut list. His other job let him go after he missed so many days as well. Mr. Atkinson needed his car to get to and from work and having that taken from him hindered that dramatically.**
f. Fright, fear, anxiety of a past, present and future nature:
   a. **He is very uncomfortable and anxious around police officers after this ordeal.**
g. Noneconomic special damages, such as pain and suffering (to be determined by the trier of fact)

h. Expenses such as lost opportunity costs incurred in locating and retrieving property (to be determined by the trier of fact)
   a. **Still haven't received vehicle**
i. Economic damages such as lost wages and lost business opportunities and loss or damage to professional licenses
j. Pre- and post-judgment interest;
k. Statutory and discretionary costs;
l. Attorney's fees.

Interrogatory 10:

If you claim you were absent from or terminated from your employment as a result of the incidents alleged in your Complaint, please state for each such absence or termination, the reason provided for the absence or termination, the dates thereof, and the compensation lost as a result of the absence or termination, including loss of past or future earnings.

**Objection:**

An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. … However, "to require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000). Therefore, Mr. Atkinson provides the "material or principal facts" which support his contentions regarding the requested "injuries or medical conditions."

**Response:**

As a result of his arrest and prosecution, Mr. Atkinson lost his job, pay, benefits, and future earnings. Was fired from one job and laid off from another after being unable to get to and from work after the DC police took his car.

**Signatures**

I, Carl Victor Atkinson, pursuant to 28 U.S.C. § 1746, certify as true under penalty of perjury under the laws of the United States of America that the preceding true and correct to the best of my knowledge and recollection.

Respectfully submitted,

_____
Carl Victor Atkinson

When signed: ___12/21/2020_____

Where signed ___4712 Leroy gorham dr Capitol heights MD 20743___

Respectfully submitted,

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Plaintiffs and the class
717 D Street, NW
Ste 300
Washington, DC 20004
Phone 202/824-0700
Email clairbornelaw@gmail.com