UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAGGIE SMITH, *et al.*,

    *Plaintiffs,*

v.

DISTRICT OF COLUMBIA,

    *Defendant.*

Case No. 1:15-cv-00737-RCL

## MEMORANDUM OPINION AND ORDER

Plaintiffs move to compel the District of Columbia to provide discovery about certain "persons who fell into one or more of 'restricted categories' of people prohibited from owning or possessing a firearm by D.C. Code § 4503(a)(1) to (a)(6) or D.C. Code § 4504(a)(2)" and to "identify the restricted category they fall into." ECF No. 96. This criminal-record history the plaintiffs are seeking is, in their words, "basically publicly available convictions and pending court orders and warrants which the District collects about arrestees at the time of arrest or booking." *Id.* at 2. The District counters that the information would not only be irrelevant to the question of liability currently being litigated, but also unduly burdensome. ECF No. 107.[1] Given the current needs of the case, the fact that the class has not yet been certified, and the burden the District presents, plaintiffs' motion to compel is **DENIED**.

---

[1] The District also argues that it is prohibited from providing such information under the "Duncan Ordinance," 1 DCMR § 1004, which prohibits the use of arrest records for employment qualification purposes. ECF No. 107 at 1–2. Because this Court denies the motion to compel on other grounds, it will not address the "Duncan Ordinance" here.

1

## I. BACKGROUND

In their motion, plaintiffs ask the District to identify each "putative class member who fell into any one or more of the following 'restricted categories' (and to identify the category they fall into) for each persons [sic] who was at the time of their arrest: (1) a drug addict; (2) had ever been convicted of a felony; (3) had ever been convicted of a firearms charge; (4) had ever been convicted of a misdemeanor crime of domestic violence of [sic] an intrafamily offense . . . ; (5) subject to a civil protection order issued in relation to domestic violence and required the person to relinquish possession of any firearms; or (6) had been judged mentally incompetent by a court." ECF No. 96 at 1. They also seek the "criminal history record information" of all putative class members who fall into one of these categories. *Id.* It appears from their motion that plaintiffs want the District to perform searches for each putative class member within the District's Computerized Criminal History database ("CCH") and the Washington Law Enforcement System ("WALES"), and then provide documentary evidence of those searches. ECF No. 107 at 4. The plaintiffs apparently seek this information to exclude potential putative class members who would not qualify for damages, though they concede that the classes "could be defined without the data identifying potential class members who fell into a restricted category." ECF No. 96 at 2.

As plaintiffs note, the District has already provided them with the Superior Court convictions of potential putative class members, including code sections and charge codes. ECF No. 96 at 8. But plaintiffs want more—not satisfied with just District records of convictions or arrest, plaintiffs are seeking the criminal history information from *all* jurisdictions for hundreds if not thousands of potential class members.[2]

---

[2] The parties dispute how many people plaintiffs are requesting the District to search. The District repeatedly identifies it as 4,500 people, while plaintiffs argue they have limited their request to only nonresidents who were not charged with "restricted category offenses" but do not provide an exact number. ECF No. 96 at 3.

2

## II. DISCUSSION

It has "long been recognized that under the broad sweep of Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved." *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (cleaned up). But such discovery must be relevant *and* proportional to the needs of the case. *Id.* Rule 26 requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or when the information sought is not proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i).

The Court turns to the Rule 26 factors first. Fed. R. Civ. P. 26(b)(1). There are undoubtedly important issues at stake in the action. This is a public interest case involving the Second Amendment. The potential amount in controversy if the class is certified is no doubt significant— plaintiffs estimate it could "easily run into the millions." ECF No. 113 at 13. And the question of whether potential class members have a valid claim or should be excluded from the class is relevant to the action. But all other Rule 26 factors support denying the motion to compel at this juncture. Plaintiffs seek information that would be relevant only to potential damages and notice for putative members in a class action that has not yet been certified. This potential benefit is far outweighed by the apparent 150 hours of work the District argues would be necessary to obtain the results of the 4,500 putative class members, ECF No. 107 at 12, especially given the fact that much of the requested information is "publicly available," ECF No. 96 at 2.

A major dispute regarding the potential burden of these searches undergirds this motion and the opposition: Plaintiffs allege that the District can perform bulk searches of data on CCH and WALES, so the burden is minimal. ECF No. 113 at 5. The District flatly denies this capability and points to a declaration of one of their program managers, Donald Dudley, who declared that searches of a person's criminal history in CCH and WALES must be done individually. ECF No. 107-6 at 3. In fact, he reports that current Metropolitan Police Department information technology employees have never "heard of [bulk] searches being done, going back almost 15 years." *Id.*

Plaintiff's argue that Dudley's declaration is "contradicted" by Dudley's previous deposition. ECF No. 113 at 5. But nothing in the deposition they cite indicates that the District could specifically perform a "bulk" search on a list of names or identification numbers to provide a full criminal record history. Dudley testified that data warehouse engineers "have the capability of scripting" beyond what a person at the terminal can do, for the purposes of "bulk reports"—he made no mention of bulk reports of entire criminal histories based on a list of names. ECF No. 115 at 24. That testimony is consistent with his later declaration that bulk searches of an individual's entire criminal history are impossible.

This Court thus agrees with the District that, at this point of the proceedings, "the burden to produce broad public-record criminal conviction histories from any other jurisdiction would be . . . disproportionate" to plaintiffs' current need to potentially exclude certain persons from a class not yet certified. ECF No. 107 at 15.[3] Plaintiffs may, of course, renew their motion to compel if the class action is certified. Accordingly, the Court **ORDERS** that plaintiffs' motion to compel is **DENIED**.

---

[3] Because the Court agrees that the Rule 26 factors do not support a motion to compel at this time, it will not address whether the plaintiff's requested search is "unduly burdensome."

4

The Court further **ORDERS** that the parties shall meet and confer regarding a schedule for resolution of the class certification issue. Parties shall submit a proposed order and schedule within ten (10) days of this Order.

It is **SO ORDERED**.

Date: September 29, 2021

                                                            Hon. Royce C. Lamberth
                                                            United States District Judge