## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH,** *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No. 15-737 (RCL)** |

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (Settlement Agreement) is entered into by and among Plaintiffs Maggie Smith, Gerard Cassagnol, Frederick Rouse, Delontay Davis, Kimberly Buffaloe, and Carl Atkinson (collectively, Plaintiffs), individually and on behalf of the two classes defined below, and defendant the District of Columbia (the District), a municipal corporation. Plaintiffs and Defendant may be referred to, collectively, as "the Parties."

## I.      RECITALS

WHEREAS, Plaintiffs in the Complaint asserted that they represented a class of persons who were arrested, detained, and/or prosecuted pursuant to the District's unconstitutional gun registration and licensing laws ("Second Amendment Arrest Class" and "Nonresident Arrest Class"), and whose handguns and ammunition were seized and held ("Fourth Amendment Handguns and Ammunition Retention Class"), as well as certain other claims; and

WHEREAS, Plaintiffs further alleged various other violations of the U.S. Constitution, under 42 U.S.C. § 1983; and

WHEREAS, the Parties agree the Court should deem as adequate Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4): William Claiborne and Joseph Scrofano [148]; and

WHEREAS, the District denies all liability to the defined classes and does not concede any infirmity in the defenses that it asserted or intended to assert in these proceedings; and

WHEREAS, the Parties have engaged in substantial discovery and motions practice on both procedural and dispositive issues; and

WHEREAS, on September 29, 2021, the Court issued an Order [142] granting Plaintiffs' Motion for Partial Summary Judgment [121] as to Counts I ("Second Amendment Arrest Claim" and III ("Nonresident Arrest Claim") and denying Plaintiff's Motion for Partial Summary Judgment as to Count VI ("Retention of Handguns and Ammunition Claim"), and granting in part and denying in part Defendant's Motion for Summary Judgment [134] (denying as to Counts I and III and granting as to Count VI); and

WHEREAS, the Parties engaged in a lengthy mediation process using the District of Columbia Circuit Mediation Program; and

WHEREAS, it is the Parties' mutual desire now to enter into a full and binding settlement and release of all claims that have been or could have been brought by the Plaintiffs on behalf of the Class Members (as defined below) against the District in the above-captioned matter (the Lawsuit), and to dismiss the Lawsuit with prejudice; and

WHEREAS, the Parties believe that the terms of this Settlement Agreement are fair, reasonable and adequate; that this Settlement Agreement provides substantial benefits to the Class Members; and that the settlement of the action on the terms set forth in this Settlement Agreement is in the best interests of the Class Members, and will avoid additional lengthy and costly litigation; and

WHEREAS, the Parties have agreed that, to avoid long and costly litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement, subject to the approval of the Court.

NOW, THEREFORE, in consideration of the mutual agreements contained in this Settlement Agreement and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties have agreed to compromise and settle all remaining claims and disputes related to this Lawsuit, subject to the terms and conditions below:

II.   **CLASS DEFINITIONS**

1.   **Settlement Class Member** means each person who:

i) in the period from May 15, 2012 (three years before the date of filing of the original complaint in this case) until October 10, 2014; (ii) was arrested or prosecuted, or whose prosecution started before the Class Period and continued during and after the Class Period; (iii) in the District of Columbia; (iv) for a violation of any of the District's gun control laws; (v) outside their home or place of business; except that the following groups of people are excluded from the class:

1)  persons who were convicted of a felony before their arrests or prosecutions;

2)  persons who were convicted of a domestic violence misdemeanor within the five-year period before their arrests or prosecutions;

3)  persons who were subject to a judicial order compelling them to relinquish any firearms in their possession or barring them from possessing any firearms at the time of their arrests or prosecutions; and

4)  persons who were convicted of at least one felony or violent misdemeanor charge arising out of the arrest.

III.    **DEFINITIONS**

2.      **Administrator or Class Administrator** means a class administrator retained to prepare, distribute and publish the Class Notice (as defined below) and to administer the claims process, according to the procedures set forth in the Settlement Agreement and in the Class Administration Agreement.

3.      **Attorney's Fees** means that portion of the Settlement Amount (as defined below) awarded as attorney's fees to Class Counsel as prescribed below.

4.      **Bar Date** is the date by which any Settlement Class Member or SCM (as defined below) must file any objections to this Settlement Agreement or to the request for attorney's fees; or any request to be excluded from the Class (Opt-Out, as defined below). The Bar Date shall be calculated as the close of business on the 45th day after the last day of mailing the Class Notice (the time frame for which mailing is up to two consecutive business days from beginning to end, as addressed in Paragraph 60).

