Class and Settlement Notice
NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING

RE:  Smith, et al. v. Government of the District of Columbia,
United States District Court for the District of Columbia,
Case No. 15-737 (RCL).

This Class and Settlement Notice is available in Spanish. Call toll-free ------- or visit the following website: xxxxxx.

If, between May 15, 2012 until October 10, 2014, the District of Columbia, through its Metropolitan Police Department ("MPD"):  (i) arrested and/or prosecuted you, or your prosecution started before May 15, 2012 and continued during and after that period; (ii) in the District of Columbia; (iii) for a violation of any of the District's gun control laws; (iv) outside your home or place of business; AND you:

1) Did NOT have a felony conviction before your arrest or prosecution;
2) Were NOT convicted of a domestic violence misdemeanor within the five-year period before your arrest or prosecution;
3) Were NOT subject to a judicial order compelling you to relinquish any firearms in your possession or barring you from possessing any firearms at the time of your arrest or prosecution; and
4) Were NOT convicted of any felony or violent misdemeanor charge arising out the arrest;

You may be entitled to receive MONEY. To receive any money in this pending Settlement, you must submit a Claim and Release Form either by U.S. mail or on the website established for the class.

There is currently pending a proposed class action lawsuit involving such issues in the United States District Court for the District of Columbia. There is a proposed Settlement. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

Your Claim Form must be submitted online or postmarked no later than [DATE].

> **Commented [WC1]:** Choose one - saves confusion. Choosing postmarked saves claimant from delays in the delivery of the mail

If you wish to "opt out," or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Administrator by [DATE].

If you wish to claim money, submit a claim form online or fill out and mail the enclosed claim form today. DO NOT WAIT. If you do not submit a claim in time, you will not receive any money, but will still be bound by the Settlement.

You may receive compensation for only one such arrest and one such prosecution.

> **Commented [WC2]:** Per JND - "The paragraph about multiple claims forms in unnecessary.  Each person should only be receiving one"

**NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT AGREEMENT**

1

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. A SETTLEMENT HAS BEEN PROPOSED IN THE SMITH CASE THAT MAY AFFECT THE RIGHTS OF CERTAIN PERSONS WHO WERE ARRESTED OR PROSECUTED IN THE DISTRICT OF COLUMBIA FOR A VIOLATION OF ANY OF THE DISTRICT'S GUN CONTROL LAWS OUTSIDE THEIR HOME OR PLACE OF BUSINESS.

**Why Did You Get This Notice?**

1. You should read this notice because you may be entitled to claim money from a class action settlement. The purpose of this notice is to inform you about a proposed settlement in the Smith lawsuit. The settlement may affect the rights of certain people who were arrested or prosecuted in the District of Columbia for a violation of any of the District's gun control laws outside their home or place of business during the class period. The settlement is not final. In order for the settlement to become final, the judge in this case, the Honorable Royce C. Lamberth, will hear from class members who wish to be heard and will then decide if the settlement is fair, reasonable, and adequate. If this notice applies to you, you will have an opportunity to file a claim, and indicate in writing if you object to the settlement, before the judge decides whether to approve it. To receive funds from this lawsuit, you must mail the accompanying Claim and Release form or fill out an online Claim and Release Form within the time explained in this Notice.

2. The rest of this notice explains the Smith lawsuit, how to determine whether this lawsuit applies to you, the key terms of the proposed settlement, and how you can file the appropriate papers regarding your participation in the settlement.

**Does This Notice Apply To You?**

3. This notice applies to you if, between May 15, 2012 until October 10, 2014, the District of Columbia, through its Metropolitan Police Department ("MPD"): (i) arrested and/or prosecuted you, or your prosecution started before May 15, 2012 and continued during and after that period; (ii) in the District of Columbia; (iii) for a violation of any of the District's gun control laws; (iv) outside your home or place of business; AND you:

1) Did NOT have a felony before your arrest or prosecution;
2) Were NOT convicted of a domestic violence misdemeanor within the five-year period before your arrest or prosecution;
3) Were NOT subject to a judicial order compelling you to relinquish any firearms in your possession or barring you from possessing any firearms at the time of your arrest or prosecution; and
4) Were NOT convicted of any felony or violent misdemeanor charge arising out the arrest.

**What Is This Lawsuit About?**

4. The Smith lawsuit was brought in 2015 by a person who was arrested in the District by the MPD for violating the District's gun control laws by carrying a pistol without a license outside of her home or place of business, who believed that the District of Columbia's gun control laws were unconstitutional because they did not allow a person to carry a gun outside the home or place of business for self-defense. She then amended her complaint to add other Named Plaintiffs. The people who represent the classes, called the "class representatives," are Maggie Smith, Gerard Cassagnol, Frederick Rouse, Delontay Davis, Kimberly Buffaloe, and Carl Atkinson. They filed the lawsuit on their own behalf and on behalf of all other persons like them ("plaintiffs").

