UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | Civil Action No. 15-737 (RCL) |

## [PROPOSED] PRELIMINARY ORDER OF APPROVAL AND SETTLEMENT

Upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Motion for Preliminary Approval), and the exhibits attached, including the Settlement Agreement reached between the named Plaintiffs, individually and as representatives of the class conditionally certified by this Order, and the Government of the District of Columbia (the District),

IT IS HEREBY ORDERED:

### I.      Preliminary Approval of Settlement

This Order (Preliminary Approval Order) incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

1. The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Classes.

2. The Settlement is preliminarily approved, subject to further consideration at the Final Approval and Fairness Hearing provided for below. The Court preliminarily finds that the Settlement terms are within the range of a fair, reasonable, and adequate settlement and in the best

interests of each Class as a whole, such that final approval of the Settlement and Request for Attorney's Fees and Costs may be appropriate, following notice to the Classes and a Fairness Hearing. Further, the Court preliminarily finds that the terms of the Settlement Agreement satisfy the requirements of Federal Rule of Civil Procedure 23(e) and due process.

3.    The Court approves the notices and forms that have been filed to be used in substantially the same form for notice, claims, and opt outs.

## II.    Class Certification

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and conditionally certifies the following class for settlement purposes (the "Settlement Class"): The Court preliminarily approves the Settlement Class Definitions as follows:

1.    Each person who:

(i) in the period from May 15, 2012 (three years before the date of filing of the original complaint in this case) until October 10, 2014; (ii) was arrested or prosecuted, or whose prosecution started before the Class Period and continued during and after the Class Period; (iii) in the District of Columbia; (iv) for a violation of any of the District's gun control laws; (v) outside their home or place of business; except that the following groups of people are excluded from the class:

1) persons who were convicted of a felony before their arrests or prosecutions;

2) persons who were convicted of a domestic violence misdemeanor within the five-year period before their arrests or prosecutions;

      3) persons who were subject to a judicial order compelling them to relinquish any firearms in their possession or barring them from possessing any firearms at the time of their arrests or prosecutions; and

      4) persons who were convicted of at least one felony or violent misdemeanor charge arising out of the arrest.

5.    The Court preliminarily finds that there is sufficient and reasonable justification for modifying the definitions of the Classes from the definitions in the Third Amended Complaint [114]. The changes make the case more administratively feasible and are consistent with well-reasoned caselaw. See, e.g., Fonder v. Sheriff of Kankakee Cty., 823 F.3d 1144, 1147 (7th Cir. 2016). Therefore, the class definitions will be revised to reflect the terms of the Settlement Agreement.

6.    If final approval does not result from the parties' Settlement, the Settlement Class certification and the Settlement Class Definition will be vacated without further action by the Court, without prejudice to the parties to request and oppose revisions to the Class Definitions as they might otherwise do without this Settlement.

### III.   Class Representatives and Class Counsel

7.    The Court appoints Maggie Smith, Gerard Cassagnol, Frederick Rouse, Delontay Davis, Kimberly Buffaloe, and Carl Atkinson as Class representatives for the Settlement Class.

8.    William Claiborne and Joseph Scrofano are appointed as Class Counsel. Class Counsel are authorized to act on behalf of the Classes with respect to all acts reasonably necessary to consummate the Settlement.

### IV.   Deadlines for Notice and Claims Period

9.    Except as may be modified by the Court, the following deadlines shall apply:

| | |
|---|---|
| Within 21 days after entry of this Order[1] | District shall provide the Settlement Agreement Database to Class Counsel and Class Administrator |
| Within 30 days after entry of this Order | The District shall wire $25,000.00 to Class Counsel William Claiborne for payment to the Class Administrator |
| Within 45 days after entry of this order | Initial Notice:<br>• Mailing Notice and Claim and Release Forms<br>• Sending Notice to Superior Court Trial Lawyers' Association and Superior Court Trial Lawyers Association email list<br>• Launching of website by Class Administrator |
| Within 45 days after the last day of mailing Notice and Claim and Release Form | Bar Date: Opt-Outs and Objections must be filed or received by this date |
| Within 120 days after the last day of mailing Notice and Claim and Release Form | Claims Filing Date: Claim and Release Forms must be received by this date |
| Within 30 days after the last day of mailing Notice and Claim and Release Forms | Filing of Plaintiffs' Motion for Award of Attorney's Fees and Costs |
| At least 10 days after the Bar Date | Final Approval and Fairness Hearing |

