UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE SMITH<br><br>On behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>   v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>Defendant. | Civil Action No.: 15-737 (RCL) |

PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiffs hereby respectfully moves this Court pursuant to Fed. R. Civ. P. 23 Plaintiffs ask that the Court grant Plaintiffs' Motion for Award of Attorney's Fees and Costs as part of the Final Approval Order to be filed.

DISTRICT'S POSITION

Plaintiffs' counsel sought the District's position on the relief requested herein pursuant to LCvR 7(m) and as agreed in the Settlement Agreement the District does not oppose.

AWARD OF ATTORNEY'S FEES AND COSTS

The Attorney's Fees request is reasonable. Class counsel seek a fee in this case of $1,900,000, which is about 37 % of the "Settlement Amount" of $3,950,000, and only about 80% of the fee calculated according to the lodestar rate using the Terris, Pravlik & Millian Laffey matrix. The percentage itself, 37%, although toward the high end of the range of percentages awarded by courts, is nonetheless within the range of reasonable percentages

awarded by Courts in this District. *See, e.g., Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 7 (D.D.C. 2008); *In re Ampicillin Antitrust Litigation*, 526 F. Supp. 494, 498-499 (D.D.C. 1981) (awarding 45%, or about $3.3 million; noting that while the bulk of fee awards in antitrust cases are less than twenty-five percent, several courts have awarded more than forty percent of the settlement fund); *Advocate Health Care*, 2003 U.S. Dist. LEXIS 12344, at *25 (fee awards in common fund cases may range from 15% to 45%); *Hoyte v. Gov't of the D.C.*, 13-567 (CRC) (awarding class counsel William Claiborne 45% of a class fund of $3.95 million which amounted to a "negative" multiplier of .6).

Similarly, in this case, Class Counsel Claiborne's hours determined using the lodestar method would amount to a multiplier of less than 1. Using the "percentage of the fund" method to calculate their fees, *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265 (D.C. Cir. 1993), Class Counsel seeks a fee in this case of $1,900,000, which is 37% of the Settlement Amount of $5,100,000, the total amount the District is paying to settle the case. The requested fee will be paid out of the Settlement Amount. This fee award is reasonable using all of the yardsticks courts use to evaluate attorney's fees awards in class action cases using the "percentage of the fund" method: the percentage itself, 37%, although toward the high end of the range of percentages awarded by courts, is nonetheless within the range of reasonable percentages awarded in this District; Plaintiffs score high on all of the factors courts consider in evaluating the reasonableness of the percentage in attorney's fees awards; and a cross- check of the "percentage of the fund" fee against the "lodestar" fee shows that the "percentage of the fund" fee is a significant reduction of approximately 20% of the actual "lodestar" fee expended by Class Counsel on behalf of the Classes. Using last year's Laffey matrix as calculated by Terris, Pravlik & Millian for the period 6/1/2022 to 5/31/2023, Class Counsel William Claiborne's hourly rate for the period ending 5/31/2023 was $997 per hour. Class Counsel William Claiborne alone has billed 2,149 hours as of the end of the mediation, and estimates that he will have to spend an

additional 200 to 250 hours papering and administering the settlement. That yields a total lodestar fee of $2,293,100. The fee of $1,900,000 is only 80% of the lodestar fee of $2,293,100. Thus, this case is an outlier in that most "percentage of the fund" fee awards represent the "lodestar" fee multiplied by an enhancement factor (a multiplier) and courts check to ensure that the percentage award does not represent too much of a multiplier applied to the "lodestar fee." *Ceccone v. Equifax Info. Servs*. LLC, 2016 U.S. Dist. LEXIS 127942, at *34-35 (D.D.C. 2016); *Advocate Health Care*, 2003 U.S. Dist. LEXIS 12344, at *32. Courts routinely approve settlements where the portion of the settlement fund for attorney's fees results in an award that is 2-4 times higher than the lodestar amount under the lodestar cross-check. *Advocate Health Care*, 2003 U.S. Dist. LEXIS 12344, at *32 (noting that a fee award that is 1.15 or 1.36 times greater than the lodestar "falls near the low end of normal multipliers" and "multiples ranging up to four are frequently awarded in common fund cases when the lodestar method is applied") (internal quotation omitted). In contrast, there is no "multiplier" in this case because counsel is seeking an award of only 80% of the fees expended on behalf of the class. Thus, rather than applying a multiplier to increase the fee paid to Class Counsel, the "percentage of the fund" fee is a significant 20% reduction to the "lodestar fee."

  Attorney Joseph Scrofano billed about 155 hours on the case at a lodestar rate of $829 per hour (using last year's Laffey matrix as calculated by Terris, Pravlik & Millian for the period 6/1/2022 to 5/31/2023) for a total of $128,495.

  The amount of costs Plaintiffs seek approval is as set in the Settlement Agreement. Plaintiffs will present the final accounting to the Court in the motion for final approval.

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiffs ask that the Court grant Plaintiffs' Motion for Award of Attorney's Fees and Costs in the Final Approval Order which Plaintiffs will submit after the reaction of the class is known.

Respectfully submitted,

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Plaintiffs and the class
717 D Street, N.W.
Suite 300
Washington, DC 20004
Phone 202/824-0700
Email claibornelaw@gmail.com