UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH,**<br><br>On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>Defendant. | Civil Action No.: **15-737 (RCL)** |

## PLAINTIFFS' CONSENT MOTION TO MODIFY THE PRELIMINARY APPROVAL ORDER

Plaintiffs respectfully move the Court to modify the Preliminary Approval Order [ECF No. 170] pursuant to Fed. R. Civ. P. 6(a) and F.R.C.P. 23(d) or 23 (e): (1) to extend for 90 days the deadline for class members to file their claims beyond the current deadline (February 10, 2024), ¶ 9 until May 10, 2024; and (2) to amend the class definition, ¶ 4, to clarify that persons convicted on firearms offenses such as CPWL are not excluded from the class definition.

The extended deadline would be claims must be received on or before May 10, 2024.

The Parties also request the Court to set a status hearing for midway through the extended claims period, approximately March 25, 2024.

**CONSENT SOUGHT AND OBTAINED**

Plaintiffs asked the District to consent to the relief sought herein and the District does consent.

1

I. **Background.**

Plaintiffs, a class of individuals alleging among other claims that they were arrested, detained, and prosecuted pursuant to the District's unconstitutional gun control regime, filed suit in 2015. The parties reached a settlement agreement on August 5, 2023, which the Court preliminarily approved on August 25, 2023. See Joint Mot. For Prelim. Approval by the Court, [ECF No. 169], Ex. 1 [ECF No. 169-1] (Settlement Agreement, August 5, 2023) [hereinafter Settlement Agreement]; Prelim. Order of Approval of Settlement, [ECF No. 170] [hereinafter Prelim. Approval Order or Preliminary Approval Order].

The reaction rate of the class has been less than expected. One reason, Plaintiffs believe, is that, as detailed in Plaintiffs' Submission on Notice [ECF No. 178], approximately 713 notices were returned as undeliverable. Plaintiffs' Submission on Notice [ECF No. 178-1], pp. 7, 8. For notices returned as undeliverable, the Class Administrator searched the National Change of Address database, found new addresses for about half of these, and mailed new notices and claim forms. *Id.*

About 367 notices remain undeliverable because the Claims Administrator could not find addresses for them in the National Change of Address database. *Id.*

The District is currently taking steps to search for more current addresses for this group or at least social security numbers for them. The Claims Administrator will then resend notice to the updated "undeliverable" addresses after running reverse social security searches for addresses for absent class members for whom the District could not find updated addresses.

II. **Extension of deadline for submitting claims.**

Plaintiffs respectfully move the Court pursuant to Fed. R. Civ. P. 6(a) and F.R.C.P. 23(d) or 23 (e) to extend for 90 days the deadline for class members to file their claims beyond the

deadline (February 10, 2024) set out in the preliminary approval order [170], ¶ 9 for the reasons set forth below. The extended deadline would be claims must be received on or before May 10, 2024.

The absent class members who have not submitted claims have at least an equitable ownership right in their respective shares in the proposed recovery. In *Boeing Co. v. Van Gemert*, 444 U.S. 472, 481-82 (1980).

This motion is the first request for an extension. This motion is filed before the deadline for submitting claim forms set forth in the preliminary approval order and the final approval order.

The current deadline for submitting claim forms set forth in the preliminary approval order [ECF No. 170], ¶ 9 is that claim forms must be postmarked or received on or before February 10, 2024. https://www.smithvdcsettlement.com (website with dates).

The Court has not yet finally approved the proposed class action settlement nor entered a judgment in the case. Thus, there is no judgment entered in this case so there is no need for the Parties to satisfy the requirements of F.R.C.P. 60(b) governing relief from final judgments. *In re White*, 64 F.4th 302, 307 (D.C. Cir. 2023)(class certification orders are not final judgments); *cf. Barnes v. Government of the District of Columbia*, 06-315 (RCL)(granting Motion to extend deadline for filing claim forms for certain class members after final approval).

F.R.C.P. 23(d) separately or collectively 23 (e) grant the Court power to extend the deadline to submit a claim in compliance with the Court's Preliminary Approval Order especially where, as here, the Parties consent to the extension. *In re CenturyLink Sales Practices & Sec. Litig.*, 2020 U.S. Dist. LEXIS 114110, *14 (Minn. D.C. 2019)(reasonable to extend deadline to submit claim, object, or opt out for class members who may not have received notice until after

deadline due to a processing error). Because Plaintiffs' notice plan was reasonable, and individual notice is not required under the Rule 23 or the Due Process Clause, rather than extending the deadlines for opting out or objecting at this point, Plaintiffs propose waiting to see whether any class members request to opt out or object and dealing with the requests at that time.

After the District has provided Plaintiffs with any updated addresses or social security numbers for the class members whose notices were returned as undeliverable, and for whom the Claims Administrator could not find current addresses, the Claims Administrator will prepare the notices and resend them using the addresses the District provides or socials the District provides to look up new addresses.

