UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH, et al.**<br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>  v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA**<br><br>Defendant. | Civil Action No.: **15-737 (RCL)** |

## Class Counsel William Claiborne's Declaration on Fees

Class counsel seek a fee in this case of $1,900,000, which is about 37 % of the "Settlement Amount" of $5,100,000 without including the value of the declaratory relief in the Settlement Amount.

Including the value of the declaratory relief, $9,410,000, in the Settlement Amount brings the total value of the Settlement Amount for the class to $14,510,000. The amount of $1,900,000 is about 13% of the Settlement Amount of $9,410,000. Both of these percentages are within the range of percentages generally awarded by courts in percentage of the fee class actions in this Court. *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 7 (D.D.C. 2008).

Class Counsel Claiborne specifically declares that his billable time exceeds the agreed-to fee award in the proposed settlement. *See Rogers v. Lumina Solar, Inc.*, 2020 U.S. Dist. LEXIS 108259, *34 (D.D.C. 2020).

The lodestar cross-check is calculated three ways: (1) using just my hours at the 2023 rate; (2) using my hours and Mr. Scrofano's hours at the 2023 rate; and (3) using my hours and Mr. Scrofano's hours at the *2024* rate.

The multiples calculated using the three methods are:

|  | using just Class Counsel Claiborne's hours at the 2023 rate | using Class Counsel Claiborne's hours and Mr. Scrofano's hours at the 2023 rate | using my Class Counsel Claiborne's and Mr. Scrofano's hours at the *2024* rate |
|---|---|---|---|
| multiple | **.79 or about .8** | .75 | .7 |

**Lodestar cross-check methodology and calculations**

I performed a lodestar cross-check by: (1) calculating the fee based on the lodestar method, that is, multiplying the total number of hours billed by the applicable hourly rate; and then (2) dividing the fee by the total amount calculate by the lodestar method.

I performed the lodestar cross-check three ways: (1) using just my Class Counsel Claiborne's at the 2023 rate; (2) using Claiborne's hours and Mr. Scrofano's hours at the 2023 rate; and (3) using Claiborne's hours and Mr. Scrofano's hours at the *2024* rate.

**Class Counsel Claiborne's at the 2023 rate.**

I alone have billed 2,149 hours as of the end of the mediation, and I estimated in the Motion for Preliminary Approval and in the Motion for Attorney's Fees and Costs that I would spend an additional 250 hours papering the settlement and administering the claims process. That adds up to a total of 2,399 hours. The major events in the case are listed below.

My hourly rate for the period ending 5/31/2023 was $997 per hour based on last year's Laffey matrix as calculated by Terris, Pravlik & Millian for the period 6/1/2022 to 5/31/2023.

2,399 hours multiplied by $997 per hour is $2,391,803. Dividing $1,900,000 by $2,391,803 is 79%, or a multiple of .79 or about .8.

**Claiborne's hours and Mr. Scrofano's hours at the 2023 rate.**

Mr. Scrofano's 155 hours billed as of the Motion for Preliminary Approval (set forth in the Scrofano Decl. at the 2023 rate of $829 comes out to $128,340.

Adding $128,340 to $2,391,803 produces the sum of $2,520,143. Dividing $1,900,000 by $2,520,143 gives 75%, or a multiple of .75.

**Claiborne's hours and Mr. Scrofano's hours at the 2024 rate.**

If the 2024 hourly rates of each counsel are used the multiple is even lower.

Mr. Scrofano estimates that he has billed about 30 additional hours since the Motion for Preliminary Approval for a total of 185 hours at the 2024 rate of $878, resulting in a lodestar fee of $162,430.

My total hours of 2,399 hours multiplied by the 2024 rate of $1,057.00 per hour per hour is $2,535,743. Adding the two totals together yields $2,698,173.

Dividing $1,900,000 by $2,698,173 results in 70%, or a multiple of .7.

**Two competing matrices for establishing hourly lodestar rates in the District.**

There are two competing matrices for establishing hourly lodestar rates in the District. The Laffey Matrix as updated by Terris, Pravlik & Millian and the Fitzpatrick Matrix prepared for the U.S. Attorney's Office ("USAO").

