# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGGIE SMITH,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>*Defendant*. | Civil Action No. 15-737 (RCL) |

## FINAL ORDER OF APPROVAL OF SETTLEMENT

The Court, having held the Fairness Hearing on December 4, 2023, and a Status Hearing on March 25, 2024, notice of the Fairness Hearing having been duly given in accordance with this Court's Preliminary Approval Order, the Court having considered all matters submitted to it at the Fairness Hearing and otherwise, there being no objections by Class Members to the proposed settlement, and finding no just reason for delay in entry of this Final Order of Approval of Settlement and good cause appearing therefore, it is hereby **ORDERED**:

1. This Order (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement. The Settlement Agreement was preliminarily approved by the Court's Order [170] entered on August 28, 2023 ("Preliminary Approval Order").

2. The Court incorporates herein by reference and ratifies the Preliminary Approval Order.

3. The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

4. Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. Class Counsel have made reasonable efforts to consult with members of the class.

**Class Certified Under Federal Rules of Civil Procedure 23(b)(3)**

5. This Court has preliminarily certified a Settlement Class in its Preliminary Order of Approval and Settlement. The class was preliminarily certified under Fed. R. Civ. Proc. 23(b)(3) and Class Members had the right to opt-out.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court found that the prerequisites for a class action had been met, *see In re White*, 64 F.4th 302, 315 (D.C. Cir. 2023), and preliminarily certified the following class for settlement purposes (the "Settlement Class"):

> Each person who: (i) in the period from May 15, 2012 (three years before the date of filing of the original complaint in this case) until October 10, 2014; (ii) was arrested or prosecuted, or whose prosecution started before the Class Period and continued during and after the Class Period; (iii) in the District of Columbia; (iv) for a violation of any of the District's gun control laws; (v) outside their home or place of business; except that the following groups of people are excluded from the class:
>
> 1) persons who were convicted of a felony before their arrests or prosecutions;
>
> 2) persons who were convicted of a domestic violence misdemeanor within the five-year period before their arrests or prosecutions;
>
> 3) persons who were subject to a judicial order compelling them to relinquish any firearms in their possession or barring them from possessing any firearms at the time of their arrests or prosecutions; and
>
> 4) persons who were convicted of at least one felony or violent misdemeanor charge arising out of the arrest. This exclusion does not apply to convictions solely for firearms charges under (i)-(v) above.

7. The Court preliminarily found that there was sufficient and reasonable justification for modifying the definitions of the Classes from the definitions in the Third Amended Complaint [114]. The changes made the case more administratively feasible and are consistent with governing caselaw. *See In re White*, 64 F.4th at 315. Therefore, the class definitions were revised to reflect the terms of the Settlement Agreement. On February 13, 2024, the class definition was further revised to clarify the scope of the exclusions. *See* Order [180].

**Settlement Agreement is Fair, Adequate, and Reasonable**

8. The Court hereby finds that the Settlement Agreement (including its exhibits and attachments) and the settlement contemplated thereby are the product of arm's length, good faith settlement negotiations between the Defendant and Class Counsel.

9. The Settlement Agreement [169-1] and the settlement set forth therein are hereby approved and found to be fair, adequate, and reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

10. The Court hereby finds and concludes that class notice was disseminated to members of the Class in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Approval Order. Additionally, after the Final Fairness Hearing on December 4, 2023, Class Counsel discussed with the Class Administrator strategies for identifying current addresses for Class Members. After the first mailing, the Class Administrator had 713 "undeliverable" notices, that is, notices that the Postal Service could not deliver or forward or provide another address for. Plaintiffs' Submission on Notice [ECF No. 178-1], p. 7. Using the National Change of Address Database and other resources, JND Class Action Administration ("JND") found an additional 290 addresses and delivered notice to 265 class

members in that group. JND mailed 1,717 reminder notices to potential class members on March 18, 2024.  Also, using Social Security number reverse-lookups, JND identified 41 new addresses from the undeliverable population and mailed those individuals the full notice packet on March 19, 2024. JND will also mail reminder notices to Class members who have not submitted claim forms. Class Counsel report that JND continues to process claims and Class Counsel expect the response rate to continue to increase over the extended claims period.  The Court further finds and concludes that the notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Class as contemplated by the Settlement Agreement and this Order.

11. The Court hereby finally approves the Settlement Agreement and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the settlement pursuant to the terms and conditions of the Settlement Agreement. The Court finds the financial terms of the settlement favorable to class members.

12. The fairness and adequacy of the settlement is reflected in the Class's satisfaction with the settlement. There were about 1,882 identified potential Class Members identified who were mailed Notice and Claim Forms.

13. As of Friday, March 21, 2024, the Class Administrator had received and processed a total of 184 Claim Forms. Claims continue to come in because the period for submitting claim forms will be extended until February 10, 2025. The reaction rate is very favorable compared to other similar class actions especially given the challenges posed by identifying class members in the first instance and by the nature of the class such as the transient nature of the Class Members.

