**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAGGIE SMITH, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> *Defendant*. | Civil Action No. 15-737 (RCL) |

**DEFENDANT'S MOTION FOR
PARTIAL SETTLEMENT FUND REVERSION**

Defendant District of Columbia (the District) moves under the final approval order and settlement agreement in this matter for a partial interim reversion of the settlement fund held by the class administrator JND Legal Administration (JND) in accordance with the reversion procedure outlined in the settlement agreement. Specifically, the Court should order JND to keep a reserve of $16,800, which will cover all outstanding claimant awards, plus an additional $400,000 to cover JND's potential additional administrative costs, and order that the remainder of the settlement fund proceed to reversion according to the settlement agreement.

This case was filed as a putative class action in 2015, and summary judgment in favor of Plaintiffs was granted on September 29, 2021. *See Smith v. District of Columbia*, 568 F. Supp. 3d 55, 68 (D.D.C. 2021). The Parties engaged in a substantial mediation process and reached a settlement agreement on August 25, 2023. *See* Settlement Agreement [169-1]. The Court granted preliminary approval on August 28, 2023. *See* Preliminary Order of Approval and Settlement [170]. After a period of notice, the Court then granted final approval to the settlement on April 4, 2024, which included certain modifications to the agreement, including an extension

of the claims period to February 10, 2025.  *See* Final Order of Approval of Settlement (Final Approval Order) [187] ¶¶ 13, 22.

As of the District's most recent update from JND, which was dated January 30, 2026, JND reports that it has issued payments to all eligible claimants.  However, not all of those payments have actually been claimed by the recipients.  Under the terms of the settlement agreement, eligible claimants have a total of 8 months to cash the checks or claim the electronic payments that have been sent to them, while JND makes reasonable efforts to contact the claimant to assist them in cashing or claiming those payments, including reissuing expired payments.  *See* Settlement Agreement ¶ 70.  JND has informed the District that this period will not expire until September 29, 2026, and that the amount of unclaimed payments that have been distributed is $16,800.00.  JND reports that the total amount remaining in the Settlement Fund is $1,867,581.63.

As such, because the total amount of outstanding claims will clearly not exhaust the Fund, the reversion protocol will apply to the remaining $1,850,781.63.[1]  As outlined in the Settlement Agreement, this is a three-tiered process.  *See* Settlement Agreement ¶ 56.  The first is that JND may be reimbursed for its final administrative costs, as may be approved by the Court. *Id*.; *see also* Final Approval Order ¶¶ 22, 27(d), 33.  JND has represented to the District that it cannot yet apply for its final administrative costs because it still needs to process certain of the nullification orders that were contemplated in the settlement agreement and Final Approval Order.  However, based on the District's communications with JND, as relayed through Class Counsel, it is unlikely that JND will incur additional final costs greater than $400,000, which is

---

[1]    This figure assumes that all of this $16,8000 will ultimately be claimed.  If not cashed or claimed after 10 months, unclaimed checks and electronic payments will revert to the District. *See* Settlement Agreement ¶ 70.

an amount four times greater than the amount JND was initially allocated.  *See* Settlement

Agreement ¶ 39(d) (designating $100,000 to be paid to JND for administrative costs).  Second,

Tritura is entitled to a certain portion of the litigation expenses which Plaintiffs incurred over the

course of the case, but which Tritura deferred claiming and instead contributed to the class fund.

Settlement Agreement ¶¶ 39(b)(i), 56 (allocating $142,904.94 for this amount, designated the

"Tritura SCM Fund Donation").  Finally, any remaining funds are to be reverted to the General

Fund of the District.  *Id*. ¶ 56.