5.      **Class Administration Agreement** means the agreement to be reached between Class Counsel and the Class Administrator setting forth the Class Administrator's obligations.

6.      **Class Administrator** means JND Legal Administration (JND).

7.      **Claim and Release Form** means the Claim and Release Form required to make a claim for payment under this Settlement Agreement. The Claim and Release Form for each SCM will be materially similar to the copy of the proposed Claim and Release Form attached as Exhibit A.

8.      **Claims Filing Date** is the date by which any SCM who wishes to receive payment pursuant to the Settlement Agreement must file their Claim and Release Form. The Claims Filing Date shall be calculated as the close of business on the 120th day after the last day of mailing the

Class Notice (the time frame for which mailing is up to two consecutive business days from beginning to end, as addressed in Paragraph 60).

9.      **Class Counsel** means William Claiborne and Joseph Scrofano.

10.     **Class Member** means any member of the Class as defined in Paragraph 1.

11.     **Class Notice** means the notice to the Class regarding settlement, to be sent to Class Members in a form substantially similar to that attached as Exhibit B, and such other summary notice to be published in accordance with the terms of this Settlement Agreement.

12.     **Class Period** is May 15, 2012 to October 10, 2014.

13.     **Class Representatives** means the persons appointed by the Court pursuant to Fed. R. Civ. P. 23(a)(4) in the Preliminary Approval Order and in the Final Approval Order (both defined below) as class representatives.

14.     **Class Representative Award** means the sum payable out of the Settlement Amount to the Class Representatives including any incentive awards as prescribed below.

15.     **Class** collectively means the Class members.

16.     **Distribution Plan** means the plan for distributing the SCM Fund set forth below in Paragraph 56 of this Settlement Agreement and in the proposed Preliminary Approval Order, subject to approval by the Court in the Final Approval Order.

17.     **District** means the District of Columbia, together with past, present and future officials, employees, representatives, attorneys, and/or agents of the District.

18.     **Effective Date** means the date upon which the Court enters an order approving the Settlement Agreement. If no objections to the Settlement Agreement have been filed, the Effective Date will be the date that the Court signs the Final Approval Order. If one or more objections are filed, the Effective Date will occur on the expiration of the time to appeal the Court's Final

Approval Order, provided no such appeal is, in fact, filed. If one or more objections are filed, and a Notice of Appeal of the Court's Final Approval Order is filed, the Effective Date will be upon exhaustion of all appeals and petitions for writs of *certiorari*, the final resolution of which upholds the Settlement Agreement.

19.   **Final Approval** means the Court's issuance of a final order approving this Settlement Agreement pursuant to Rule 23(e) in a form to be agreed to by counsel for the Parties, consistent with the provisions of the Settlement Agreement, providing final approval (the Final Approval Order).

20.   **Final Order** means the Final Approval that was not appealed, or was finally upheld on appeal.

21.   **Class Representatives** are Maggie Smith, Gerard Cassagnol, Frederick Rouse, Delontay Davis, Kimberly Buffaloe, and Carl Atkinson.

22.   **Litigation Expenses** means the sum payable out of the Settlement Amount to the Class Counsel as described below for the costs of funding the litigation advanced by Class Counsel.

23.   An **Opt-Out** is any Class Member who files a timely request for exclusion pursuant to the terms of this Settlement Agreement, as specified in Paragraph 4.

24.   **Preliminary Approval** means the Court's determination that the Settlement is within the range of fairness, reasonableness, and adequacy, and therefore notice should be sent to the Class and a hearing should be held with respect to fairness and Final Approval.

25.   **Preliminary Approval Order** means an order substantially in the form of the attached Exhibit C and described below that memorializes the Court's Preliminary Approval.

26.   **Released Claims** means claims that have been released under this Settlement Agreement, in the Final Approval Order, and in the Final Order.

27. **SCM Fund** means the amount available to be distributed to the SCMs.

28. **Settled Claims** means the claims of the SCMs released by the Final Order.

29. **Settlement Agreement Database** (which shall include information from the District of Columbia Metropolitan Police Department (MPD) arrest database, from certain MPD documents, the District of Columbia Superior Court docketing database, and other District sources as needed) is the information provided in electronic form by the District to the Class Administrator and Class Counsel no later than twenty one (21) days after the entry of the Preliminary Approval Order. It shall include, to the extent available, the name, address at time of booking, date of birth, Social Security number, telephone number, closest relationship contact information, and any other computerized data relevant to determining Class Membership or notifying, or verifying the identity of, Class Members.  The Settlement Agreement Database is the exclusive list of Class Members, and it includes at a minimum the information for each person on the data export prepared by Plaintiffs and used by the Parties in mediation.