5. The plaintiffs sued the District of Columbia, whose agency, the Metropolitan Police Department, made the arrests. The District is the "Defendant" here, the party being sued.

6. The plaintiffs and the defendant have written down their agreement in a document called a "Settlement Agreement." On [DATE] the judge gave preliminary approval to the agreement, but the settlement is NOT FINAL. The settlement will be final only after the judge approves it after holding a public hearing called a "fairness hearing." Before the judge decides to approve the settlement, you can tell the judge if you do not like any part of it by filing in writing what is called an "objection," and you can ask the judge to let you speak at the fairness hearing. It is solely up to the judge to decide who will speak at the fairness hearing.

**What Are The Key Terms Of The Settlement Agreement?**

7. The Settlement Agreement provides for monetary compensation for each class member who was arrested and/or prosecuted for violating the District's gun control laws during the class period *provided* the person does not have any disqualifying convictions or court orders, as described in Paragraph 3. In exchange, the settlement class members are releasing all claims related to such arrests or prosecutions during the Class Period.

8. Without admitting any wrongdoing and to avoid litigating these claims, the Defendant has agreed to pay Five Million and One Hundred Thousand Dollars and Zero Cents ($5,100,000.00) ("the Settlement Amount"), which is divided as follows:

   a. $2,361,285.17 to be paid to the Settlement Class members ("SCM Fund");

   b. $300,000.00 for payment to the class representatives to pay their claims and for their special assistance in the case;

   c. $438,714.83 for litigation expenses for costs incurred by Plaintiffs' counsel, of which $142,904.94 will be donated to increase the SCM Fund so that the adjusted SCM Fund available for distribution to SCMs will be $2,504,190.11;

   d. $1,900,000 for Plaintiffs' counsel for attorney's fees;

   e. $100,000 for sending notice to class members and the other costs of administering the class settlement such as distributing payments.

3

    f. In addition, the District will not oppose Plaintiffs' motion for an Order declaring the arrest of each Class Member null and void and a legal nullity.

**How Much Money Will I Receive?**

  9. The SCM Fund will be distributed to Settlement Class Members who submit timely, valid Claim and Release Forms. The payments to Settlement Class Members who submit timely, valid Claim and Release Forms shall be determined and paid according to the following formula:

    a. Each SCM who is a member of the Class will receive one point for one or more arrests covered by the Class Definition and one point for one or more prosecutions covered by the Class Definition.

    b. Each SCM may recover for only one arrest and only one prosecution.

    c. Each point is valued at $1,200.00. Each SCM will receive an award equivalent to the value of the sum of their points.

    d. However, if the total cash value of the total number of points exceeds the value of the SCM Fund, each SCM will receive the pro rata value of their points.

  10. Whether a claim is valid or not will depend on authenticating your identity according to a review of the relevant records of the District of Columbia. The proper and complete execution of your Claim and Release Form is very important to that process because it will assist finding you in the D.C. records. If you cannot be located in the relevant records, your claim cannot be verified, and you therefore will not be paid.

  11. You may choose among the following two payment methods: (1) a check sent by mail; (2) an electronic payment ("e-payment") sent online using an e-payment provider, either Venmo or PayPal. Settlement checks will be void if not cashed within ten months and electronic payments not activated within ten months will be forfeited. You must have a bank account to receive an electronic payment and you will need to provide your bank account number and routing number.

> **Commented [WC3]:** We choose Venmo & PayPal because you do not need a bank account. Also, PayPal gives the recipient a "debit card" if they do not have a bank account. We tried using ATM/ debit cards in Hoyte and it was expensive and a nightmare to administer

**How Much Will The Lawyers Be Paid?**

  12. The lawyers representing the plaintiffs will ask the Court for an attorney's fee of about 37% of the total available class fund of $5,100,000 by motion which Class Counsel will file within 30 days of the last day on which notice is sent. This amount totals $1,900,000.

  Case litigation expenses are expected to total $438,714.83 but the actual number may be slightly higher. As explained above, the data analysis company will donate $142,904.94 of the award for litigation expenses for distribution to class members, so that Litigation Expenses paid out of the Settlement Amount will be reduced to $295,809.89.

  You will not personally pay any attorney's fees or case litigation expenses.