10.     In the event that Class Notice is not mailed and initially published within the time specified above, the subsequent dates will be deferred for the number of additional days before such notice occurs without the need for additional court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

---

[1] Any deadline in this schedule that falls on a non-business day shall be continued until the next business day.

11. The Court may approve the Settlement with such modifications and amend these dates as may be agreed to by the Parties, without further mailed notice to Class Members.

## V. Notice

12. The Court finds that the following proposed notice procedures set forth in the Settlement, and the form of notices attached as exhibits, satisfy due process, the requirements of Federal Rule of Civil Procedure 23, and the Class Action Fairness Act.

13. The Court directs that the Class Notice be provided to the members of the Class substantially in the manner specified in the Settlement Agreement and substantially in the form as attached as Exhibit B to the Settlement Agreement, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Notice for clarity and efficient mailing.

## VI. Class Administrator

14. JND Legal Administration ("JND") is approved and designated as the Class Administrator. JND shall be hired by Class Counsel from the funds paid by the District, up to $100,000.00, with $25,000.00 of this amount paid within 30 days of this order as set forth above in Paragraph 9 and in the Settlement in Paragraph 41.

## VII. Procedures for Claims, Objections, and Opt-Outs

15. Opt-Outs must be sent to and received by the Class Administrator within the deadline set forth above.

16. Claims, Claim and Release Forms, and any supporting documents the Claimant wishes to be considered must be received by the Class Administrator within the deadline set forth above. The Court approves the claims procedures set forth in the Settlement.

17. Objections to Settlement must be filed with the Court within the deadline set forth above and served on counsel of record. The objection must be in writing, must include the case name and number, the objector's name, address, telephone number (if any, or attorney's telephone), and email (if any, or attorney's email); a brief explanation of the reason for objection; be signed by the objector or his or her attorney; and include any documents the objector wishes to be considered in support of the objection. If the objector also wishes to testify and/or present evidence at the fairness hearing, the objection must so state, and identify each witness and document to be presented, together with a summary of the testimony expected from each witness. Such documents also must be served on counsel of record. Whether to permit such testimony or the presentation of such evidence rests in the discretion of the Court. Any Opposition or Response to Objections (including to objections to award of attorney's fees and costs) must be filed no later than 5 days before the Final Fairness Hearing.

18. Upon Final Approval, Class Members who do not opt out will be bound by the Settlement and Release in this case.

## VIII.   Final Fairness Hearing

19. All other pretrial proceedings in this action are stayed and suspended, except such proceedings as are provided for in the Settlement or which may be necessary to implement the terms of the Settlement or this Order.

20. The Court's preliminary approval of the Settlement shall be subject to further consideration at a hearing to be held before this Court on December 4, 2023, at 12:30 pm (Fairness Hearing). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

21. By no later than 10 days prior to the Fairness Hearing, Class Counsel and counsel for the Defendant shall file with the Court any papers in support of final approval of the settlement.

22. The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement at any time after the Fairness Hearing.

23. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.

24. If for any reason the Settlement is not finally approved by the Court or otherwise does not become effective, this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Settlement (except as provided in Paragraph 41 of the Settlement Agreement), and all proceedings in connection with the Settlement shall be without prejudice to the status quo ante rights of the Parties to the Litigation. In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

IT IS SO ORDERED.

_Royce C. Lamberth_
Royce C. Lamberth
United States Senior District Judge

[Signed by Judge Royce C. Lamberth, on ___August 28___ 2023.]