Pursuant to Plaintiffs' original notice plan, the class administrator planned to send a reminder postcard reminding class members to submit their claims before the expiration of the deadline. Should the Court grant this motion, Plaintiffs will include in the reminder to class members a notice that the deadline for submitting claims has been extended. Plaintiffs will also post the extended deadline on the class website.

There will be minimal danger of prejudice to the other class members, just any delay in final approval on class members who submitted claim forms, and the delay should have minimal effect on judicial proceedings. *See* factors listed in *Weber v. Gov't Emples. Ins. Co.*, 262 F.R.D. 431, 447-448 (D.N.J. 2009).

### III. Amendment of class definition to remove ambiguity about class members convicted on firearms felonies but no other felonies in connection with their arrests.

The class definition as approved by the Court in the Proposed Preliminary Approval Order provides:

4

> Each person who: (i) in the period from May 15, 2012 (three years before the date of filing of the original complaint in this case) until October 10, 2014; (ii) was arrested or prosecuted, or whose prosecution started before the Class Period and continued during and after the Class Period; (iii) in the District of Columbia; (iv) for a violation of any of the District's gun control laws; (v) outside their home or place of business;
>
> except that the following groups of people are excluded from the class:
>
>> 1) persons who were convicted of a felony before their arrests or prosecutions;
>>
>> 2) persons who were convicted of a domestic violence misdemeanor within the five-year period before their arrests or prosecutions;
>>
>> 3) persons who were subject to a judicial order compelling them to relinquish any firearms in their possession or barring them from possessing any firearms at the time of their arrests or prosecutions; and
>>
>> 4) persons who were convicted of at least one felony or violent misdemeanor charge arising out of the arrest.

Preliminary Approval Order [ECF No. 170], ¶ 4.

The main clauses numbered (ii) through (v) are intended to include persons convicted on a violation of any of the District's gun control laws during the class period, such as "CPWL," D.C. Code § 22–4504 (carrying a pistol without a license). But the final exclusionary clause, number (4), excludes persons "who were convicted of at least one felony or violent misdemeanor charge arising out of the arrest." This clause is intended to exclude only class members who were convicted of any felony other than the firearms offense(s) which triggered their inclusion in the class in the first place.

At least one absent class member has enquired whether the final exclusionary clause excludes persons convicted only of firearms offenses such as felony CPWL. For the avoidance of doubt Plaintiffs ask the Court to amend paragraph (4) to read: "persons who were convicted of at

least one felony or violent misdemeanor charge arising out of the arrest. This exclusion does not apply to convictions solely for firearms charges under (i)–(v) above."

The Court has discretion to amend the class definition. *In re White*, 64 F.4th at 315 (Rule 23 charges district courts ultimately with "defin[ing] the class."). Amending the class definition will not prejudice any class definition who has already submitted a claim form. In contrast, amending the class definition has the potential to encourage more class members to submit claims.

Moreover, clarifying the class definition to remove ambiguity would resolve any potential preclusion issues that might arise from ambiguity about whether such people are covered by the class definition.

If the Court grants this motion Plaintiffs plan to post the amended class definition on the website with an explanation and to include the amended class definition with an explanation in the reminder notice Plaintiffs plan to send to the class members, and in the new notices the Claims Administrator plans to send to the remaining "undeliverable" notices for which the Claims Administrator can find updated addresses.

Getting a felony CPWL conviction vacated or even a misdemeanor conviction vacated could be a life-altering event for a person who was convicted of felony CPWL, and as a result is excluded from certain professions, trades, or jobs. A person whose arrest on CPWL is declared a legal nullity can use the declaration of nullity as a basis for vacating a conviction under CPWL (or attempt CPWL, or UF (unregistered firearm), or UA (unregistered ammunition)) under D.C. Code § 16-803.02(a)(1)(A)(i), which instructs the Court to grant a motion to seal in cases in which a person was arrested for, charged with, or convicted of a decriminalized or legalized offense, but not where the arrest was made "in connection with or [resulted] in any other District

of Columbia Official Code or District of Columbia Municipal Regulations charges or convictions against the person."

What this means from a practical standpoint, in the opinion of Mr. Scrofano, who handles about 50 expungement motions every year, is that any class member only convicted of CPWL (or attempt CPWL, UF, UA, etc.) could seek relief under the statute. Those charged with other offenses would have a chance at vacating their convictions under D.C. Code § 16-803.02(a)(2)(A) but would have to prove the additional element of it is in the interest of public justice to do so.

Many unions or trades or professions exclude persons with felony convictions. Many unions or trades or professions exclude even persons convicted of misdemeanors, or even because of arrests. For example, Cpl. Frederick Rouse almost lost his security clearance and Ms. Smith, a registered nurse, had to appear before the licensing board, solely because of misdemeanor arrests. *Smith v. District of Columbia*, 387 F. Supp. 3d 8, 14 (D.D.C. 2029).

**RELIEF REQUESTED**

Plaintiff respectfully moves this Court grant the relief requested herein.

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Plaintiffs and the Settlement Class
717 D Street, N.W.
#300
Washington, DC 20004
Phone 202/824-0700
Email claibornelaw@gmail.com