The Fitzpatrick Matrix is the USAO's new matrix based on a new survey of hourly rates from complex litigation cases in the District. Under the current USAO Fitzpatrick Matrix, Class Counsel William Claiborne's hourly rate for 2023 (last year for which rate given) is $807 per hour. https://www.justice.gov/usao-dc/page/file/1504361/download

Under Terris, Pravlik & Millian updated Laffey Matrix for 2024, Class Counsel William Claiborne's hourly rate is $1,057. https://www.tpmlaw.com/lsi-laffey-matrix?rq=laffey

This Court applied the 2021 version of the Terris, Pravlik & Millian updated Laffey Matrix in *DL v. District of Columbia*, 05-cv-1437-RCL. *See* Order approving Plaintiffs' Consent Motion for an Award of Attorneys' Fees and Expenses for Work in the Second Half of 2021. [ECF No. 667, dated 8/12/22]; Terris, Pravlik & Millian Laffey Matrix, Exhibit 9 [ECF No. 662-9].

**Major events Class Counsel Claiborne spent time on are the following.**

Counsel interviewed prospective class representatives and researched the issues. Counsel filed the original complaint on May 15, 20215.

The parties litigated two motions to dismiss. [ECF Nos. 13, 23, 53]. Plaintiffs significantly amended the complaint in response to issues decided by *Wrenn*. *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017). [ECF No. 42].

The court issued the opinion [ECF No. 60] on the motion to dismiss the Second Amended Complaint granting in part and denying in part the motion to dismiss on May 16, 2019.

Plaintiffs filed a motion to reconsider [ECF No. 69] which the parties briefed, and the Court denied on November 27, 2024. The motion to reconsider shows the intensity with which Plaintiffs were litigating the case. [ECF No. 76].

Plaintiffs filed a motion for class action treatment [ECF No. 26] on November16, 2015. The Court denied the motion in an Order [ECF No. 38] entered September 30, 2016.

Plaintiffs also conducted discovery into the several of the District's databases and depositions of persons knowledgeable about the databases as well as persons knowledgeable about the District's practices.

Plaintiffs worked with an expert and data analysis team to understand the database discovery and compile lists and come up with protocols to winnow putative class members (all

persons arrested on firearms offenses were putative class members but only persons who had not lost their Second Amendment rights were actual class members). The parties spent several months discussing which party had the burden to identify and to exclude putative class members who had lost their Second Amendment rights or been disqualified from owning handguns before their arrests and were thus not eligible for inclusion the Second Amendment class. Plaintiffs conducted deposition into the District's arrest and booking practices and the Court's booking practices and the extent to which the District had collected or stored the criminal history records such as convictions of persons arrested for firearms offenses. Plaintiffs filed a motion to compel the data which the Parties thoroughly briefed. Ultimately the Court denied the motion to compel without prejudice and deferred resolution of the motion to compel until the damages phase of the case. Order [ECF No. 143].

Plaintiffs filed a motion for summary judgment [ECF No. 121] on March 16, 2021, and the District filed a cross motion for summary judgment [ECF No. 134] April 16, 2021. Class Counsel Claiborne spent many hours on the motion for summary judgment and opposing the District's cross motion for summary judgment.

The Court granted in part and denied in part each side's motion for summary judgment. The Court granted Plaintiffs' motion for summary judgment as to liability on the Second Amendment and the Fifth Amendment claims for arresting and prosecuting persons pursuant to the District's firearms laws including the laws prohibiting registering a handgun for use outside the home, prohibiting the carriage of a pistol and ammunition outside the home in an Order [ECF No. 142] entered 9/29/2021; Memorandum Opinion [ECF No. 141].

Class Counsel Claiborne also spent many hours mediation the case and working with the experts to compile class lists and the criminal histories of class members using available materials.

Since the Final Fairness Hearing on December 4, 2023 Class Counsel Claiborne has spent many hours with JND, the Claims Administrator trying to resolve notice issues, negotiating with the District about the declaratory relief, the extensions, and other issues, and preparing the submissions on notice [ECF No. 178] and the fairness of the proposed settlement [ECF No. 184].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S. Code § 1746.

Respectfully submitted,

/s/ William Claiborne
D.C. Bar #446579
Counsel for Plaintiffs and the Settlement Class

717 D Street, N.W.
Suite 300
Washington, D.C. 20004
Phone 202/824-0700
Email claibornelaw@gmail.com