The reaction rate and claims rate will likely go up because the Class Administrator is still mailing Notices, the Class Administrator will mail at least one more reminder, and the claims period is not yet over, so it is likely that more claims will be received. The extended deadline for receipt of Claim Forms will be February 10, 2025. There was not a single objection and no class member opted out. Thus, not a single class member expressed any type of dissatisfaction with any aspect of the Settlement. This is a highly favorable reaction by the class to the settlement. *See, e.g.*, *Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 362 (D.D.C. 2007) (50 opt outs and one objection out of 41,561 notices sent; the few number of opt outs and "existence of even a relatively few objections certainly counsels in favor of approval"); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 398-99 (D.D.C. 2002) (13 objectors and 14 opt outs from class in which over 13,000 copies of the class notice were sent; "[t]he fact that such an overwhelming majority of class members elected to stay in the class evidences a favorable reaction by the class to the settlement" and objections were not well taken and relatively low in numbers). These indicia of the approval of the class of the terms of the settlement support a finding of fairness under Rule 23 under any measure.

**Notice**

    14.    As required by the Court in its Preliminary Approval Order:

        (a)    Class and Settlement Notices were mailed to all potential class members or their representatives whose addresses could be obtained with reasonable diligence; and

        (b)    Class Settlement and Notices were published as provided for in the Settlement Agreement and Preliminary Approval Order.

15.     The Notice given to the class is hereby determined to be fully in compliance with both the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice given is further found to be the best notice practicable under the circumstances and, therefore, constitutes due and sufficient notice to all parties. Class Counsel circulated information about the class settlement among the Superior Court Trial Lawyers Association and the District of Columbia Public Defenders Service, two groups whose members represented many of the class members.

16.     Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the hearing, it is hereby determined that all Class Members are bound by this Final Order of Approval of Settlement.

**Class Counsel**

17.     The Court reaffirms appointment of William Claiborne and Joseph A. Scrofano as Class Counsel.

**Appointment of Class Administrator**

18.     Pursuant to the Preliminary Approval Order, JND was appointed to be the Class Administrator. The Court approves and affirms that appointment, finds that the Class Administrator was qualified, and has discharged its responsibilities as the Class Administrator. The Class Administrator, to the extent its duties are not yet completed, is authorized by this Order to complete those duties and to continue to receive payment for services rendered.

**General Provisions**

19. Claim Forms not actually received by the Class Administrator on or before February 10, 2025, shall not be paid, although such persons shall nonetheless be bound by this Order.

20. All Class Members shall be bound by this Order.

21. Except as provided by this Order, each party shall bear its own expenses and attorney's fees.

22. At the conclusion of the Class Distribution, the Class Administrator shall submit a report to the Court and the parties summarizing the payments made to the class and seeking any final administrative costs to be approved. The Distribution Plan set forth in ¶¶ 16 and 56 of the Settlement Agreement is modified as follows. The Class Administrator shall make an initial distribution for Verified Claims received on or before June 15, 2024. After June 15, 2024, the Class Administrator will pay claims as received on a rolling basis until all Verified Claims received on or before February 10, 2025 have been paid. If the SCM Fund, minus the amount designated as the Tritura SCM Fund Donation, is exhausted before all Verified Claims received on or before February 10, 2025 have been paid, the Class Administrator will halt payments until February 10, 2025, at which point it shall pay all remaining Verified Claims received on or before February 10, 2025 in a pro rata amount of the Tritura SCM Fund Donation based on the claimants' points. After all Verified Claims received on or before February 10, 2025 have been paid, the Class Administrator shall submit a report to the Court and the parties summarizing the payments made to the class and seeking any final administrative costs to be approved, and any remaining funds shall revert to Tritura and the District as provided in the Settlement Agreement.

**Final Approval of Settlement**

23. The Court finds that the parties satisfied the notice provisions set forth in the Preliminary Approval Order.

24. The settlement received a favorable reaction from the class. The reaction rate for the class is in line with this type of case. There were no objections or opt-outs.

25. The Court finds that an award of fees as negotiated and set forth in the Settlement Agreement is fair and reasonable, divided amongst the attorneys as they agree, and awards such fees and expenses.