As such, a portion of the fund can be reverted now while fully preserving all class

members', Parties', and JND's interests, while JND proceeds through its final administrative

tasks such as distributing the nullification orders.  The Court should designate $16,800 of the

remaining class fund to cover payment for the final outstanding claims, and an additional

$400,000 to be reserved for JND's potential final administrative costs, and direct that the

remaining fund, which totals $1,450,781.63, be reverted to Tritura and the District.  Once all

claims have been paid or the time for claiming payments has been fully exhausted, JND will

apply for its final administrative costs,[2] make a full report summarizing the payments it has made

to the class,[3] and any further remaining funds at that point can be reverted and the claims process

fully and finally closed.

The Court should approve this partial interim reversion because it preserves all parties'

rights to the payments outlined in the Settlement Agreement and Final Approval Order.  The

---

[2]    The District will review JND's submission, and reserves its right to object to the
reimbursement of final administrative costs to the extent that any of the costs sought may be
unreasonable or inadequately substantiated.

[3]    The District expects that this report should include information about the amount of any
interest that may have accrued to the Fund while it has remained under JND's administration.

District does not propose changing any substantive provision of the Settlement Agreement or Final Approval Order, such as the time or method designated for claimants to cash or claim their payments, or the amounts of those payments. Instead, this motion affects only the timeline for a portion of the remainder of the fund, to which no party other than Tritura or the District has any legal interest, to proceed to its ultimate disposition. Because all adjudicated class members' rights to their portions of the fund are fully protected, no supplemental notice procedure or hearing is necessary. *See Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 312 (D.D.C. 2015) (noting that notice and a hearing are not required for modifications to a class settlement if a proposed modification "would not materially alter the legal rights of any class member"). In particular, enough money will be kept in reserve to ensure that all valid claims can properly be paid out should claimants attempt to cash the payments which have been sent to them, or should such payments need to be reissued, and the universe of these claims is known because the claims process expired over a year ago. *See* Final Approval Order ¶¶ 13, 19 (setting the claims deadline to February 10, 2025). JND's interests are also protected by a supplemental reserve of $400,000 to cover its potential final administrative costs.

No other party, besides Tritura, has any interest or claim to the remainder of the class settlement fund, which exceeds by an order of magnitude the amount to be set aside for remaining liabilities to the class members and JND. *See id*. ¶ 39(b)(i); *Keepseagle*, 102 F. Supp. 3d at 315 ("Once a settlement agreement is final, all class members who presented their claims received the full payment due them, and those who did not present claims have waived their legal right to do so. Thus, the class has no further legal rights in the fund.") (quotation omitted); *see also Smallwood v. Yates*, 235 F. Supp. 3d 280, 287–88 (D.D.C. 2017). "An amendment that neither adds to the *res judicata* effect of a judgment by expanding the scope of covered claims

4

nor otherwise limits any legal right held by a class member need not be subject to a renewed Rule 23(e) process." *Keepseagle*, 102 F. Supp. 3d at 314.  This proposed interim reversion makes no change to the claims, rights, or payments of any class member; it only sends a portion of the extra, remaining funds to their proper destination now that it is clear they are unneeded for the satisfaction of any other involved party.

Pursuant to LCvR 7(m), counsel for Defendant has been in communication with counsel for Plaintiffs and the class, and through such counsel, JND, regarding the potential for a motion for an interim reversion since approximately August 2025, and inquired regarding Plaintiffs' and the class's position on this motion's specific proposed relief by email of May 11, 2026.  Although counsel for the District believed that the Parties were in agreement regarding an interim reversion, Plaintiffs' counsel has represented that he is in communication with JND regarding this motion, and in the process of obtaining a more up-to-date statement from JND.  As such, Plaintiffs and the class do not consent to the relief sought at this time, and have represented that they intend to file a response.

Pursuant to LCvR 7(a), this Motion contains all supporting points of law and authority. The Court should approve the interim reversion and enter the proposed order.

Dated:  May 22, 2026.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Brendan Heath*
BRENDAN HEATH [1619960]
Assistant Attorney General

5

400 6th Street, NW
Washington, D.C. 20001
(202) 442-9880
(202) 769-6157 (cell)
brendan.heath@dc.gov

*Counsel for the District of Columbia*