30. **Settlement Amount** means the lump sum payment to be paid by the District, totaling $5,100,000.00, which will be available to be paid and/or distributed and allocated as described in this Agreement.

31. **Settlement Class Definition**. The definitions of the Class agreed upon in this Settlement Agreement or as approved by the Court in the Final Approval Order.

32. **Settlement Class Member** or **SCM** means any member of the Class as defined above in Paragraph 1 (including representatives, successors, and assigns), who does not file a valid and timely request for exclusion as provided for in Paragraph 4 of this Settlement Agreement.

33. **Verified Claims** means claims verified by the Class Administrator using the methods set forth in the Class Administration Agreement.

7

## IV.   CONDITIONAL SETTLEMENT AND DISCLAIMER OF LIABILITY

34.   **Conditional Settlement**. Except where otherwise indicated, this Settlement Agreement is expressly conditioned upon the Preliminary Approval, Final Approval, and Final Order of the terms of this Settlement Agreement. The Class Period set forth above is an essential condition of this Settlement Agreement. The Parties enter into this Agreement solely for the purposes of this settlement and implementation of the settlement. In the event that any of Preliminary Approval, Final Approval, and Final Order of the terms of this Settlement Agreement is not obtained or the Settlement Agreement is deemed null and void for any reason, the Parties will revert to the positions they occupied prior to the execution of the Agreement, and nothing here shall be deemed to waive any of the Parties' claims, arguments, objections, or defenses.

35.   **Disclaimer of Liability**. This Settlement Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, this Settlement Agreement or its exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim or any fact alleged by any Plaintiff or Class Member in either this action or in any other pending or future action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the District or admission by the District of any claim or allegation made in this Lawsuit or in any other action. The District denies all allegations of wrongdoing and denies any liability to Plaintiffs or to any Class Member. The Parties have agreed that, in order to avoid long and costly litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement, subject to the approval of the Court.

## V.   SETTLEMENT AMOUNT

36.   Subject to Court approval and pursuant to the terms and conditions of this Settlement Agreement, and except as otherwise provided expressly conditioned on the Final Approval by the Court of the Settlement Class Definition, and in full and final disposition,

settlement, discharge, release and satisfaction of the Settled Claims, the following fund shall be created by the District.

37. **Settlement Amount.** The Settlement Amount is the total sum of $5,100,000.00. The District of Columbia shall deposit the Settlement Amount, except for the Attorney's Fees and Litigation Expenses specified below, into an escrow account to be administered by the Class Administrator in accordance with the timing and schedule set forth in this Settlement Agreement. The deposit of funds into the escrow account is distinct from the actual disbursement of funds from the escrow account to recipients. The Settlement Amount, except for the Attorney's Fees, shall be paid by the District to the Class Administer by wire transfer within forty-five (45) days of the Final Order (except for the advance payment for notice to the Class Administrator, as indicated in Paragraph 41) and shall be allocated as described below. Within forty-five (45) days of the Final Order, the District shall pay by wire transfer to Class Counsel William Claiborne's trust account the Attorney's Fees and Litigation Expenses specified below.

38. **Extent of Defendant's Monetary Obligations.** The District's monetary obligations under this Settlement Agreement are limited to the Settlement Amount. The District shall not be called upon or required to contribute additional monies under any circumstance.

39. **Settlement Amount Allocation.** The Parties agree that the Settlement Amount will be allocated as follows, subject to Court approval, and the District will not in any way contest such allocation and awards by the Court:

a. $300,000.00 for the **Class Representative Award** for payments to the Class Representatives of $50,000 each in settlement of their claims and as an incentive payment in consideration of their services as Class Representatives.

b. $438,714.83 for **Base Litigation Expenses**.

i.)      $428,714.83 of the **Litigation Expenses** (the **Tritura Payment**) is payable to Tritura Information Governance LLC (Tritura) for discovery and data analysis services performed on behalf of the Class Members. $142,904.94 of the **Tritura Payment** shall be waived and donated to the SCM Fund for distribution to SCMs (**Tritura SCM Fund Donation**). However, if any of the SCM Fund remains after all payments and distributions have been made to the SCMs according to the Distribution Plan, the remainder, up to the amount of the **Tritura SCM Fund Donation**, will revert to Tritura and shall be paid by the Class Administrator to Tritura prior to any reversion of funds to the District pursuant to Paragraph 56 of this Settlement Agreement;

ii.)     up to $10,000.00 of the **Base Litigation Expenses** are payable to Class Counsel for miscellaneous expenses for depositions and other items advanced by Class Counsel.

c.       $1,900,000.00 for **Attorney's Fees**.

d.       $100,000.00 for **Administrative Expenses**. Any amounts billed by the Class Administrator in excess of this amount for Administrative Expenses and approved by the Court shall be paid out of the SCM Fund. $25,000.00 of the Administrative Expenses shall be paid to Class Counsel William Claiborne's trust account for payment to the Class Administrator for providing Class Notice and Claim and Release Forms to all Class Members, as addressed in Paragraph 41.

e.       $2,361,285.17, the **Base SCM Fund**, for payment of **Verified Claims** to **SCMs**.