4

**Why Is This A Class Action?**

13. In a class action, one or more persons, called the Class Representative(s), bring and maintain a lawsuit on behalf of a group of people who have similar claims – the Class Members. A court then resolves the claims for all Class Members, except for those who exclude themselves from the class.

**Are There Lawyers Representing You?**

14. The Court has approved the plaintiffs' lawyers to collectively represent you (called "Class Counsel"). You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement. Instead, the lawyers have sought payment from the defendant, subject to final approval of the court, as is described further below. Only Class Counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

**What Do I Need To Do To Collect Money?**

15. To get money from the Settlement, you must (1) complete the enclosed Claim and Release Form, sign it, and mail it to the Claims Administrator on or before [DATE]; or (2) go to the class website and submit a Claim and Release form online on or before [DATE]. By accepting the terms of this settlement, you will be waiving your right to assert a claim against the District of Columbia as it applies to seizures of vehicles or currency during the Class Period. Therefore, if you do not want to waive these claims, you should opt-out of this settlement as described in paragraph 22 of this Notice as set forth below.

16. The name and address of the Claims Administrator is:

Smith et al. v. District of Columbia
c/o JND Class Action Administration
[Address information to be added by JND]

> **Commented [WC4]:** Per JND - "Paragraph 17 is JND's main postal address, not a case specific one. We will have a case specific address to provide you with once our estimate is complete, and you have provided your approval and have executed it. Then we can request this post office box information for you and provide you that information shortly thereafter."

17. The Class Administrator maintains a website located at [xxxxxx]. You can go to it and obtain copies of important case documents, such as the Notice in Spanish and English, submit a Claim and Release Form, or review commonly asked question on the FAQ page.. You can also obtain other information about the Smith case on the website.

> **Commented [WC5]:** Per JND – "we want to avoid providing claims forms available for download online. As discussed before, this reduces the amount of non-valid claims, as anyone who accesses the website can access the forms and submit a claim."

> **Commented [WC6]:** We discussed this in detail with Helen Rave in the Alexander case. Allowing anyone to get a claim from online encourages strangers to the class who files claims in any class they find online. Then, it costs a lot of time and money to sort through & reject the fake claims

**What Happens If I Do Nothing?**

18. If you do nothing, you will not receive any money. You will still be deemed part of the Class Action, and you will be releasing all claims you may have related to the allegations in the case. Thus, it is very important that you act promptly to complete and submit your claim form on time if you wish to receive a payment.

5

**If I Do Not Like The Settlement – Or Some Part Of It – How Do I Tell The Court?**

19. Any Settlement Class Member may object to the Settlement, or to any settlement term. Settlement Class Members must object in writing. You must file any objection by [DATE]. Note that the date to file an Objection is different from and earlier than, the date to submit a claim. If you object to any part of the Settlement Agreement and you want to tell the Judge, you must do the following things:

- You must write a letter to the Judge telling him what you do not like about the Settlement Agreement. Include your name, address, phone number, and signature in the letter.

- On the first page of your letter write in large or underlined letters: "Civil Action No. 15-737 (RCL): Objections to Settlement Agreement in Smith v. District of Columbia."

- Mail your letter to the following address:

    The Honorable Royce C. Lamberth
    U.S. District Court for the District of Columbia
    E. Barrett Prettyman U.S. Courthouse
    333 Constitution Avenue, N.W.
    Washington, D.C. 20001

- You must also mail copies of your letter to the lawyers for the plaintiffs and defendant at the following addresses:

    Smith Class Counsel William Claiborne and Joseph Scrofano
    Attention: Smith Settlement
    717 D Street, N.W., Ste 300
    Washington, D.C. 20004
    1-800-xxx-xxxx

    Or

    Attention: Smith Settlement
    SCROFANO LAW PC
    600 F ST NW
    SUITE 300
    Washington, DC 20004
    Phone: 202/870-0889
    jas@scrofanolaw.com

    AND

    Re: Smith Class Action

6

>Brendan Heath, Assistant Attorney General
>Office of the Attorney General for the District of Columbia
>Civil Litigation Division
>400 6th Street, N.W., 10th Floor
>Washington, D.C. 20001

- If you need help writing your objections, you may ask someone to object on your behalf. The representative must state in the objection that he or she is your representative and explain the nature of the representation and the name of the class member.