26. The Court hereby finds that the Settlement Class Definition meets all the criteria under F.R.C.P. 23 (a) and (b)(3). *In re White*, 64 F.4th at 313. The Court finally approves the Settlement Class Definitions as follows:

Each person who:

(i) in the period from May 15, 2012 (three years before the date of filing of the original complaint in this case) until October 10, 2014; (ii) was arrested or prosecuted, or whose prosecution started before the Class Period and continued during and after the Class Period; (iii) in the District of Columbia; (iv) for a violation of any of the District's gun control laws; (v) outside their home or place of business; except that the following groups of people are excluded from the class:

1) persons who were convicted of a felony before their arrests or prosecutions;

2) persons who were convicted of a domestic violence misdemeanor within the five-year period before their arrests or prosecutions;

3) persons who were subject to a judicial order compelling them to relinquish any firearms in their possession or barring them from possessing any firearms at the time of their arrests or prosecutions; and

4) persons who were convicted of at least one felony or violent misdemeanor charge arising out of the arrest. This exclusion does not apply to convictions solely for firearms charges under (i)-(v) above.

**Payments**

27. The Court approves payments to be disbursed as follows, in the timing and manner set forth in the Settlement Agreement, by this Final Approval Order:

    (a)    $300,000.00 to the Class Representatives as compensation and as incentive awards;

    (b)    $295,809.89 for Litigation Expenses;

    (c)    $1,900,000.00 for Attorney's Fees;

    (d)    $100,000.00 for Administrative Expenses, minus the $25,000 already paid in accordance with ¶ 41 of the Settlement Agreement for providing Class Notice, with any amounts reasonably billed by the Class Administrator in excess of this amount for Administrative Expenses and approved by the Court to be paid out of the SCM Fund, as provided in ¶ 39(d) of the Settlement Agreement;

    (e)    $2,504,190.11 for the Class Fund, for payment of Verified Claims to Class Members.

28. The Court hereby dismisses this Lawsuit, with prejudice, and without fees or costs to any party except as otherwise expressly provided by the Settlement Agreement and in this Order.

29. This Order shall constitute a final order and have *res judicata* and collateral effect against all class members meeting the definition(s) above.

**Attorney's Fees and Expenses**

30. Upon consideration of Plaintiff's Consent Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Motion for an Award of Attorney's Fees in the amount of $1,900,000 [171], the Settlement Agreement, and the record of this case, the attorney's fees and expenses sought by Plaintiff are reasonable.

31. The awarded attorney's fees and expenses shall be allocated from the Settlement Amount and shall be remitted by the District of Columbia by wire to Class Counsel William Claiborne within 45 days of entry of this order to an account designated by Class Counsel, and allocated amongst Class Counsel by Class Counsel William Claiborne.

32. The Court orders that Class Counsel is awarded attorney's fees of $1,900,000 for the work performed for this case.

33. The Court orders that Class Counsel is awarded $438,714.83 for expenses incurred for this case. $142,904.94 of this amount shall constitute the Tritura SCM Fund Donation and shall be allocated to the SCM Fund, as reflected in Paragraph 27 of this Order. This amount shall be paid to Tritura only in the event that unclaimed funds remain after distributions to eligible class members who submit valid claims, and after any amounts invoiced by the Class Administrator for Administrative Expenses approved by the Court. Unclaimed SCM funds shall be paid to Tritura, up to the amount of the Tritura SCM Fund Donation, prior to any reversion of funds to the District of Columbia.

**Order declaring the arrest of each Class Member null and void and a legal nullity.**

34. The arrests of the Class Representatives and Class Members covered by the class definition are hereby declared null and void. Each of the aforementioned is authorized to deny the occurrence of their arrest, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception in response to any inquiry, whether posed orally or in writing. These rights accrue to the full benefit of any absent Class Member regardless of whether an individualized entry of a nullification order (paragraph below) is entered.

35. On a rolling basis as claims are approved and paid, Class Counsel will file with the Clerk of the Court, under seal, paper copies of draft orders, one for each Class Representative and

one for each Class Member: (1) who submitted a Claim and Release Forms that was approved for payment and paid by the Class Administrator; and (2) who was not convicted of any offense in connection with their arrest, bearing this case caption and stating as follows:

### ORDER

The arrest of [insert name, date of birth, and social security number] [arrest number and (where applicable) case number], in the District of Columbia is hereby declared null and void.

As provided in the Settlement Agreement of this case, [insert name] is authorized to deny the occurrence of their arrest without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception in response to any query, whether posed orally or in writing.

In accordance with the law of the District of Columbia, *see* D.C. Code § 16-802(i), the effect of this relief shall be to restore [insert name], in the contemplation of the law, to the status they occupied before being arrested or charged. No person as to whom such relief has been granted shall be held hereafter under any provision of law to be guilty of perjury or otherwise giving a false statement by reason of failure to recite or acknowledge their arrest, or charge, or trial in response to any inquiry made of them for any purpose.

The Class Administrator shall assist with the preparation and mailing of these orders.

36.     The Court shall retain jurisdiction of this case for the purposes of enforcing the rights of the Smith Class Representatives and Class Members regarding this expungement.

**SO ORDERED.**

Dated: _____                    _____
                                          ROYCE C. LAMBERTH
                                          United States Senior District Judge,
                                          District of Columbia