40.     Therefore, the Parties agree that after accounting for the **Tritura SCM Fund Donation**, the **Settlement Amount** will be allocated as follows, subject to Court approval, and the District will not in any way contest such allocation and awards by the Court:

a.      $300,000.00 for the **Class Representative Award** for payments to the **Class Representatives**.

b.      $295,809.89 for **Litigation Expenses**. This amount is the difference after subtracting the **Tritura SCM Fund Donation** ($142,904.94) from the **Base Litigation Expenses** of $438,714.83.

c.      $1,900,000.00 for **Attorney's Fees**.

d.      $100,000.00 for **Administrative Expenses.**

e.      $2,504,190.11, the **SCM Fund**, for payment of **Verified Claims** to SCMs. This amount is the sum of the **Base SCM Fund** of $2,361,285.17 and the **Tritura SCM Fund Donation** of $142,904.94. The SCM Fund may exceed $2,504,190.11 if additional funds from the Settlement Amount are available after payment of the Class Representative Award, Litigation Expenses, Attorney's Fees, and Administrative Expenses; however, under no circumstances shall the total Settlement Amount exceed $5,100,000.00. All funds from the Settlement Amount not distributed to SCMs or allocated to the Class Representative Award, Class Counsel, Class Administrator, or Tritura will revert to the District of Columbia.

41.     **Payment of Administrative Expenses for providing Class Notice and Claim and Release Forms to all Class Members**. Within thirty (30) days after Preliminary Approval, the District shall wire $25,000.00 to Class Counsel William Claiborne's trust account for payment to the Class Administrator for providing Class Notice and Claim and Release Forms to all Class

Members. This sum, to the extent used and accounted for (including refunds to Class Counsel for any advances made toward Administrative Expenses), will be non-refundable and not conditioned upon Final Approval.

## VI.   TERMS AND EFFECT OF SETTLEMENT AGREEMENT

42.    This Settlement Agreement is a contract binding upon the Parties. The Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing the terms of this Settlement Agreement. Plaintiffs' acceptance of this Settlement Agreement is reflected by Class Counsel's signature and is binding on the Classes, subject to final approval by the Court.

43.    The Parties enter into this Settlement Agreement solely for the purposes of settlement and implementation of the settlement. In the event that Final Approval of this Settlement Agreement is not obtained or the Settlement Agreement is deemed null and void for any reason, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and nothing here shall be deemed to waive any of the Parties' claims, arguments, objections, or defenses.

44.    The Parties agree that all objections and requests to be heard will be submitted to the Court and counsel for the Parties in writing at least ten (10) days before the scheduled Fairness Hearing (as defined below).

45.    Upon agreement to the terms in this Settlement Agreement, the Parties will notify the Court. Plaintiffs will move the Court to enter the Preliminary Approval Order preliminarily approving the settlement and setting a Fairness Hearing. Prior to the Fairness Hearing, and as part of the Final Approval Order, the Parties will jointly move the Court to dismiss the case with prejudice on the precondition that the settlement is finally approved, and to enter a proposed order (defined below) dismissing the case with prejudice. The proposed Final Approval Order will also provide that the Court shall retain jurisdiction to enforce the Settlement Agreement.

46.     The Parties agree that this settlement requires each SCM to submit a valid, timely, and completed Claim and Release Form, under penalty of perjury, to receive payment under this Settlement Agreement. An SCM who complies with the requirements set forth in this Settlement Agreement will be paid specified sums determined by the settlement distribution process set forth in this Settlement Agreement, which payment shall be in full satisfaction of all claims of that SCM.