20. You may object to all or any part of the settlement.

21. DO NOT CALL THE COURT. THE COURT WILL NOT ACCEPT PHONE CALLS ABOUT THIS. YOU MUST SUBMIT YOUR OBJECTIONS IN WRITING.

**What Do I Need To Do If I Want To Request Exclusion or "Opt Out" From the Settlement?**

22. You may request to be excluded, or "opt out," from the Settlement. Class Members who request to be excluded from the Settlement will NOT receive any money, nor will they have released their claims. They will then be entitled to pursue their claims individually. To request to be excluded from the Settlement, you must prepare and submit a written request with your name and address. The request must state: "I do not want to be part of the plaintiff settlement class in the Smith Class Action Case." The request must be signed by you and mailed to the Claims Administrator postmarked on or before [DATE]. Note that the date to file an Opt Out is different from, and earlier than, the date to submit a claim. The request for exclusion must be mailed to the following address:

>Claims Administrator, Smith, et al. v. District of Columbia
>c/o JND Class Action Administration
>1100 2nd Ave., Suite 300
>Seattle, WA 98101

**What Is The Release Of Claims?**

23. If you are a class member and have not excluded yourself from the class as described above, you are waiving all your rights to all claims during the class period related to seizures of vehicle or currency for civil forfeiture, including even those you are not aware of at present or do not suspect, in exchange for a monetary payment, as outlined in paragraph 15 By participating, you will not be giving up any other claim(s) that you may have against the District of Columbia that are not covered by this Settlement.

**Background of Settlement**

24. Plaintiffs' lawyers believe that this Agreement is fair, reasonable, adequate, and is in the best interest of the class because it provides compensation for past injuries, while

acknowledging that the District has substantially eliminated the problems the lawsuit was intended to address. Although the District denies that it has committed any wrongdoing, it believes that further litigation would be protracted, expensive, and contrary to its best interests. Thus, the Parties entered into settlement negotiations which resulted in the settlement. The Honorable Royce C. Lamberth, United States Senior District Judge, has determined on a preliminary basis that the settlement is fair, reasonable, and adequate and in the best interests of the Class.

25. The judge will retain jurisdiction over the case to decide any disputes about compliance with the Settlement Agreement.

26. You may obtain a copy of the entire Settlement Agreement at [Settlement Administrator's website].

27. The lawyers for the plaintiffs are William Claiborne and Joseph Scrofano. Class members do not pay any fees to these lawyers. The fees are subject to approval by the Court. The contact information for Plaintiffs' counsel is:

>Smith Class Counsel William Claiborne
>Attention: Smith Settlement
>717 D Street, N.W., Ste 300
>Washington, D.C. 20004

**When And Where Will The Judge Decide Whether To Approve The Settlement Agreement?**

28. A final fairness hearing is set for DATE before the Honorable Royce C. Lamberth of the U.S. District Court for the District of Columbia, at the E. Barrett Prettyman United States Courthouse. The courthouse is located at 333 Constitution Avenue, NW, Washington, DC 20001. The hearing will be held in Courtroom [xx], circumstances permitting. This hearing and any other hearing in the case may be held virtually, or on a different date, and interested parties should check the Court's website for details of the hearing.

29. At the final fairness hearing, the judge will consider whether the settlement is fair, reasonable, and adequate. The judge will consider any objections that were made according to the procedures described above. Plaintiffs' and defendant's lawyers will be available to answer any questions that the judge may have.

30. You may speak at the hearing only if you sent your objections to the judge in writing. The judge alone will determine if objectors will speak at the final fairness hearing. If he does, he may decide to allow some and not others to do so.

31. If the judge decides to approve the settlement, his decision is final and the Lawsuit will end. The class members will no longer be able to petition the courts for the same things the class representatives sued about in the Smith lawsuit.

32. If the judge does not approve the settlement, the Lawsuit will continue.

**When Will I Receive Money From the Settlement?**

33.     No money will be paid until after the Settlement is approved and all possibilities of appeal are completed. After that, it will likely take two to three months, and quite possibly more, to process all the claims, calculate the amount due to each Class Member, and send checks or electronic payments to the Class Members. If you file a claim and do not receive money within eight months after [DATE], which is the last day to mail or file a claim, check the website for this case about when mailings are expected, or contact the Class Administrator by either calling [1-xxxxxx] or writing to the Class Administrator, whose contact information is contained above. Remember that some people who file claims will not be receiving money at all because they do not qualify as class members, and those individuals will be notified that they do not qualify as class members.

**Where Can I Learn More?**

34.     For more details, go to the website titled [www.xxxx.com]. The website has links to the complete settlement documents in this case, as well as the motion for attorney's fees. If you still have questions, you may call [1-800-xxx-xxxx].

All papers filed in this case are also available on PACER, the Public Access to Court Electronic Records system, which is located at:  https://pacer.uscourts.gov/