47.     The Settlement Agreement, once finally approved and effective, resolves in full all claims, agreements, actions, cases, causes of action, compromises, controversies, costs, damages, debts, demands, disputes, expenses, judgments, liabilities, payments, promises, claims for attorney's fees, and suits of any nature whatsoever, whether or not known, against the District or its current and former agents, servants, officers, officials, and/or employees, in their individual and official capacities, by all of the SCMs, including the named Plaintiffs, their agents, heirs, and assigns, involving violations of law or constitutional rights, including, without limitation, their Second Amendment and Fifth Amendment rights, or any other federal or District law, regulation, duty, or obligation, or any other legal theory, action or cause of action, which are based upon or could be based upon or arise from the facts alleged in the Lawsuit, *i.e.*, claiming damages for an arrest and/or prosecution for violating the District's gun laws during the Class Period. When the Settlement Agreement is final, as of the Effective Date, all SCMs, including the Plaintiffs, waive all rights to any and all claims relating to arrests and/or prosecutions for violating the District's gun laws in effect during the Class Period by the District that occurred during the Class Period under any theory or cause of action whatsoever under District law and federal law. This waiver and release shall include a full release and waiver of unknown rights based on claims (including any individual claims) relating to arrests, prosecutions, and detentions or contemporaneous seizure of their firearms that occurred during the Class Period. The Final Approval Order shall contain

such a release and provide that it is binding on Class Members, even if they never received actual notice of the Lawsuit or this Settlement Agreement.

48.     It is the Parties' intent that, after the Effective Date, this Settlement Agreement bars any and all named Plaintiffs and SCMs, and their privies, from bringing a subsequent suit or enforcement action in this Court or another, alleging the same or similar claims for relief as contained in the Complaint or in any amended complaints in this Lawsuit, with respect to arrests and/or prosecutions for violating the District's gun laws by the District that occurred or may have occurred during the Class Period, based upon events occurring prior to the end of the Class Period. Notwithstanding the foregoing, and for the avoidance of doubt, the preceding sentence shall not bar or limit any action to enforce the terms of this Settlement Agreement.

49.     The Parties waive and assume the risk of any and all claims that exist as of the date this Settlement Agreement is signed, which that Party does not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, with respect to either facts or law, and which, if known, would materially affect his/her/its decision to enter into this Settlement Agreement.

50.     This Settlement Agreement, together with its exhibits, contains all the terms and conditions agreed upon by the Parties regarding the subject matter of the Lawsuit, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement shall be deemed to exist, or to bind the Parties, or to vary the terms and conditions contained here, except as expressly provided.

51.     The Parties agree that failure to comply with the provisions of this Settlement Agreement shall not be a basis for entry of contempt or sanctions against the District.

52. This Settlement Agreement is subject to and conditioned on a fairness hearing conducted by the Court (the Fairness Hearing); the Final Approval of this Settlement Agreement; and the issuance of the final order of dismissal (Final Order) by the Court, providing the specified relief as set forth below, which relief shall be pursuant to the terms and conditions of this Settlement Agreement and the Parties' performance of their continuing rights and obligations. The Final Order shall be deemed final only on the Effective Date. Such Final Order shall:

    a. Dismiss with prejudice all claims in the action as to the District, including all claims for monetary damages, declaratory relief and injunctive relief, each side to bear their own costs and fees except as otherwise provided for in this Settlement Agreement;

    b. Order that all SCMs are enjoined from asserting against the District any and all claims that any SCM has, had or may have in the future arising out of the facts alleged in the Lawsuit;

    c. Release the District from the claims that any SCM has, had or may have against the District arising out of the facts alleged in the Lawsuit;

    d. Determine that this Settlement Agreement is entered into in good faith, is reasonable, fair and adequate, and in the best interest of the Class;

    e. Reserve the Court's jurisdiction over the Parties to this Settlement Agreement. Disagreements between the Parties on any disputes or unresolved aspects of the Final Order shall be subject to mediation before the District of Columbia Circuit Mediation Program;

    f. If mediation is not successful, the matter shall be brought to the Court for resolution. In no event will any Party be liable in contempt for any alleged or demonstrated violation of the Final Order, nor will any Party be entitled to any attorney's fees for any additional proceedings (in addition to those set forth here) for any reason; and

    g. Declare the arrest of each Class Member null and void and a legal nullity substantially in the form of the attached order.

53. The Parties will take all necessary and appropriate steps to obtain preliminary and final approvals of the Settlement Agreement, and dismissal of the action with prejudice. All Parties shall bear their own fees and costs unless otherwise set forth in this Settlement Agreement. If the

Court grants final approval of this Settlement Agreement, and if there is an appeal from such decision, the District will not oppose Plaintiffs' efforts to defend the Settlement Agreement.

54.     The undersigned representatives of the Parties certify that they are fully authorized to enter into and to execute the terms and conditions of this Settlement Agreement and to make such Settlement Agreement fully and legally binding upon and enforceable against every party on whose behalf they have executed this Settlement Agreement.

55.     The dates by which certain actions are to be taken will be established in the Preliminary Approval Order.

## VII.   RESOLUTION AND PAYMENT OF CLAIMS TO CLASS MEMBERS

56.     The SCM Fund shall be distributed to Settlement Class Members who submit timely, valid Claim and Release Forms. Class Counsel has developed a Distribution Plan set out in this Paragraph 56 to address all of the SCMs' claims, and the Distribution Plan shall be submitted to the Court for approval in the Motion for Preliminary Approval attached hereto as Exhibit D. The claims procedure shall include a verification process to ensure that claimants are members of the Class. The Class Administrator and Class Counsel will effectuate the distribution of awards according to the terms of the Distribution Plan approved in the Final Approval Order. Class Counsel shall use their best efforts to ensure that distribution of the SCM Fund will occur in such a way so that no residual amount of the SCM Fund will remain following final distribution, subject to the provisions in Paragraphs 39 and 40. However, if some residual happens to remain after reasonable efforts to distribute funds to Class Members who have filed claims have been exhausted, the residual amount will be distributed as specified below. Consistent with the allocation of funds set forth in Paragraphs 39 and 40, any funds from the Settlement Amount not distributed to SCMs will be paid as follows in the following order of priority: (1) any amounts invoiced by the Class Administrator for Administrative Expenses approved by the Court in the

Final Approval Order; (2) any part of the Tritura SCM Fund Donation remaining after payment of all Verified Claims will be paid to Tritura; and (3) any remaining amounts will revert to the General Fund of the District.

The payments to Settlement Class Members who submit timely, valid Claim and Release Forms shall be determined and paid according to the following Distribution Plan based on a point system:

Each SCM who is a member of the Class will receive one point for one or more arrests covered by the Class Definition and one point for one or more prosecutions covered by the Class Definition.

Each point is valued at $1,200.00. Each SCM will receive an award equivalent to the value of the sum of their points.

However, if the total cash value of the total number of points exceeds the value of the SCM Fund, each SCM will receive the pro rata value of their points.

## VIII.    NOTICE AND ADMINISTRATION OF SETTLEMENT

57.    The duties of the Class Administrator, including the duties specified in this Section, shall be set forth in greater detail in the Class Administration Agreement. The Class Administration Agreement must be finalized no later than fourteen (14) days after the Parties execute this Settlement Agreement. Once the Class Administration Agreement is finalized, this clause is no longer conditional.

58.    The Class Administrator shall be responsible for providing Class Notice and Claim and Release Forms to all Class Members. This shall include mailing a Class Notice and a Claim and Release Form by regular mail to all Class Members' last known addresses. The list of potential Class Members to-be-noticed shall be provided to the Class Administrator by Plaintiffs based on the Settlement Agreement Database. The Class Administrator shall also use normal and customary

17

means to search for a Class Member's last known address, including the use of a postal database, when mail is returned, or whenever else it is appropriate to reasonably notify such Class Member. Also, in the event a Notice to a Class Member's last known address is returned, the Class Administrator will determine if that Class Member is incarcerated in District, state, or federal prison. If a Class Member is incarcerated in a District, state, or federal prison, a Notice will be sent to the Class Member at the facility in which he/she is incarcerated.

59. The Class Notice shall describe the Lawsuit, provide the class definitions, provide a Claim and Release Form, provide instructions on how to verify or submit a claim on the Class Website, and other usual and customary information. The Claim and Release Form will be materially similar to the proposed Claim and Release Form attached to this Settlement Agreement as Exhibit A. The Class Notice will be materially similar to the proposed Class Notice attached to this Settlement Agreement as Exhibit B. The Claims Administrator is authorized to make non-substantive formatting changes to the Notice and Claim Form that do not substantially change the content therein. Each Class Notice mailed to a Class Member will contain a detachable Claim and Release Form for that Class Member stating the amount such Class Member is entitled to receive under this Settlement Agreement.

60. The Class Administrator shall complete the mailing of Class Notices within two (2) consecutive business days. The second day of such mailing is the first day of the period for calculating the Bar Date and the Claims Filing Date as provided in Paragraphs 4 and 8, respectively.

61. The Class Administrator shall be responsible for publishing a summary Class Notice. The Class Administrator shall post the relevant settlement documents (specifically, the Settlement Agreement, the Preliminary Approval Order, the Claim and Release Form, the Class Notice, the Motion for Attorney's Fees, the Final Approval Order and, if separate, the Final Order

Regarding Attorney's Fees and Costs) (the Settlement Documents) on the internet on a website established for this case (Class Website). Information about how to access the Class Website will be contained in the Class Notice. The Settlement Documents shall remain on the Class Website for at least one year from the date notice and claims are sent out. The Class Website shall be periodically updated to address the timing of such mailings.

62.     The Class Administrator shall pay SCMs after verifying the SCMs' identity, eligibility for payment, and the amount due to the SCMs.

63.     The Class Administrator shall enable verification of identity on the Class Website.

64.     The Class Administrator shall establish a function on the Class Website enabling SCMs to:  (a) verify their identity on the Class Website; (b) view their Claim and Release Forms; (c) execute the release; (d) submit their Claims; and (e) choose a payment method.

65.     The Class Administrator shall allow SCMs to choose between the following two payment methods after verifying their identities, submitting their Claims and executing their releases: (1) check or (2) electronic payments (e-payments), which are sent online using an e-payment provider such as Venmo or PayPal which do not require the recipient to have a bank account.

66.     The Administrator shall periodically provide to Class Counsel copies of Claim and Release Forms received or reports thereof in summary form.

67.     A Claim and Release Form shall be deemed timely submitted when postmarked on or before the Claims Filing Date. The Class Administrator shall enable claims filings, address corrections, and claims verification on the Class Website.

68.     If a Class Member timely submits a Claim and Release Form that is deficient in some respect, the Class Administrator shall provide written notice to the Class Member by first

class mail or email provided by the SCM of such deficiency, which notice shall inform the Class Member of what he or she must do to correct the deficiency and resubmit an acceptable Claim and Release Form. The Class Member shall have thirty (30) days to resubmit a proper Claim and Release Form. Failure to cure the deficiency within the 30-day time limit will bar any further rights for consideration of eligibility. Each Class Member's failure to fully and completely execute the individual Claim and Release Form shall constitute a deficiency under this Paragraph, and all payments to Class Members are expressly conditioned on the full, timely, and complete execution of each Class Member's Claim and Release Form.

69.     Untimely filed Claim and Release Forms shall be rejected by the Administrator and no payment shall be made.

70.     The Administrator shall make payments via (1) check or (2) e-payments to SCMs who have filed timely and verified claims in accordance with this Settlement Agreement. If a check sent to an SCM is not cashed within three (3) months of its mailing, the Administrator shall hold the funds for five (5) additional months, during which time it shall make reasonable efforts to contact the Class Member to whom the uncashed check was written to make arrangements for its cashing or reissuance. Any such check not cashed within ten (10) months of its mailing shall revert to the District. If an electronic payment is not activated within three (3) months after the date it is electronically sent, the Administrator shall hold the funds for five (5) additional months, during which time it shall make reasonable efforts to contact the Class Member to whom the inactivated electronic payment was sent to make arrangements for its reactivation. Any such electronic payment not activated within ten (10) months of after being electronically sent shall revert to the District.

71.     The Administrator shall not make payment to any SCM until all claims have been submitted to the Administrator pursuant to the terms of this Settlement Agreement, all verified claims and payments have been calculated, and all disputes relating to claims have been resolved. However, if the amount of the claims is such that all claims—whether they are valid or not— amount to less than the SCM Fund, then payments for claims that are confirmed valid shall be made as soon as possible regardless of the pendency or possibility of disputes relating to other claims.

## IX.     <u>CLASS COUNSEL FEES</u>

72.     Class Counsel shall submit a separate motion for payment of Attorney's Fees and Litigation Expenses before the motion for final approval. The District will not challenge Plaintiffs' assertion that the Attorney's Fees and Litigation Expenses are reasonable, adequate, and fair.

73.     The payment of Attorney's Fees and Litigation Expenses represent a full and final settlement of all claims for past, present and future attorney's fees and all past, present and future ordinary and extraordinary costs related to the Lawsuit.

74.     Class Counsel agrees and acknowledges that they are personally and solely responsible for any further taxes owed, if any, on the payments prescribed in the Settlement Agreement for Attorney's Fees and Litigation Expenses by any taxing authority, whether federal, state or local. Plaintiffs and Class Counsel acknowledge and understand that the District will report the payments set forth in this Agreement to the U.S. Internal Revenue Service (IRS). Reporting of Class Member payments to the IRS shall be the responsibility of the Class Administrator.

## X.     <u>INTEGRATION</u>

75.     This Settlement Agreement supersedes all prior communications regarding the matters contained here between the signatories hereto or their representatives. This Settlement Agreement is an integrated agreement and contains the entire agreement regarding the matters here

between the signatories hereto and no representations, warranties, or promises have been made or relied on by any party hereto other than as set forth here.

76.     This Agreement may not be amended or modified in any respect other than by an agreement in writing signed by the Parties and only if such amendment is agreed to prior to notice to the Class Members and Final Approval by the Court. This Agreement creates no obligations or duties on the part of the Parties other than as specifically stated in this Settlement Agreement. The Parties stipulate, agree, and acknowledge that nothing in this Settlement Agreement may be used by any person or entity for any purpose in any legal proceeding other than as stated specifically here.

77.     This Settlement Agreement does not and is not intended to create any rights that can be relied upon or enforced by individuals who are not Parties to this Lawsuit or SCMs. The Parties stipulate, agree, and acknowledge that this Settlement Agreement is not intended to create any third-party beneficiaries.

78.     None of the obligations and duties of any party set forth in this Settlement Agreement may be assigned or delegated to any other person without the express, prior written consent of all other Parties. This Settlement Agreement is not severable except with the prior written consent of all Parties.

79.     All exhibits attached are incorporated by reference and made part of this Settlement Agreement. This Settlement Agreement was drafted by counsel for the Parties, and there shall be no presumption or construction against any party. This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the District of Columbia.

80.     Provided that all Parties execute a copy of this Settlement Agreement, the Settlement Agreement may be executed in counterparts, each of which shall be deemed an original

and all of which together shall constitute one and the same instrument. Executed copies of this Settlement Agreement may be delivered amongst the Parties by email or other comparable means. This Settlement Agreement shall be deemed fully executed and entered into on the date of execution by the last signatory.

## XI.   PRELIMINARY APPROVAL, FAIRNESS HEARING, AND FINAL ORDER OF APPROVAL

81.   Before this Settlement Agreement becomes final and binding on the Parties, the Court shall hold a Fairness Hearing to determine whether to enter a Final Order of Approval. A proposed Final Order of Approval shall be submitted to the Court. In the event that a Final Order of Approval consistent with the terms set forth in the Settlement Agreement is not entered, either party has the right to withdraw from the settlement.

## XII.   NO ADMISSION OR WAIVER

82.   The Parties acknowledge and agree that all undertakings and agreements contained in this Settlement Agreement have been agreed to solely for the purpose of finally compromising and resolving all questions, disputes, and issues between them relating to the Litigation. This Settlement Agreement and any proceedings taken under the agreement shall not in any event be construed as, interpreted as, or deemed to be evidence of an admission or concession by any party for any purpose, or deemed to constitute a waiver of any legal position or any defenses or other rights which any of the Parties might otherwise assert in any context. This Settlement Agreement, its provisions, and any other documents related to the agreement—including any negotiations, statements or testimony taken in connection with the agreement—may not be offered or received as evidence in, or used for any other purpose, or in any suit, action or legal proceeding which the Parties may now have or in the future have with any other person, as an admission or concession of liability or wrongdoing, or as any admission or concession on the part of any party, except in

23

connection with any action or legal proceeding to enforce this Settlement Agreement. The Parties have reached the terms and conditions contained in this Settlement Agreement through negotiations, and to avoid the costs and delays of further disputes, litigation, and negotiations among them. This Settlement Agreement has been entered into without any concession of liability or non-liability and has no precedential or evidentiary value.

## XIII.   DUTY TO DEFEND AGREEMENT

83.    The Parties and their counsel agree to defend this Agreement. Counsel for Plaintiffs may not undertake the representation of objectors or persons who opt out of the settlement in any matter substantially related to the Released Claims if that representation conflicts with counsel for Plaintiffs' obligations as Class Counsel; however, this prohibition is null and void to the extent it conflicts with the D.C. Rules of Professional Conduct including, but not limited to, Rule 5.6(b). The Parties shall take no positions contrary to, or inconsistent with, the terms of the Settlement Agreement.

## XIV.   LIST OF EXHIBITS REFERENCED IN SETTLEMENT AGREEMENT

| Exhibit A | Claim and Release Forms |
| Exhibit B | Class Notice |
| Exhibit C | Proposed Preliminary Approval Order |
| Exhibit D | Motion for Preliminary Approval |
| Exhibit E | Memorandum Supporting Plaintiffs' Calculation of Attorney's Fees |
| Exhibit F | Proposed Order Declaring Class Members' Arrests a Nullity |

For Plaintiffs:

William Claiborne (#446579)
ClaiborneLaw
717 D Street, NW
Suite 300
Washington, DC 20004
Phone 202/824-0700
Email: claibornelaw@gmail.com


Dated: 8/25/2023

Joseph A. Scrofano (#994083)
SCROFANO LAW PC
600 F ST NW
SUITE 300
Washington, DC 20004
Phone: 202/870-0889
Email:
jas@scrofanolaw.com

Dated: 8/24/23

For Defendant:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General
Civil Litigation Division

BRENDAN HEATH [1619960]
Assistant Attorney General
400 Sixth Street, N.W.
Suite 10100
Washington, D.C. 20001
Phone: (202) 442-9880
Email: brendan.heath@dc.gov

Dated:   August 25, 2023

25